Gregory P. Sitrick
Arizona Bar No. 028756
gsitrick@messner.com
MESSNER REEVES LLP
1440 E. Missouri Ave., Ste C100
Phoenix, Arizona 85014
Telephone: (602) 457-5059
Facsimile: (303) 623-0552

Attorneys for Defendants Cozy Comfort
Company LLC, Michael Speciale, Brian
Speciale, and Counterclaim-Plaintiff
Cozy Comfort Company LLC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Top Brands LLC, Sky Creations LLC, E-Star LLC, Flying Star LLC, | **CASE NO.: 2:21-CV-00597-PHX-SPL** |
| Plaintiffs, | **HONORABLE STEVEN P. LOGAN** |
| v. | **ANSWER TO SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND COUNTERCLAIMS** |
| Cozy Comfort Company LLC, Brian Speciale, and Michael Speciale | |
| Defendants. | Demand for Jury Trial |
| Cozy Comfort Company LLC, | |
| Counterclaim-Plaintiff, | |
| v. | |
| Top Brands LLC, Sky Creations LLC, E-Star LLC, Flying Star LLC, John Ngan, XYZ Corporations, John Does, and Jane Does, | |
| Counterclaim-Defendants. | |

{05308024 / 7}

Defendants Cozy Comfort Company LLC ("Cozy Comfort"), Brian Speciale and Michael Speciale (collectively, "Defendants"), by and through their attorneys, hereby answer the Second Amended Complaint for Declaratory Judgment ("Complaint") of plaintiffs Top Brand, LLC, Sky Creations, LLC, E Star, LLC and Flying Star, LLC (collectively, "Plaintiffs"), and submit Counterclaims for patent infringement, trademark infringement and unfair competition against Plaintiffs and John Ngan, XYZ Corporations and John and Jane Does whom may also be associated with the use, marketing, sale, distribution or importation of associated brands of infringing oversized whole body blankets.

## DEFENDANTS' ANSWER

## GENERAL DENIAL

Unless specifically admitted below, Defendants deny each and every allegation set forth in the Complaint.  Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. Defendants deny that Plaintiffs are entitled to the relief requested or any other.

## NATURE OF THE ACTION

1.    Defendants admit that Plaintiffs' Complaint purports to bring an action under 35 U.S.C. § 271 but deny that Plaintiffs are entitled to any relief under that statute. To the extent that there are any additional factual averments that require a response, Defendants deny said averments.

2.    Defendants admit that Plaintiffs' Complaint purports to bring an action seeking such a determination, but deny that Plaintiffs are entitled to any such relief requested.  To the extent that there are any additional factual averments that require a response, Defendants deny said averments.

3.    Defendants admit that Plaintiffs' Complaint purports to bring an action under 35 U.S.C. § 271 but deny that Plaintiffs are entitled to any relief under that statute.

{05308024 / 7}

1    To the extent that there are any additional factual averments that require a response,

2    Defendants deny said averments.

3          4.      Defendants admit that Plaintiffs' Complaint purports to bring an action

4    seeking such a determination, but deny that Plaintiffs are entitled to any such relief

5    requested.  To the extent that there are any additional factual averments that require a

6    response, Defendants deny said averments.

7          5.      This paragraph references subject matter that is the subject of a pending

8    motion to dismiss.  As such, Defendants reserve their right to respond to this item until

9    after the motion is ruled upon and on that basis deny any allegations that are related to the

10   subject matter of the pending motion.

11         6.      This paragraph references subject matter that is the subject of a pending

12   motion to dismiss.  As such, Defendants reserve their right to respond to this item until

13   after the motion is ruled upon and on that basis deny any allegations that are related to the

14   subject matter of the pending motion.

15         7.      This paragraph references subject matter that is the subject of a pending

16   motion to dismiss.  As such, Defendants reserve their right to respond to this item until

17   after the motion is ruled upon and on that basis deny any allegations that are related to the

18   subject matter of the pending motion.

19         8.      This paragraph references subject matter that is the subject of a pending

20   motion to dismiss.  As such, Defendants reserve their right to respond to this item until

21   after the motion is ruled upon and on that basis deny any allegations that are related to the

22   subject matter of the pending motion.

23         9.      Defendants admit that Plaintiffs' Complaint purports to bring an action

24   under 35 U.S.C. § 292 but deny that Plaintiffs are entitled to any relief under that statute.

25   To the extent that there are any additional factual averments that require a response,

26   Defendants deny said averments.

27         10.     This paragraph contains legal conclusions to which no response is required.

28         11.     This paragraph contains legal conclusions to which no response is required.

3

12.     Upon information and belief, Defendants admit that Exhibit A appears to be a photocopy of the '788 patent.  To the extent that there are any additional factual averments that require a response, Defendants deny said averments.

13.     Upon information and belief, Defendants admit that Exhibit B appears to be a photocopy of most of the file wrapper for the '788 patent.  To the extent that there are any additional factual averments that require a response, Defendants deny said averments.

14.     Upon information and belief, Defendants admit that Exhibit C appears to be a photocopy of the '380 patent.  To the extent that there are any additional factual averments that require a response, Defendants deny said averments.

15.     Upon information and belief, Defendants admit that Exhibit D appears to be a photocopy of most of the file wrapper for the '380 patent.  To the extent that there are any additional factual averments that require a response, Defendants deny said averments.

16.     This paragraph references subject matter that is the subject of a pending motion to dismiss.  As such, Defendants reserve their right to respond to this item until after the motion is ruled upon and on that basis deny any allegations that are related to the subject matter of the pending motion.

17.     This paragraph references subject matter that is the subject of a pending motion to dismiss.  As such, Defendants reserve their right to respond to this item until after the motion is ruled upon and on that basis deny any allegations that are related to the subject matter of the pending motion.

18.     This paragraph references subject matter that is the subject of a pending motion to dismiss.  As such, Defendants reserve their right to respond to this item until after the motion is ruled upon and on that basis deny any allegations that are related to the subject matter of the pending motion.

19.     This paragraph references subject matter that is the subject of a pending motion to dismiss.  As such, Defendants reserve their right to respond to this item until

4

1  after the motion is ruled upon and on that basis deny any allegations that are related to the

2  subject matter of the pending motion.

3      20.    Upon information and belief, Defendants admit that Exhibit I appears to be

4  a photocopy of the '431 patent.  To the extent that there are any additional factual

5  averments that require a response, Defendants deny said averments.

6      21.    Upon information and belief, Defendants admit that Exhibit J appears to be

7  a photocopy of most of the file wrapper for the '431 patent.  To the extent that there are

8  any additional factual averments that require a response, Defendants deny said

9  averments.

10  **THE PARTIES**

11      22.    Defendants lack sufficient information to form a belief as to the truth of the

12  allegations recited in this paragraph, and on that basis, deny them.

13      23.    Defendants lack sufficient information to form a belief as to the truth of the

14  allegations recited in this paragraph, and on that basis, deny them.

15      24.    Defendants lack sufficient information to form a belief as to the truth of the

16  allegations recited in this paragraph, and on that basis, deny them.

17      25.    Defendants lack sufficient information to form a belief as to the truth of the

18  allegations recited in this paragraph, and on that basis, deny them.

19      26.    Defendants lack sufficient information to form a belief as to the truth of the

20  allegations recited in this paragraph, and on that basis, deny them.

21      27.    Defendants lack sufficient information to form a belief as to the truth of the

22  allegations recited in this paragraph, and on that basis, deny them.

23      28.    Defendants lack sufficient information to form a belief as to the truth of the

24  allegations recited in this paragraph, and on that basis, deny them.

25      29.    Defendants lack sufficient information to form a belief as to the truth of the

26  allegations recited in this paragraph, and on that basis, deny them.

27      30.    Defendants admit that the '900 Patent was cited as prior art in the '788 but

28  deny the remainder of the paragraph.

{05308024 / 7}

31.     Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

32.     Defendants admit that Cozy Comfort is a limited liability company organized under the laws of Arizona.

33.     Defendants deny the allegations set forth in this paragraph.

34.     Defendants deny the allegations set forth in this paragraph.

35.     Admit.

36.     Admit.

37.     Defendants deny the allegations set forth in this paragraph.

38.     Defendants deny the allegations set forth in this paragraph.

39.     Admit

40.     Defendants deny the allegations set forth in this paragraph.

41.     Defendants deny the allegations set forth in this paragraph.

42.     Admit that there appears to be some error with the USPTO's search as of the date of the Second Amended Complaint.  Defendants deny any remaining allegations and deny (that as of the date of this Answer) that the assignment is not available through the USPTO search website and deny any implication that it was not recorded in September 2017.

43.     This paragraph contains legal conclusions to which no response is required.

44.     Defendants deny the allegations set forth in this paragraph.

45.     Defendants deny the allegations set forth in this paragraph.

46.     Defendants admit that their products do not infringe any claim of the '788 Patent because Defendant Cozy Comfort owns and, thus, is authorized to practice the '788 Patent.

1

**JURISDICTION AND VENUE**

2          47.     This paragraph contains legal conclusions to which no response is required.

3          48.     Defendants admit that this action arises under the Patent Laws of the United

4    States, 35 U.S.C. §§100 et. seq.  Defendants admit that this Court has jurisdiction for the

5    limited purpose of this action pursuant to 28 U.S.C. §§1331 and 1338(a).

6          49.     Defendants admit that products are sold within Illinois.

7          50.     This paragraph contains legal conclusions to which no response is required.

8          51.  This paragraph contains legal conclusions to which no response is required.

9    To the extent an answer is required, each Defendant, individually and collectively, denies

10   that the Court in question has personal jurisdiction over them.

11         52.     Admit.

12         53.     Admit.

13         54.     Admit.

14         55.     Admit.

15         56.     Defendants lack sufficient information to form a belief as to the truth of the

16   allegations recited in this paragraph, and on that basis, deny them.

17         57.     Defendants deny the allegations set forth in this paragraph.

18         58.     Defendants deny the allegations set forth in this paragraph.

19         59.     To the extent this subsection refers to the "district" as Illinois, as can be

20   gleaned by the prior paragraphs, Defendants deny the allegations set forth in this

21   paragraph.

22         60.     Defendants deny the allegations set forth in this paragraph.

23         61.     This paragraph contains legal conclusions to which no response is required.

24         62.     This paragraph contains legal conclusions to which no response is required.

25   To the extent that there are any additional factual averments that require a response,

26   Defendants deny said averments.

27

28

{05308024 / 7}

1

**ANSWER TO GENERAL ALLEGATIONS**

2      63.    Defendants lack sufficient information to form a belief as to the truth of the

3  allegations recited in this paragraph, and on that basis, deny them.

4      64.    Defendants deny the allegations set forth in this paragraph.

5      65.    Defendants lack sufficient information to form a belief as to the truth of the

6  allegations recited in this paragraph, and on that basis, deny them.

7      66.    Defendants lack sufficient information to form a belief as to the truth of the

8  allegations recited in this paragraph, and on that basis, deny them.

9      67.    Admit.

10     68.    Admit.

11     69.    Admit.

12     70.    Defendants lack sufficient information to form a belief as to the truth of the

13  allegations recited in this paragraph, and on that basis, deny them.

14     71.    Defendants deny the allegations set forth in this paragraph.

15     72.    Defendants lack sufficient information to form a belief as to the truth of the

16  allegations recited in this paragraph, and on that basis, deny them.

17     73.    Defendants deny the allegations set forth in this paragraph.

18     74.    Defendants admit that a letter was transmitted on November 13, 2019.

19  Defendants deny the remainder of the allegations of this paragraph.

20     75.    Defendants deny the allegations set forth in this paragraph.

21     76.    Defendants deny the allegations set forth in this paragraph.

22     77.    Defendants deny the allegations set forth in this paragraph.

23     78.    Defendants deny the allegations set forth in this paragraph.

24     79.    Defendants deny the allegations set forth in this paragraph.

25     80.    Defendants deny the allegations set forth in this paragraph.

26     81.    Defendants deny the allegations set forth in this paragraph.

27     82.    Defendants deny the allegations set forth in this paragraph.

28     83.    Defendants deny the allegations set forth in this paragraph.

{05308024 / 7}

84.     Defendants deny the allegations set forth in this paragraph.

85.     Defendants deny the allegations set forth in this paragraph.

86.     Defendants deny the allegations set forth in this paragraph.

87.     Defendants deny the allegations set forth in this paragraph.

88.     Defendants deny the allegations set forth in this paragraph.

89.     Defendants deny the allegations set forth in this paragraph.

90.     Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

91.     Defendants deny the allegations set forth in this paragraph.

92.     Defendants deny the allegations set forth in this paragraph.

93.     Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

94.     Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

95.     Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

96.     Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

97.     Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

98.     Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

99.     Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

100.    Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

101.    Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

{05308024 / 7}

102.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

103.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

104.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

105.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

106.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

107.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

108.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

109.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

110.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

111.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

112.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

113.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

114.   Defendants deny the allegations set forth in this paragraph.

115.   Defendants deny the allegations set forth in this paragraph.

116.   Defendants deny the allegations set forth in this paragraph.

117.   Defendants deny the allegations set forth in this paragraph.

{05308024 / 7}

118.    Cozy Comfort admits that it has received letters purporting to demand that Cozy Comfort produce claim charts with respect to patents not asserted by Cozy Comfort in this action and on a timeframe inconsistent with the parties' agreed upon scheduling order jointly submitted to this Court. Cozy Comfort admits it has denied all such demands. To the extent any additional averments are made in this paragraph, Defendants are without knowledge of their veracity and deny them on that basis.

119.    Cozy Comfort admits that it has received letters purporting to demand that Cozy Comfort produce claim charts with respect to patents not asserted by Cozy Comfort in this action and on a timeframe inconsistent with the parties' agreed upon scheduling order jointly submitted to this Court. Cozy Comfort admits it has denied all such demands. To the extent any additional averments are made in this paragraph, Defendants are without knowledge of their veracity and deny them on that basis.

120.    Cozy Comfort admits that it has received letters purporting to demand that Cozy Comfort produce claim charts with respect to patents not asserted by Cozy Comfort in this action and on a timeframe inconsistent with the parties' agreed upon scheduling order jointly submitted to this Court. Cozy Comfort admits it has denied all such demands. Cozy Comfort admits Plaintiff's products infringe the '788 Patent. To the extent any additional averments are made in this paragraph, Defendants are without knowledge of their veracity and deny them on that basis.

121.    Defendants deny that the claims asserted in this action fail to put Plaintiffs on notice of the claims against them. To the extent any additional averments are made in this paragraph, Defendants are without knowledge of their veracity and deny them on that basis.

122.    Defendants deny the allegations set forth in this paragraph.

**ANSWER TO FIRST CLAIM FOR RELIEF**

123.    In response to Paragraph 123 of the Complaint, Defendants incorporate its response to Paragraphs 1 through 122 as if set forth fully herein.

124.    Defendants deny the allegations set forth in this paragraph.

11

{05308024 / 7}

1   125. This paragraph contains legal conclusions to which no response is required.

2 To the extent that there are any additional factual averments that require a response,

3 Defendants deny said averments.

4   126. This paragraph contains legal conclusions to which no response is required.

5 To the extent that there are any additional factual averments that require a response,

6 Defendants deny said averments.

7   127. Defendants deny the allegations set forth in this paragraph.

8   128. Defendants deny the allegations set forth in this paragraph.

9   129. Defendants deny the allegations set forth in this paragraph.

10   130. Defendants deny the allegations set forth in this paragraph.

11   131. Defendants deny the allegations set forth in this paragraph.

12   132. Defendants deny the allegations set forth in this paragraph.

13         **ANSWER TO SECOND CLAIM FOR RELIEF**

14   133. In response to Paragraph 133 of the Complaint, Defendants incorporate its

15 response to Paragraphs 1 through 132 as if set forth fully herein.

16   134. Admit.

17   135. Defendants deny the allegations set forth in this paragraph.

18   136. Defendants deny the allegations set forth in this paragraph.

19   137. Defendants deny the allegations set forth in this paragraph.

20   138. Defendants deny the allegations set forth in this paragraph.

21   139. Defendants deny the allegations set forth in this paragraph.

22   140. Defendants deny the allegations set forth in this paragraph.

23   141. Defendants deny the allegations set forth in this paragraph.

24   142. This paragraph contains legal conclusions to which no response is required.

25 To the extent that there are any additional factual averments that require a response,

26 Defendants deny said averments.

27

28

{05308024 / 7}

143.    This paragraph contains legal conclusions to which no response is required. To the extent that there are any additional factual averments that require a response, Defendants deny said averments.

## ANSWER TO THIRD CLAIM FOR RELIEF

144.    In response to Paragraph 144 of the Complaint, Defendants incorporate its response to Paragraphs 1 through 143 as if set forth fully herein.

145.    Admit.

146.    Defendants admit the patent office mailed a notice of allowance on June 5, 2019 for the patent application that matured into the '788 patent.  To the extent that there are any additional factual averments that require a response, Defendants deny said averments.

147.    Admit.

148.    Defendants deny the allegations set forth in this paragraph.

149.    Defendants deny the allegations set forth in this paragraph.

150.    Defendants deny the allegations set forth in this paragraph.

151.    Defendants deny the allegations set forth in this paragraph.

152.    Defendants deny the allegations set forth in this paragraph.

153.    Defendants deny the allegations set forth in this paragraph.

154.    Defendants deny the allegations set forth in this paragraph.

## ANSWER TO FOURTH CLAIM FOR RELIEF

155.    In response to Paragraph 155 of the Complaint, Defendants incorporate its response to Paragraphs 1 through 154 as if set forth fully herein.

156.    Defendants deny the allegations set forth in this paragraph.

157.    This paragraph contains legal conclusions to which no response is required. To the extent that there are any additional factual averments that require a response, Defendants deny said averments.

{05308024 / 7}

158.    This paragraph contains legal conclusions to which no response is required. To the extent that there are any additional factual averments that require a response, Defendants deny said averments.

159.    Defendants deny the allegations set forth in this paragraph.

**ANSWER TO FIFTH CLAIM FOR RELIEF**

160.    In response to Paragraph 160 of the Complaint, Defendants incorporate its response to Paragraphs 1 through 159 as if set forth fully herein.

161.    This paragraph contains legal conclusions to which no response is required. To the extent that there are any additional factual averments that require a response, Defendants deny said averments.

162.    Admit.

163.    Admit.

164.    Admit.

165.    Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

166.    Defendants deny the allegations set forth in this paragraph.

167.    Defendants deny the allegations set forth in this paragraph.

168.    Defendants deny the allegations set forth in this paragraph.

169.    Defendants deny the allegations set forth in this paragraph.

170.    Defendants deny the allegations set forth in this paragraph.

171.    Defendants deny the allegations set forth in this paragraph.

172.    This paragraph contains legal conclusions to which no response is required. To the extent that there are any additional factual averments that require a response, Defendants deny said averments.

173.    Defendants deny the allegations set forth in this paragraph.

174.    Defendants deny the allegations set forth in this paragraph.

175.    Defendants deny the allegations set forth in this paragraph.

176.    Defendants deny the allegations set forth in this paragraph.

{05308024 / 7}

1    177.    Defendants deny the allegations set forth in this paragraph.

2    178.    Defendants deny the allegations set forth in this paragraph.

3    179.    This paragraph contains legal conclusions to which no response is required.

4    To the extent that there are any additional factual averments that require a response,

5    Defendants deny said averments.

6                    **ANSWER TO SIXTH CLAIM FOR RELIEF**

7    180.    In response to Paragraph 180 of the Complaint, Defendants incorporate its

8    response to Paragraphs 1 through 179 as if set forth fully herein.

9    181.    Defendants deny the allegations set forth in this paragraph.

10    182.    Defendants deny the allegations set forth in this paragraph.

11    183.    Defendants deny the allegations set forth in this paragraph.

12    184.    Defendants deny the allegations set forth in this paragraph.

13    185.    Defendants deny the allegations set forth in this paragraph.

14    186.    Defendants deny the allegations set forth in this paragraph.

15    187.    Defendants deny the allegations set forth in this paragraph.

16    188.    Defendants deny the allegations set forth in this paragraph.

17    189.    Defendants deny the allegations set forth in this paragraph.

18    190.    Defendants deny the allegations set forth in this paragraph.

19    191.    Defendants deny the allegations set forth in this paragraph.

20    192.    Defendants deny the allegations set forth in this paragraph.

21    193.    Defendants deny the allegations set forth in this paragraph.

22    194.    Defendants deny the allegations set forth in this paragraph.

23    195.    Defendants deny the allegations set forth in this paragraph.

24    196.    Defendants deny the allegations set forth in this paragraph.

25    197.    Defendants deny the allegations set forth in this paragraph.

26    198.    Defendants deny the allegations set forth in this paragraph.

27

28

{05308024 / 7}

1

**ANSWER TO SEVENTH CLAIM FOR RELIEF**

2      199.   In response to Paragraph 199 of the Complaint, Defendants incorporate its

3  response to Paragraphs 1 through 198 as if set forth fully herein.

4      200.   This paragraph references subject matter that is the subject of a pending

5  motion to dismiss.  As such, Defendants reserve their right to respond to this item until

6  after the motion is ruled upon and on that basis deny any allegations that are related to the

7  subject matter of the pending motion.

8      201.   This paragraph references subject matter that is the subject of a pending

9  motion to dismiss.  As such, Defendants reserve their right to respond to this item until

10  after the motion is ruled upon and on that basis deny any allegations that are related to the

11  subject matter of the pending motion.

12      202.   This paragraph references subject matter that is the subject of a pending

13  motion to dismiss.  As such, Defendants reserve their right to respond to this item until

14  after the motion is ruled upon and on that basis deny any allegations that are related to the

15  subject matter of the pending motion.

16      203.   This paragraph references subject matter that is the subject of a pending

17  motion to dismiss.  As such, Defendants reserve their right to respond to this item until

18  after the motion is ruled upon and on that basis deny any allegations that are related to the

19  subject matter of the pending motion.

20

**ANSWER TO EIGHTH CLAIM FOR RELIEF**

21      204.   In response to Paragraph 204 of the Complaint, Defendants incorporate its

22  response to Paragraphs 1 through 203 as if set forth fully herein.

23      205.   This paragraph references subject matter that is the subject of a pending

24  motion to dismiss.  As such, Defendants reserve their right to respond to this item until

25  after the motion is ruled upon and on that basis deny any allegations that are related to the

26  subject matter of the pending motion.

27      206.   This paragraph references subject matter that is the subject of a pending

28  motion to dismiss.  As such, Defendants reserve their right to respond to this item until

{05308024 / 7}

1  after the motion is ruled upon and on that basis deny any allegations that are related to the

2  subject matter of the pending motion.

3       207.   This paragraph references subject matter that is the subject of a pending

4  motion to dismiss.  As such, Defendants reserve their right to respond to this item until

5  after the motion is ruled upon and on that basis deny any allegations that are related to the

6  subject matter of the pending motion.

7       208.   This paragraph references subject matter that is the subject of a pending

8  motion to dismiss.  As such, Defendants reserve their right to respond to this item until

9  after the motion is ruled upon and on that basis deny any allegations that are related to the

10  subject matter of the pending motion.

11       209.   This paragraph references subject matter that is the subject of a pending

12  motion to dismiss.  As such, Defendants reserve their right to respond to this item until

13  after the motion is ruled upon and on that basis deny any allegations that are related to the

14  subject matter of the pending motion.

15       210.   This paragraph references subject matter that is the subject of a pending

16  motion to dismiss.  As such, Defendants reserve their right to respond to this item until

17  after the motion is ruled upon and on that basis deny any allegations that are related to the

18  subject matter of the pending motion.

19       211.   This paragraph references subject matter that is the subject of a pending

20  motion to dismiss.  As such, Defendants reserve their right to respond to this item until

21  after the motion is ruled upon and on that basis deny any allegations that are related to the

22  subject matter of the pending motion.

23       212.   This paragraph references subject matter that is the subject of a pending

24  motion to dismiss.  As such, Defendants reserve their right to respond to this item until

25  after the motion is ruled upon and on that basis deny any allegations that are related to the

26  subject matter of the pending motion.

27

28

{05308024 / 7}

1

**ANSWER TO NINTH CLAIM FOR RELIEF**

2   213.   In response to Paragraph 213 of the Complaint, Defendants incorporate its

3   response to Paragraphs 1 through 212 as if set forth fully herein.

4   214.   This paragraph references subject matter that is the subject of a pending

5   motion to dismiss.  As such, Defendants reserve their right to respond to this item until

6   after the motion is ruled upon and on that basis deny any allegations that are related to the

7   subject matter of the pending motion.

8   215.   This paragraph references subject matter that is the subject of a pending

9   motion to dismiss.  As such, Defendants reserve their right to respond to this item until

10  after the motion is ruled upon and on that basis deny any allegations that are related to the

11  subject matter of the pending motion.

12  216.   This paragraph references subject matter that is the subject of a pending

13  motion to dismiss.  As such, Defendants reserve their right to respond to this item until

14  after the motion is ruled upon and on that basis deny any allegations that are related to the

15  subject matter of the pending motion.

16

**ANSWER TO TENTH CLAIM FOR RELIEF**

17  217.   In response to Paragraph 217 of the Complaint, Defendants incorporate its

18  response to Paragraphs 1 through 216 as if set forth fully herein.

19  218.   This paragraph references subject matter that is the subject of a pending

20  motion to dismiss.  As such, Defendants reserve their right to respond to this item until

21  after the motion is ruled upon and on that basis deny any allegations that are related to the

22  subject matter of the pending motion.

23  219.   This paragraph references subject matter that is the subject of a pending

24  motion to dismiss.  As such, Defendants reserve their right to respond to this item until

25  after the motion is ruled upon and on that basis deny any allegations that are related to the

26  subject matter of the pending motion.

27  220.   This paragraph references subject matter that is the subject of a pending

28  motion to dismiss.  As such, Defendants reserve their right to respond to this item until

18

after the motion is ruled upon and on that basis deny any allegations that are related to the subject matter of the pending motion.

221.    This paragraph references subject matter that is the subject of a pending motion to dismiss.  As such, Defendants reserve their right to respond to this item until after the motion is ruled upon and on that basis deny any allegations that are related to the subject matter of the pending motion.

## ANSWER TO ELEVENTH CLAIM FOR RELIEF

222.    In response to Paragraph 222 of the Complaint, Defendants incorporate its response to Paragraphs 1 through 221 as if set forth fully herein.

223.    This paragraph references subject matter that is the subject of a pending motion to dismiss.  As such, Defendants reserve their right to respond to this item until after the motion is ruled upon and on that basis deny any allegations that are related to the subject matter of the pending motion.

224.    This paragraph references subject matter that is the subject of a pending motion to dismiss.  As such, Defendants reserve their right to respond to this item until after the motion is ruled upon and on that basis deny any allegations that are related to the subject matter of the pending motion.

225.    This paragraph references subject matter that is the subject of a pending motion to dismiss.  As such, Defendants reserve their right to respond to this item until after the motion is ruled upon and on that basis deny any allegations that are related to the subject matter of the pending motion.

226.    This paragraph references subject matter that is the subject of a pending motion to dismiss.  As such, Defendants reserve their right to respond to this item until after the motion is ruled upon and on that basis deny any allegations that are related to the subject matter of the pending motion.

227.    This paragraph references subject matter that is the subject of a pending motion to dismiss.  As such, Defendants reserve their right to respond to this item until

{05308024 / 7}

1    after the motion is ruled upon and on that basis deny any allegations that are related to the
2    subject matter of the pending motion.

3        228.    This paragraph references subject matter that is the subject of a pending
4    motion to dismiss.  As such, Defendants reserve their right to respond to this item until
5    after the motion is ruled upon and on that basis deny any allegations that are related to the
6    subject matter of the pending motion.

7        229.    This paragraph references subject matter that is the subject of a pending
8    motion to dismiss.  As such, Defendants reserve their right to respond to this item until
9    after the motion is ruled upon and on that basis deny any allegations that are related to the
10   subject matter of the pending motion.

11       230.    This paragraph references subject matter that is the subject of a pending
12   motion to dismiss.  As such, Defendants reserve their right to respond to this item until
13   after the motion is ruled upon and on that basis deny any allegations that are related to the
14   subject matter of the pending motion.

15       231.    This paragraph references subject matter that is the subject of a pending
16   motion to dismiss.  As such, Defendants reserve their right to respond to this item until
17   after the motion is ruled upon and on that basis deny any allegations that are related to the
18   subject matter of the pending motion.

19       232.    This paragraph references subject matter that is the subject of a pending
20   motion to dismiss.  As such, Defendants reserve their right to respond to this item until
21   after the motion is ruled upon and on that basis deny any allegations that are related to the
22   subject matter of the pending motion.

23       233.    This paragraph references subject matter that is the subject of a pending
24   motion to dismiss.  As such, Defendants reserve their right to respond to this item until
25   after the motion is ruled upon and on that basis deny any allegations that are related to the
26   subject matter of the pending motion.

27       234.    This paragraph references subject matter that is the subject of a pending
28   motion to dismiss.  As such, Defendants reserve their right to respond to this item until

{05308024 / 7}

after the motion is ruled upon and on that basis deny any allegations that are related to the subject matter of the pending motion.

235.   This paragraph references subject matter that is the subject of a pending motion to dismiss.  As such, Defendants reserve their right to respond to this item until after the motion is ruled upon and on that basis deny any allegations that are related to the subject matter of the pending motion.

236.   This paragraph references subject matter that is the subject of a pending motion to dismiss.  As such, Defendants reserve their right to respond to this item until after the motion is ruled upon and on that basis deny any allegations that are related to the subject matter of the pending motion.

237.   This paragraph references subject matter that is the subject of a pending motion to dismiss.  As such, Defendants reserve their right to respond to this item until after the motion is ruled upon and on that basis deny any allegations that are related to the subject matter of the pending motion.

238.   This paragraph references subject matter that is the subject of a pending motion to dismiss.  As such, Defendants reserve their right to respond to this item until after the motion is ruled upon and on that basis deny any allegations that are related to the subject matter of the pending motion.

239.   This paragraph references subject matter that is the subject of a pending motion to dismiss.  As such, Defendants reserve their right to respond to this item until after the motion is ruled upon and on that basis deny any allegations that are related to the subject matter of the pending motion.

240.   This paragraph references subject matter that is the subject of a pending motion to dismiss.  As such, Defendants reserve their right to respond to this item until after the motion is ruled upon and on that basis deny any allegations that are related to the subject matter of the pending motion.

241.   This paragraph references subject matter that is the subject of a pending motion to dismiss.  As such, Defendants reserve their right to respond to this item until

{05308024 / 7}

1  after the motion is ruled upon and on that basis deny any allegations that are related to the

2  subject matter of the pending motion.

3     242.    This paragraph references subject matter that is the subject of a pending

4  motion to dismiss.  As such, Defendants reserve their right to respond to this item until

5  after the motion is ruled upon and on that basis deny any allegations that are related to the

6  subject matter of the pending motion.

7                    **ANSWER TO TWELFTH CLAIM FOR RELIEF**

8     243.    In response to Paragraph 243 of the Complaint, Defendants incorporate its

9  response to Paragraphs 1 through 242 as if set forth fully herein.

10    244.    This paragraph references subject matter that is the subject of a pending

11  motion to dismiss.  As such, Defendants reserve their right to respond to this item until

12  after the motion is ruled upon and on that basis deny any allegations that are related to the

13  subject matter of the pending motion.

14    245.    This paragraph references subject matter that is the subject of a pending

15  motion to dismiss.  As such, Defendants reserve their right to respond to this item until

16  after the motion is ruled upon and on that basis deny any allegations that are related to the

17  subject matter of the pending motion.

18    246.    This paragraph references subject matter that is the subject of a pending

19  motion to dismiss.  As such, Defendants reserve their right to respond to this item until

20  after the motion is ruled upon and on that basis deny any allegations that are related to the

21  subject matter of the pending motion.

22    247.    This paragraph references subject matter that is the subject of a pending

23  motion to dismiss.  As such, Defendants reserve their right to respond to this item until

24  after the motion is ruled upon and on that basis deny any allegations that are related to the

25  subject matter of the pending motion.

26    248.    This paragraph references subject matter that is the subject of a pending

27  motion to dismiss.  As such, Defendants reserve their right to respond to this item until

28

{05308024 / 7}

after the motion is ruled upon and on that basis deny any allegations that are related to the subject matter of the pending motion.

## ANSWER TO THIRTEENTH CLAIM FOR RELIEF

249.   In response to Paragraph 249 of the Complaint, Defendants incorporate its response to Paragraphs 1 through 248 as if set forth fully herein.

250.   This paragraph contains legal conclusions to which no response is required.

251.   Admit.

252.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

253.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

254.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

255.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

256.   Admit.

257.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

258.   Admit.

259.   Defendants deny the allegations set forth in this paragraph.

260.   Admit.

261.   Defendants deny the allegations set forth in this paragraph.

262.   Defendants deny the allegations set forth in this paragraph.

263.   Defendants deny the allegations set forth in this paragraph.

264.   Defendants deny the allegations set forth in this paragraph.

265.    Defendants deny the allegations set forth in this paragraph.

266.   Defendants deny the allegations set forth in this paragraph.

267.   Defendants deny the allegations set forth in this paragraph.

{05308024 / 7}

268. Admit.

269. This paragraph contains legal conclusions to which no response is required.

270. This paragraph contains legal conclusions to which no response is required.

271. Defendants deny the allegations set forth in this paragraph.

272. Defendants deny the allegations set forth in this paragraph.

273. Defendants deny the allegations set forth in this paragraph.

274. Defendants deny the allegations set forth in this paragraph.

275. Defendants deny the allegations set forth in this paragraph.

276. Defendants deny the allegations set forth in this paragraph.

277. Defendants deny the allegations set forth in this paragraph.

278. Admit.

279. This paragraph contains legal conclusions to which no response is required.

280. This paragraph contains legal conclusions to which no response is required.

281. Defendants deny the allegations set forth in this paragraph.

282. Admit.

283. This paragraph contains legal conclusions to which no response is required. To the extent that there are any additional factual averments that require a response, Defendants deny said averments.

284. This paragraph contains legal conclusions to which no response is required. To the extent that there are any additional factual averments that require a response, Defendants deny said averments.

285. Defendants deny the allegations set forth in this paragraph.

286. Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

287. Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

288. Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

{05308024 / 7}

289.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

290.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

291.   Defendants deny the allegations set forth in this paragraph.

292.   Defendants deny the allegations set forth in this paragraph.

293.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

294.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

295.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

296.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

297.   Defendants deny the allegations set forth in this paragraph.

298.   Defendants deny the allegations set forth in this paragraph.

299.   Defendants deny the allegations set forth in this paragraph.

300.   Defendants deny the allegations set forth in this paragraph.

301.   This paragraph contains legal conclusions to which no response is required.

302.   This paragraph contains legal conclusions to which no response is required.

303.   Defendants deny the allegations set forth in this paragraph.

304.   Defendants deny the allegations set forth in this paragraph.

305.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

306.   Defendants deny the allegations set forth in this paragraph.

307.   Defendants deny the allegations set forth in this paragraph.

308.   Admit.

309.   Defendants deny the allegations set forth in this paragraph.

{05308024 / 7}

310.   Defendants deny the allegations set forth in this paragraph.

311.   Defendants deny the allegations set forth in this paragraph.

312.   Defendants deny the allegations set forth in this paragraph.

313.   This paragraph contains legal conclusions to which no response is required.

314.   This paragraph contains legal conclusions to which no response is required.

315.   Defendants deny the allegations set forth in this paragraph.

316.   Defendants deny the allegations set forth in this paragraph.

317.   Defendants deny the allegations set forth in this paragraph.

318.   Defendants deny the allegations set forth in this paragraph.

319.   Defendants deny the allegations set forth in this paragraph.

320.   This paragraph contains legal conclusions to which no response is required. To the extent that there are any additional factual averments that require a response, Defendants deny said averments.

321.   Defendants deny the allegations set forth in this paragraph.

322.   Defendants deny the allegations set forth in this paragraph.

323.   Defendants deny the allegations set forth in this paragraph.

324.   Defendants deny the allegations set forth in this paragraph.

**ANSWER TO FOURTEENTH CLAIM FOR RELIEF**

325.   In response to Paragraph 325 of the Complaint, Defendants incorporate its response to Paragraphs 1 through 324 as if set forth fully herein.

326.   This paragraph contains legal conclusions to which no response is required.

327.   Defendants deny the allegations set forth in this paragraph.

328.   Defendants deny the allegations set forth in this paragraph.

329.   Defendants deny the allegations set forth in this paragraph.

330.   Defendants deny the allegations set forth in this paragraph.

331.   Cozy Comfort admits that it has received letters purporting to demand that Cozy Comfort produce claim charts with respect to patents not asserted by Cozy Comfort in this action and on a timeframe inconsistent with the parties' agreed upon scheduling

{05308024 / 7}

order jointly submitted to this Court. Cozy Comfort admits it has denied all such demands. To the extent any additional averments are made in this paragraph, Defendants are without knowledge of their veracity and deny them on that basis.

332.   Defendants deny the allegations set forth in this paragraph.

333.   Defendants deny the allegations set forth in this paragraph.

334.   Defendants deny the allegations set forth in this paragraph.

335.   Defendants deny the allegations set forth in this paragraph.

336.   Defendants deny the allegations set forth in this paragraph.

337.   Defendants deny the allegations set forth in this paragraph.

338.   Defendants deny the allegations set forth in this paragraph.

339.   No response is required.

340.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

341.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

342.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

343.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

344.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

345.   Defendants deny the allegations set forth in this paragraph.

346.   Defendants deny the allegations set forth in this paragraph.

**ANSWER TO FIFTEENTH CLAIM FOR RELIEF**

347.   In response to Paragraph 347 of the Complaint, Defendants incorporate its response to Paragraphs 1 through 346 as if set forth fully herein.

348.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

27

{05308024 / 7}

349.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

350.   Defendants deny the allegations set forth in this paragraph.

351.   Defendants deny the allegations set forth in this paragraph.

352.   Defendants deny the allegations set forth in this paragraph.

353.   Defendants deny the allegations set forth in this paragraph.

354.   Defendants deny the allegations set forth in this paragraph.

355.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

356.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

357.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

358.   Defendants deny the allegations set forth in this paragraph.

359.   Defendants deny the allegations set forth in this paragraph.

360.   Defendants deny the allegations set forth in this paragraph.

361.   Defendants deny any wrongful conduct.  Defendants lack sufficient information to form a belief as to the truth of the other allegations recited in this paragraph, and on that basis, deny them.

362.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

363.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

364.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

365.   Defendants deny the allegations set forth in this paragraph.

366.   Defendants deny the allegations set forth in this paragraph.

{05308024 / 7}

367.   Defendants deny any wrongful conduct.  Defendants lack sufficient information to form a belief as to the truth of the other allegations recited in this paragraph, and on that basis, deny them.

368.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

369.   Defendants deny the allegations set forth in this paragraph.

## ANSWER TO SIXTEENTH CLAIM FOR RELIEF

370.   In response to Paragraph 370 of the Complaint, Defendants incorporate its response to Paragraphs 1 through 369 as if set forth fully herein.

371.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

372.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

373.   Defendants deny the allegations set forth in this paragraph.

374.   Defendants deny the allegations set forth in this paragraph.

375.   Defendants deny the allegations set forth in this paragraph.

376.   Defendants deny the allegations set forth in this paragraph.

377.   Defendants deny any wrongful conduct.  Defendants lack sufficient information to form a belief as to the truth of the other allegations recited in this paragraph, and on that basis, deny them.

378.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

379.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

380.   Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

381.   Defendants deny the allegations set forth in this paragraph.

382.   Defendants deny the allegations set forth in this paragraph.

383.    Defendants deny the allegations set forth in this paragraph.

384.    Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

385.    Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

386.    Defendants deny the allegations set forth in this paragraph.

387.    Defendants deny the allegations set forth in this paragraph.

388.    Defendants deny the allegations set forth in this paragraph.

389.    Defendants lack sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis, deny them.

390.    Defendants deny the allegations set forth in this paragraph.

## ANSWER TO PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief requested against Defendants.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiffs' Complaint, in whole or in part fails, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Doctrine of Unclean Hands)

Plaintiffs' Complaint, in whole or in part, is barred by the doctrine of unclean hands.

1

## **THIRD AFFIRMATIVE DEFENSE**

2

### **(Lack of Standing)**

3       Plaintiffs, in whole or in part, lack standing to pursue, some or all of, the alleged

4   claims.

5

## **FOURTH AFFIRMATIVE DEFENSE**

6

### **(Unjust Enrichment)**

7       Plaintiffs' Complaint is barred, in whole or in part, because any recovery would

8   result in Plaintiffs' unjust enrichment.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{05308024 / 7}

1

**FIFTH AFFIRMATIVE DEFENSE**

2

**(Preemption)**

3          Plaintiffs' Complaint is barred, in whole or in part, to the extent that Plaintiffs'

4   claims are preempted by federal or state law.

5

6

7

**COZY COMFORT LLC COUNTERCLAIMS**

8          For their counterclaims against Counterclaim-Defendants Top Brand, LLC, Sky

9   Creations, LLC, E Star, LLC, Flying Star, LLC, *and* John Ngan (collectively,

10  "Counterclaim-Defendants"), Counterclaim-Plaintiff Cozy Comfort, LLC,

11  ("Counterclaim-Plaintiff") alleges and avers as follows:

12

**GENERAL ALLEGATIONS**

13

**PARTIES**

14          1.     Upon information and belief, Counterclaim-Defendant Top Brand, LLC

15  ("Top Brand") is a limited liability company organized under the laws of California in

16  July 2017.

17          2.     Upon information and belief, Counterclaim-Defendant Sky Creations, LLC

18  ("Sky Creations") is a limited liability company organized under the laws of Illinois in

19  November 2019.

20          3.     Upon information and belief, Counterclaim-Defendant E Star LLC ("E

21  Star") is a limited liability company organized under the laws of California in July 2017.

22          4.     Upon information and belief, Counterclaim-Defendant Flying Star LLC is a

23  limited liability company organized under the laws of Illinois in April 2017.

24          5.     Upon information and belief, Counterclaim-Defendant John Ngan is an

25  individual with a business address of 17145 Margay Avenue, Carson, California 90746

26  and residing in Carson, California.

27

28

{05308024 / 7}

6.      Counterclaim-Defendants XYZ Corporations and John and Jane Does are other entities or individuals that are associated with the brands or the sales, use, marketing and/or distribution of infringing oversized whole body blankets. Counterclaim-Plaintiffs are unaware of the names and capacities of those Counterclaim-Defendants identified as XYZ Corporations and John and Jane Does.  Upon information and belief, Counterclaim-Plaintiffs allege that each of the Counterclaim-Defendants were acting as the officer, director, agent, servant, master, employee, representative, or alter ego of each of the other Counterclaim-Defendants, and in engaging in the conduct alleged herein, were acting in the course and scope of, and in furtherance of, such relationship, with the full knowledge and consent of each of the other Counterclaim-Defendants.  Moreover, upon information and belief, each of the Counterclaim-Defendants conspired with the others and carried out the conduct alleged herein in the furtherance of such conspiracy. Upon information and belief, each Counterclaim-Defendant induced, directed, and controlled the activities and conduct of the other Counterclaim-Defendants alleged herein to be unlawful. In addition, each of the Counterclaim-Defendants is liable for the conduct of each of the other Counter-claim Defendants, because, upon information and belief, there is an express or implied agreement between the Counterclaim-Defendants to assume the liabilities of the other.  Counterclaim-Defendants are further vicariously liable and are subject to contributory liability for any conduct complained of herein by any other Counterclaim-Defendants and/or their principals, managers, parents, subsidiaries, agents, companies, businesses, founders, employees, contractors, owners, directors, officers, servants, attorneys, representatives, and all others acting in concert and in active participation with Counterclaim-Defendants or such persons.

7.      Counterclaim-Plaintiff Cozy Comfort LLC ("Cozy Comfort") is a limited liability company organized under the laws of the State of Arizona with a principal place of business located in Scottsdale, Arizona.

{05308024 / 7}

## JURISDICTION

8.      This is an action for infringement against Counterclaim-Defendants brought under the Patent Act, 35 U.S.C. § 271 based upon Counterclaim-Defendants' unauthorized commercial manufacture, use, importation, offer for sale and sale of wearable blankets which infringe upon United States ("U.S.") Patent Numbers D859,788 and D905,380.  Counterclaim-Plaintiff also alleges infringement of trade dress protections afforded under the Lanham Act, 15 U.S.C. § 1051, et seq. and Unfair Competition under federal and common law and afforded by the laws of the State of Arizona.  This is also a declaratory judgment action seeking a determination that Counterclaim-Plaintiff's products do not infringe Counterclaim-Defendants' U.S. Design Patent No. D728,900.

9.      This Court holds original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1338(b) (state claim of unfair competition joined with substantial and related federal claim under trademark laws); 28 U.S.C. § 1367 (supplemental jurisdiction); and the doctrines of ancillary and pendent jurisdiction.

10.      This court has personal jurisdiction over Counterclaim-Defendants because Counterclaim-Defendants conduct business throughout the United States, including within the state of Arizona, and have committed in this District the acts of patent and trade dress infringement, and federal and state unfair competition, which have given rise to this action.

11.      This Court may join John Ngan, XYZ Corporations and Jane and John Does as Counterclaim-Defendants as each is subject to service of process, such joinder would not destroy diversity or otherwise affect the court's subject matter jurisdiction; and each is a necessary or proper party to the claim for relief.

{05308024 / 7}

1

**VENUE**

2        12.     Venue is proper in this District as Counterclaim-Defendants have

3 advertised to and derived revenue from sales of products to citizens within this District

4 and have engaged in systematic and continuous business contacts within this State.

5

**GENERAL ALLEGATIONS**

6        13.     Brian Speciale and Michael Speciale (collectively "the Speciales") created

7 the product known and sold as THE COMFY in April 2017.  The Speciales organized

8 Cozy Comfort LLC in April 2017 to develop, market and sell products, based around its

9 flagship product, THE COMFY.

10        14.     THE COMFY is an oversized, wearable blanket.  THE COMFY features a

11 hood, cuffs, large arm coverings, and covers the majority of a person's upper and lower

12 body.  THE COMFY is known for its high-quality materials and construction, featuring a

13 layer of fleece on one side and thick sherpa material on the opposite layer.  THE COMFY

14 also features a large front pocket designed to allow its wearer to insert his or her hands

15 for comfort, storage, or warmth.  A logo of THE COMFY is featured on the lower left

16 side portion of this pocket.  The product is sold in a variety of colors.  A sample image of

17 the product appears below:

18

19

20

21

22

23

24

25

26

27

28

{05308024 / 7}

1
2
3
4
5
6
7
8
9
10
11
12



13    15.    To solicit funds for its expanding business, Cozy Comfort, through the

14  Speciales, auditioned in May 2017 for the nationally broadcast television show, *Shark*

15  *Tank*.  *Shark Tank* is a popular and well-known reality show in which businesses and/or

16  product owners showcase their ideas to a panel of investors, referred to on the show as

17  "sharks."  The show is broadcast in the United States on the ABC network, is featured on

18  the cable network CNBC, and is available on demand on Hulu and other streaming

19  platforms.  The show has won multiple Emmys for Outstanding Structured Reality

20  Program.  The format is based upon a Japanese program known as *Dragon's Den* with

21  licensed versions of the show having been produced and broadcast in dozens of countries

22  around the world including Canada, Mexico, China, Germany, Russia, and Australia.

23    16.    After several rounds of successful auditions with the producers of *Shark*

24  *Tank*, the Speciales were approved to appear on the program to pitch and feature THE

25  COMFY on the 2017 end-of-the-year, holiday-themed episode.

26    17.    The Speciales assigned their ownership in the intellectual property rights of

27  THE COMFY to Cozy Comfort.  On September 13, 2017, Cozy Comfort, as the assigned

28  owner of the rights to the design of THE COMFY, filed its first design patent application,

{05308024 / 7}

United States Patent and Trademark Office ("USPTO") Application Number 29/617,421.

Two years later, on September 17, 2019, that application matured into U.S. Patent

Number D859,788 (the "'788 Patent").  A true and correct copy of the issued '788 Patent

is attached hereto as **Exhibit 1** and incorporated by reference.

18.     On October 12, 2017, Cozy Comfort filed for trademark protection on THE

COMFY ("The Comfy Word Mark") which was granted Registration No. 5,608,347 on

November 13, 2018.

19.     On December 3, 2017, the episode of *Shark Tank* featuring THE COMFY

premiered in the U.S.  On the episode, the Speciales discussed the potential success of a

business surrounding THE COMFY.

20.     On *Shark Tank*, the Speciales displayed and discussed several attributes of

THE COMFY.  This included the shape of the product, the materials used in its

construction, the attached hood, the front pocket, and the fit of THE COMFY over the

arms and body.  The product is also reversible, allowing a wearer to alternate whether the

layers of fleece or sherpa are close to the body or on the outside.

21.     On the episode, several "shark" panelists displayed significant enthusiasm

regarding the product.  On air, two of the sharks proposed investing into Cozy Comfort.

Ultimately, Counterclaim-Plaintiff agreed to a proposal from one of the show's sharks to

invest into the business.

22.     Immediately following the airing of the 2017 *Shark Tank* episode featuring

THE COMFY, interest in and exposure to THE COMFY skyrocketed.  The product was

not only featured on a popular, nationally broadcast television program, but there was

substantial exposure of THE COMFY through initial orders, positive online reviews,

online video clips and social media postings.

23.     Counterclaim-Plaintiff developed several other designs in addition to its

original THE COMFY.  Cozy Comfort owns multiple U.S. Patents relating to its designs,

as well as multiple U.S. Trademark registrations and other common-law intellectual

property assets as a result of its promotion and sale within the U.S.

{05308024 / 7}

24. Cozy Comfort established and has maintained a company website located at https://thecomfy.com which since 2017 has displayed Cozy Comfort products and makes its products available for purchase by consumers throughout the U.S.  In addition, THE COMFY is sold by Cozy Comfort on Amazon.com and through other authorized third-party online and brick-and-mortar retailers.

25. On March 29, 2018, Cozy Comfort filed a service trademark application for THE COMFY ("The Comfy Service Mark") which was granted Registration No. 5,712,456 on April 2, 2019.

26. Through its activities, Cozy Comfort has established itself as an innovator and leader in the wearable blankets market.  In fact, in direct response to the success of THE COMFY, online retailer Amazon.com created the new category of products on its platform(s) labeled "Wearable Blanket".

27. Cozy Comfort and its authorized resellers have expended millions of dollars since 2017 advertising and promoting THE COMFY's patented designs, its Trademarks and trade dress.  Such advertising and promotion have been featured in print and electronic media, over the Internet, and in a variety of other media.  THE COMFY has also been authorized to be advertised, promoted, and sold by and through nationally recognized retail establishments such as Costco, Bed Bath & Beyond, QVC, Sam's Club, Kohl's, Target, and Kroger.

28. In addition to *Shark Tank*, THE COMFY had also been seen in streaming videos and numerous other television programs viewed by many millions of Americans, such as *Good Morning America*.  THE COMFY has received extensive unsolicited media coverage and public exposure from celebrities such as Lizzo, Jamie Lynn Spears, Selena Gomez, Cindy Crawford, Kim Kardashian and Kylie Jenner.  In January of 2018, Cozy Comfort produced and posted a video on THE COMFY that has received over 100 Million views.

29.     Cozy Comfort has achieved hundreds of millions of dollars of sales of THE COMFY using Cozy Comfort's Patents, Trademarks and Trade Dress.  THE COMFY is currently the best-selling wearable blanket in the U.S.

30.     THE COMFY brand and designs have been recognized as the industry standard in hooded wearable blankets.  The style of THE COMFY has acquired distinctiveness within the market based upon widespread sales and exposure.  Cozy Comfort's Trade Dress has acquired distinctiveness by virtue of extensive sales and advertising of THE COMFY featuring Cozy Comfort's Trade Dress, extensive consumer recognition of the Cozy Comfort's Trade Dress and association of Cozy Comfort's Trade Dress with THE COMFY.

31.     The popularity and success of Cozy Comfort and THE COMFY has led to many competitors, including the Counterclaim-Defendants, that have attempted to mimic the intellectual property owned by Cozy Comfort in order to trade on the goodwill and reputation of Cozy Comfort and further to steal sales and market share from Cozy Comfort.

32.     Competitors have often sold infringing products on the Internet but also in certain brick and mortar stores.  Many of these infringing products are of inferior quality in materials and construction to those of Cozy Comfort.  This has led to actual confusion by consumers and complaints being received by Cozy Comfort for products it did not sell.

33.     Cozy Comfort's '788 Patent protects "The ornamental design for an enlarged over-garment with an elevated marsupial pocket, as shown and described."  The issued patent features ten (10) Figures.  Figure 1 of the '788 Patent illustrates a front view of the invention as shown below:

{05308024 / 7}



34.     Figure 4 of the '788 Patent illustrates the invention without a person wearing it:



(Rotated clockwise by 90 degrees)

35.     Cozy Comfort is also the assigned owner of and applicant for USPTO Design Patent Application Number 29/731,083 which on December 22, 2020 matured into U.S. Patent Number D905,380 (the "'380 Patent") entitled "Whole body blanket".  A

{05308024 / 7}

true and correct copy of this patent is attached hereto as **Exhibit 2** and incorporated by reference.

36.     Figure 1 of the '380 Patent illustrates the invention:



(Rotated clockwise by 90 degrees)

37.     Counterclaim-Defendants have each, and in concert, willfully and deliberately copied the intellectual property embedded within THE COMFY and/ or owned by Cozy Comfort to import, market, and sell infringing items within the U.S.

38.     Upon information and belief, each of the Counterclaim-Defendants share the common control by an individual known as John Ngan ("Ngan").  The Counterclaim-Defendants market and sell products in a manner that makes it confusing to the public as to the actual entity, entities, or individuals responsible for selling particular items. However, in concert, and under the shared direct control of Ngan, each Counterclaim-Defendant has engaged and participated in the unlawful use, importation, marketing, distribution, and sale of products which infringe upon the intellectual property rights of Cozy Comfort.

39.     Counterclaim-Defendant Top Brand is a California LLC organized on July 28, 2017.  "John S. Ngan" signed its initial Articles of Organization filed with the Secretary of State of California.  The first Statement of Information filed by the company

41

1    on March 7, 2019 indicates that the company's managing member is "Shun On Ngan."

2    In its most recent Statement of Information filed on February 26, 2021, the company

3    indicates that its managing member is "Shun Ngan".  The principal place of business and

4    agent for service of process listed on the Secretary of State website for the company are

5    located at 17145 Margay Avenue, Carson, California 90746.

6          40.    Counterclaim-Defendant E Star is a California LLC organized on the same

7    day as Top Brand, July 28, 2017.  "John S. Ngan" signed its initial Articles of

8    Organization filed with the Secretary of State of California.  In the most recent Statement

9    of Information filed with the Secretary of State of California on February 26, 2021, the

10   company indicates that the company's CEO is "John Shun On Ngan".  Its listed principal

11   place of business and agent for service of process are also located at 17145 Margay

12   Avenue, Carson, California 90746.

13         41.    Counterclaim-Defendant Flying Star was organized in Illinois on April 21,

14   2017.  Its listed manager on the Office of the Illinois Secretary of State website is "Ngan,

15   Shun on John Lee".  Its listed principal place of business is 17145 Margay Avenue,

16   Carson, California 90746.  The entity registered as a foreign entity to do business in the

17   State of California as Flying Star West, LLC in March 2019.  "John Shun On Ngan" is

18   listed as Flying Star West's agent for service of process and managing member.

19         42.    Counterclaim-Defendant Sky Creations was organized in Illinois on

20   November 9, 2019.  Its listed manager on the Office of the Illinois Secretary of State

21   website is "John Shun On Ngan".  It was formed within weeks after notification by

22   Amazon.com that Cozy Comfort filed complaints against sellers using a contact email

23   address amazon@topbrandllc.com.

24         43.    Upon information and belief, Ngan is a citizen of the State of California

25   with a business address of 17145 Margay Avenue, Carson, California 90746.  Ngan has

26   been known as many variations of names including "John Shun On Ngan", "John Lee

27   Ngan", "Jack Ngan" and "Shun On Ngan".

28

{05308024 / 7}

44.     Upon information and belief, Ngan is a common controlling member in the management and control of each of the Counterclaim-Defendants, as well as Flying Star West LLC and Sky Creations LLC and serves as each entity's manager and/or managing member.

45.     Upon information and belief, Ngan has also transacted business in the marketing, importation, distribution and selling of products at issue in this action in an individual capacity and/or through other entities.

46.     Upon information and belief, Ngan, Top Brand LLC, E Star LLC, Flying Star LLC, Flying Star West LLC, and Sky Creations LLC are alter egos of each other sharing a common interest and alternatively attributing sales of substantially identical products originating from common sources as being sold or licensed by distinct entities. The purpose of these separate companies was to obfuscate the common ownership of these entities of Ngan, avoid responsibility for infringement or other product issues, to forum shop regarding future disputes such as the instant action, and to give Ngan options for relisting products through Amazon and/or other retailers in the event one of his product listings get taken down.

47.     Upon information and belief, Ngan has directed or overseen illusory transactions between entities under his common control, such as intellectual property assignments and licensing, with the intention of obscuring liability for violations of intellectual property rights.

48.     Among the items purportedly sold by Top Brand, E Star and/or Flying Star, are items Counterclaim-Defendants describe as "hoodies" or "blankets."  The designs of many of these items either directly replicate the intellectual property of Cozy Comfort or are designed in such a way to bear substantial similarity to the construction and design of the products of Cozy Comfort.

49.     Within their Complaint, Counterclaim-Defendants fail to distinguish which company directly sells "hoodies" or "blankets" of a similar design.  Three companies each claim to sell a "Tirrinia® Hoodie" under one or more exclusive licenses from Sky

43

Creations.  Details or documentation regarding these purported licenses are not included in the Complaint nor known by Counterclaim-Plaintiff.  However, based upon management and control of each of these entities by Ngan, Cozy Comfort asserts each of its allegations against each of the Counterclaim-Defendants which, upon information and belief, consist of a single entity under the control of Ngan.

50.    Counterclaim-Defendants each, and in concert, import, distribute and advertise for sale identical products which infringe upon the intellectual property rights of Cozy Comfort.  For example, the Counterclaim-Defendants sell substantially identical variations of the product marketed as the "Tirrinia" hoodie.  This product has been observed for sale on various online marketplaces such as Amazon, Walmart, and Sears, in addition to company websites owned or managed by Counterclaim-Defendants and/or Ngan.

51.    Upon information and belief, none of the Counterclaim-Defendants sold the "Tirrinia" hoodie or any other oversized hooded fleece products prior to December 2017.

52.    Upon information and belief, the website https://tirrinia.net/ is managed and operated by Ngan.  The address listed on this website is 17145 Margay Avenue, Carson, California 90746, an address associated with multiple Counterclaim-Defendants.

53.    According to the records of the USPTO, "TIRRINIA", Registration Number 5639541, is a registered trademark owned by Flying Star LLC, a Delaware LLC with a principal place of business at 13200 Estrella Avenue, Unit A, Gardena, California 90248.

54.    Upon information and belief, the entity which formerly held an active registration for Delaware File Number 5158876 named "Flying Star LLC", from May 23, 2012 to June 1, 2016 is not related to Counterclaim-Defendants.  At the time of the submission of the trademark application for "TIRRINIA" no entity known as "Flying Star LLC" existed under Delaware law nor does such an entity exist presently.

55.    The "TIRRINIA" trademark was registered for the following product descriptions, primarily related to products for babies:

{05308024 / 7}

| International Class 18 | Baby carrying bags; bags for carrying babies' accessories. |
|---|---|
| International Class 24 | Bed blankets; receiving blankets; swaddling blankets; baby bedding, namely, bundle bags, swaddling blankets, crib bumpers, fitted crib sheets, crib skirts, crib blankets, and diaper changing pad covers not of paper. |
| International Class 25 | Infant wearable blankets; bibs for babies, sleeved, not of paper; O\outdoor active wear, namely, t-shirts, shorts, pants, skirts, shirts, sweatshirts, sweatpants, jackets, coats, tops as clothing, bottoms as clothing. |

56.     The TIRRINIA trademark is not owned by any of the Plaintiffs.  It was applied for and registered to an entity, Flying Star LLC, a Delaware LLC, which does not exist.  Nonetheless, in the Complaint, Plaintiffs each claim to sell a wearable blanket known as the "Tirrinia® Hoodie".

57.     While Counterclaim-Defendants use the ® designation to indicate that they sell a product for which a registered trademark applies, the "Tirrinia® Hoodie" does not fit within the description of goods and services encompassed by the only federal trademark registration for TIRRINIA.  The product is not marketed for use by babies, infants nor is it marketed as outdoor active wear.

{05308024 / 7}

58.     Notwithstanding, the product described by Counterclaim-Defendants as the "Tirrinia® Hoodie" is substantially identical to THE COMFY, its Trade Dress and the '788 and '380 Patents.  Below is an image of the product described by Plaintiffs as the "Tirrinia® Hoodie" as included within Exhibit C of the Complaint.



59.     The product described as the "Tirrinia® Hoodie" by Counterclaim-Defendants shares attributes of THE COMFY.  The product is described as an "oversized sherpa blanket sweatshirt."  The product is a hooded wearable item with cuffed arm coverings and a large front pouch.  The item shown immediately above is reversible with a sherpa layer and a fleece layer.  The product fits upon the body in the same manner as THE COMFY as advertised by Cozy Comfort and as featured on *Shark Tank* in December 2017.

60.     Upon information and belief, the product described as the "Tirrinia® Hoodie" was available for purchase from Counterclaim-Defendants on Amazon.com in or about 2019.

{05308024 / 7}

61.     Counterclaim-Plaintiff observes and monitors online and local sellers offering products similar in name and appearance to THE COMFY.  This includes periodic review of large online marketplaces such as Amazon.com, company websites such as http://tirrinia.net/, social media and items within brick-and-mortar locations.

62.     On Amazon.com's platform, products may be sold directly by Amazon.com or from its online marketplace on which third-party sellers such as Counterclaim-Defendants may list and sell products to Amazon shoppers.  Cozy Comfort participates as a seller on Amazon.com's platform.

63.     As a seller, Cozy Comfort is a member of the Amazon.com Brand Registry program.  Through this program, third-party sellers may make Amazon.com aware of the intellectual property rights owned by such companies.  Amazon.com has established an internal method of receiving and evaluating complaints from intellectual property owners regarding other sellers or items listed on Amazon.com.

64.     In or about October 2019, Cozy Comfort sent a communication to Amazon.com through the Brand Registry Program regarding products identified by multiple Amazon Standard Identification Numbers ("ASIN") which bore substantial similarity to the '788 Patent.  This included multiple ASIN's affiliated with the sale of the "Tirrinia® Hoodie" and similar items.

65.     A third-party seller cannot unilaterally remove an item from another's listing on Amazon.com based upon a complaint relating to intellectual property rights.  Amazon.com has developed several internal, private methods to receive and evaluate communications and complaints regarding potentially unlawful or infringing items.  The precise methods and steps for evaluation of such complaints are not known to the public, nor involve the active participation of third-party rights holders beyond providing factual information and background.

66.     Based upon its internal investigation and review, Amazon.com decides whether it will remove any listings of items from its selling platforms based upon a complaint or communication raised by a third-party seller.  Amazon.com routinely

47

{05308024 / 7}

1   chooses not to remove ASIN or listings deemed by its processes to not constitute

2   infringements of intellectual property.

3         67.     Upon information and belief, based upon Amazon's investigation and

4   review of ASIN purportedly related to Counterclaim-Defendants, Amazon.com removed

5   fifteen listings based upon its finding of potential infringement of the '788 Patent. On

6   October 8, 2019, Amazon.com sent an email to amazon@topbrandllc.com notifying the

7   entity or entities responsible for the listings of their removal.

8         68.     In response, on November 13, 2019, attorneys for Cozy Comfort received a

9   letter from Cislo & Thomas LLP disputing to Cozy Comfort the removal of items from

10  Amazon.com ("November 13th Letter").  A copy of this letter was attached to the

11  Complaint as Exhibit D.  The letter was sent from attorneys purporting only to represent

12  Top Brand and made no mention of E Star, Flying Star or any other Counterclaim-

13  Defendant or entity.  The letter argued that the products removed did not infringe upon

14  the '788 Patent and that "a design patent has almost no scope."

15        69.     On the same day, November 13, 2019, according to USPTO records "John

16  Shun Ngan" of Carson, CA assigned his rights in the design patent for "Blanket with

17  Sleeves and Legs" Registration Number D861,289 ("'289 Patent") to Sky Creations,

18  which was formed only one week prior.  A true and correct copy of the assignment

19  document recorded with the USPTO regarding this alleged transaction is attached hereto

20  as **Exhibit 3** and incorporated by reference.

21        70.     According to USPTO records, one week later, on November 21, 2019, Sky

22  Creations entered into an assignment agreement with Jason White of Gastonia, NC for

23  the acquisition of the rights to a design patent for "Hoodie" Registration Number D

24  728,900 ("'900 Patent") in exchange for $10,000.  A true and correct copy of the '900

25  Patent is attached hereto as **Exhibit 4** and incorporated by reference.  A true and correct

26  copy of the assignment document recorded with the USPTO regarding this alleged

27  transaction is attached hereto as **Exhibit 5** and incorporated by reference.

28

48

71.     In its November 13th Letter, Top Brand demanded that Cozy Comfort instruct Amazon.com to reverse its decision to remove Top Brand's listings from its site.

72.     However, Cozy Comfort had a good faith, bona fide belief as of the date on which it submitted its communication to Amazon.com in or about October 2019 that the products in dispute infringed upon the '788 Patent.

73.     The differences in appearance and construction between the "Tirrinia Hoodie®" are inconsequential from the '788 Patent, the '380 Patent and the Trade Dress of THE COMFY.

The below comparison shows the similarity between Figure 4 of the '788 Patent, and the Catalonia and Tirrinia products, respectively.



49

{05308024 / 7}

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





{05308024 / 7}

1      The below comparison shows the similarity between Figure 1 of the '380 Patent,

2  and the Catalonia and Tirrinia products, respectively.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



FIG. 1

U.S. Patent    Dec. 22, 2020    Sheet 1 of 9    US D905,380 S

{05308024 / 7}

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





{05308024 / 7}

1    The below comparison shows the similarity between THE COMFY Trade Dress

2  embodied in THE COMFY Original, and the Catalonia and Tirrinia products,

3  respectively.

4

5



THE COMFY ORIGINAL

{05308024 / 7}

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



w



{05308024 / 7}

74.     Likewise, the acquisition by Sky Creations of the rights to the '289 Patent and '900 Patent are inconsequential.  The '900 Patent was explicitly examined and referenced as prior art within the prosecutions of the '788 Patent and '380 Patent.

75.     Upon information and belief, on November 21, 2019, about a week before Black Friday, one or more of Counterclaim-Defendants sent cease and desist letters, alleging Bed Bath & Beyond and Costco's sales of THE COMFY products infringed upon the '900 patent, in an attempt to interfere with Cozy Comfort's sales, as a retaliatory action to Amazon taking down Counterclaim-Defendants products.

76.     Upon information and belief, on November 25, 2019, less than 4 days before Black Friday, one or more of Counterclaim-Defendants sent cease and desist letters, alleging Bed Bath & Beyond and Costco' sales of THE COMFY products infringed upon the '900 patent, in an attempt to interfere with Cozy Comfort's sales, as a retaliatory action to Amazon taking down Counterclaim-Defendants products.

77.     Attached as **Exhibit 6** is a true and correct copy of a letter sent to counsel for Top Brands and Sky Creations on December 6, 2019, in response to their attempted tortious interference with Cozy Comfort's business relations with Costco.

78.     Attached as **Exhibit 7** is a true and correct copy of a letter sent to counsel for Top Brands and Sky Creations on December 6, 2019, in response to their attempted tortious interference with Cozy Comfort's business relations with Bed Bath & Beyond.

79.     The "Tirrinia® Hoodie" does not embody the design of the '900 Patent. The '900 Patent pertains to a hoodie which is not oversized, does not contain thick materials, contains a fitted hemline and a pocket located at the bottom of the garment. The hood features a hole or pocket potentially to contain a drawstring or for headphone wires to pass through.  Figure 1 of the '900 Patent appears as follows.

{05308024 / 7}



U.S. Patent          May 12, 2015          Sheet 1 of 10          US D728,900 S

FIG. 1

80.    Additionally, none of the Counterclaim-Defendants owned rights in the '900 Patent until after the transmission of the November 13th Letter.  Claiming that the "Tirrinia® Hoodie" is embodied by the '900 Patent is an admission by Counterclaim-Defendants that the product(s) sold by Counterclaim-Defendants before the November 13th Letter were an infringement of the '900 Patent.

81.    Since the November 13th Letter, Counterclaim-Defendants have continued to sell items under various brand names and from various platforms which infringe upon the intellectual property of Cozy Comfort.  This includes several hooded products including the "Tirrinia® Hoodie" itself which has been relisted on Amazon.com and which is presently sold in a wide variety of colors and patterns on Amazon.com.  A true and correct copy of a screenshot of a listing page on Amazon.com last accessed March 13, 2021 is attached hereto as **Exhibit 8**.

82.    The "Tirrinia® Hoodie" continues to be sold by Counterclaim-Defendants on various online platforms.  The Tirrinia Hoodie currently sold on Amazon.com by seller "TopBrandPlus" under a new ASIN.  This product is featured within the category

{05308024 / 7}

"Wearable Blanket", a category created by Amazon based upon the unique success of THE COMFY.

83.    Additionally, the website tirrina.net features a page described as "Oversize Hoodie" which features similar hooded items in different patterns and colors.  These products are substantially similar to the intellectual property contained in THE COMFY. A true and correct copy of a screenshot of a listing page tirrinia.net, last accessed March 13, 2021, is attached hereto as **Exhibit 9**.

84.    The website tirrina.net also features a category "Blanket Hoodie" featuring hooded Sherpa and/or fleece items.  Several of these products are substantially similar to the intellectual property contained in THE COMFY.  A true and correct copy of a screenshot of a listing page tirrinia.net, last accessed March 13, 2021, is attached hereto as **Exhibit 10**.

85.    A comparison of an advertisement of THE COMFY on the left and the "Tirrinia® Hoodie" on the right show the near identical impression of the products.



{05308024 / 7}

86.     Counterclaim-Defendants also use the brand name "Catalonia" to sell hooded wearable items which infringe upon the intellectual property of Cozy Comfort. For example, on Amazon, the product "Catalonia Oversized Hoodie Blanket Sweatshirt, Super Soft Warm Comfortable Sherpa Giant Pullover with Large Front Pocket, for Adults Men Women Teenagers Kids, Blue" is sold by seller E Star Plus.  The product is described as an oversized hoodie with a giant pocket made with sherpa material.  A true and correct copy of a screenshot of a listing page on Amazon.com last accessed March 13, 2021 is attached hereto as **Exhibit 11**.

87.     The product is also featured for sale on the website https://cataloniastore.com/ which has a page dedicated to the company's "Blanket Hoodie".  A true and correct copy of a screenshot of a listing page https://cataloniastore.com/, last accessed March 13, 2021, is attached hereto as **Exhibit 12**.

88.     The name and imagery used for the Catalonia brand in its product listings match the those contained in USPTO trademark registration numbers 5602296 and 5551779.  Each of these registrations is owned by "John Shun On Ngan" with an address of 17145 Margay Ave., Carson, California, 90746.  There are no recorded assignments with the USPTO of these marks to any other entity.  Counterclaim-Plaintiff is not aware of any preexisting license agreement entered into by Ngan and any other entity related to the use of the Catalonia marks.

89.     The products sold as Catalonia oversized hoodies and/or blankets are substantially identical to the "Tirrinia® Hoodie."  An example of a product advertised and sold on Amazon.com and at https://cataloniastore.com/ as a Catalonia product appears as follows:

{05308024 / 7}



90.     A comparison of a photo advertising a Catalonia product and a figure from the '788 Patent is as follows:




91.     Upon information and belief, Counterclaim-Defendants each use, import, market, distribute and sell identical or substantially identical products varying only in color and small affixed tags that each duplicate the intellectual property owned by Cozy Comfort within the '788 Patent, the '380 Patent and the Trade Dress associated with THE COMFY.

{05308024 / 7}

92.     Through vast sales, promotion and publicity surrounding THE COMFY, Counterclaim-Plaintiff Cozy Comfort has acquired distinctiveness in the overall appearance and look and feel of THE COMFY.  Counterclaim-Plaintiff Cozy Comfort is an innovator in the wearable blanket industry, as recognized by the USPTO through the issuance of multiple patents as well as Cozy Comfort's performance within the market. Counterclaim-Plaintiff Cozy Comfort has expended substantial sums in marketing and advertising its products and enjoy a substantial share in the market for wearable blankets in the United States.

93.     Due to the extensive marketing, promotion, and sales of THE COMFY, customers recognize the distinctive Trade Dress of Cozy Comfort's THE COMFY, namely, the overall appearance and combination of an oversized wearable blanket, that has large arm coverings, a large hood, a sherpa lining, elastic wrist cuffs and a large front pocket (the "Trade Dress") and associate such features and Trade Dress to signify the product is a genuine Cozy Comfort's THE COMFY coming from a distinct source.

94.     The overall appearance and combination of elements comprising Cozy Comfort's Trade Dress is non-functional as each feature could be accomplished with different design choices, without affecting cost or quality, to convey a different product that does not embody the same, or confusingly similar, features that customers have come to recognize as THE COMFY.

95.     The Cozy Comfort Trademarks and Trade Dress are famous and well-known for wearable blankets in the United States. Plaintiff markets the overall appearance and combination of these features of THE COMFY such that customers recognize such features as THE COMFY Trade Dress.  For example, on the packaging shown below, Plaintiff promotes these features and highlights them with text such as: "Oversized Everything, large enough to pull legs/arms in," "Giant Pocket," "Portable Warmth," "Huge Hood," and "Luxurious Material so soft, you'll never want to take it off."

{05308024 / 7}

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17



18

96.     THE COMFY is sold in over 100 countries and through recognized retail

19

establishments such as Costco, Bed Bath & Beyond, QVC, Sam's Club, Kohl's, Target,

20

and Kroger.  As a result of this exposure, consumers have come to recognize Cozy

21

Comfort's Trade Dress features through the promotion, sales, and publicity of THE

22

COMFY.

23

97.     Consumers have grown to recognize THE COMFY and Cozy Comfort's

24

related products and Trade Dress as the industry standard for wearable blankets and

25

identify the unique shape and overall appearance and combination of elements of Cozy

26

Comfort's hooded wearable blankets as coming from a distinct source.

27
28

{05308024 / 7}

98.     Cozy Comfort's Trade Dress is readily recognizable to consumers. Cozy Comfort has received, and continues to receive, complaints from confused consumers who purchase knock off goods that copy Cozy Comfort's Trade Dress with the expectation that they are buying a genuine THE COMFY.

99.     Counterclaim-Defendants did not enter the market until they had seen the success of THE COMFY.  As a result, Counterclaim-Defendants and others were quick to enter the market to flood the market space.  THE COMFY brand, and recognized Trade Dress, is so successful it is now being counterfeited by pirates trying to capitalize on the goodwill and reputation that Cozy Comfort created.

100.    Counterclaim-Defendants have continued to trade on the goodwill created by Cozy Comfort.  Counterclaim-Defendants include on the Catalonia store website a "Comfy" category under its wearable oversized blanket tab as can be seen at https://cataloniastore.com/collections/blanket-hoodie and below.  Counterclaim-Defendants' offer the Accused Product(s) with descriptions such as 'Sherpa Comfy", and

"Cozy … with micro fleece on the front and sherpa lining on the other, a comfy giant hoodie for you to stay warm head to toe."



101.    Counterclaim-Defendants' intentionally use the phrases Comfy and Cozy in an attempt to deceive customers and search engine optimization software into believing that they offer THE COMFY or are affiliated with Cozy Comfort and/or THE COMFY.

102.    Tellingly, Counterclaim-Defendant John Ngan filed a trademark application for Comfy Pajamas and obtained a registration on October 13, 2020 which upon information and belief, Counterclaim-Defendants' intended to use to further deceive the public and trade on the goodwill Cozy Comfort and The Comfy Word Mark and The Comfy Service Mark.

103.    Cozy Comfort filed an opposition to the Comfy Pajamas trademark registration on December 11, 2020.

104.    Notably, Counterclaim-Defendant John Ngan did not respond to Cozy Comfort's opposition and on March 30, 2021, the United Stated Patent and Trademark Office cancelled Counterclaim-Defendants' Comfy Pajamas trademark registration.

### FIRST CLAIM FOR RELIEF

### (Infringement of The '788 Patent – 35 U.S.C. §271)

105.    Counterclaim-Plaintiff hereby incorporates and realleges paragraphs 1 through 105 as if fully set forth herein.

106.    Counterclaim-Defendants, without authorization from Counterclaim-Plaintiff, have offered for sale, sold and/or imported into the U.S. hooded wearable blanket products marketed as "Tirrinia", "Catalonia" or other brands having a design that infringes the '788 Patent.

107.    By the foregoing acts, Counterclaim-Defendants have directly infringed, infringed under the doctrine of equivalents, contributorily infringed and/or induced infringement of the '788 Patent in violation of 35 U.S.C. § 271.

108.    Upon information and belief, Counterclaim-Defendants' infringement has and continues to be, knowing, intentional and willful.

109.    Counterclaim-Defendants' acts of infringement of the '788 Patent has caused and will continue to cause, Plaintiffs damages for which Plaintiffs is entitled to compensation pursuant to 35 U.S.C. § 284 and/or 35 U.S.C. § 289.

110.    Upon information and belief, Counterclaim-Defendants have gained profits by virtue of their infringement of the '788 Patent.

111.    Counterclaim-Defendants' acts of infringement of the '788 Patent has caused and will continue to cause, Counterclaim-Plaintiff immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283 as Counterclaim-Plaintiff has no adequate remedy at law.

112.    The circumstances surrounding Counterclaim-Defendants' infringement are exceptional and, therefore, Counterclaim-Plaintiff is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

**SECOND CLAIM FOR RELIEF**

**(Infringement of The '380 Patent – 35 U.S.C. §271)**

113.    Counterclaim-Plaintiff hereby incorporates and realleges paragraphs 1 through 112 as if fully set forth herein.

114.    Counterclaim-Defendants, without authorization from Plaintiff, have offered for sale, sold and/or imported into the U.S., including within this District, a hooded wearable blanket marketed "Tirrinia", "Catalonia" or other brands, having a design that infringes the '380 Patent.

115.    By the foregoing acts, Counterclaim-Defendants have directly infringed, infringed under the doctrine of equivalents, contributorily infringed and/or induced infringement of the '380 Patent in violation of 35 U.S.C. § 271.

116.    Upon information and belief, Counterclaim-Defendants' infringement has and continues to be, knowing, intentional and willful.

117.    Counterclaim-Defendants' acts of infringement of the '380 Patent has caused and will continue to cause, Counterclaim-Plaintiff damages for which Counterclaim-Plaintiff is entitled to compensation pursuant to 35 U.S.C. § 284 and/or 35 U.S.C. § 289.

118.    Upon information and belief, Counterclaim-Defendants have gained profits by virtue of their infringement of the '380 Patent.

119.    Counterclaim-Defendants' acts of infringement of the '380 Patent has caused and will continue to cause, Counterclaim-Plaintiff immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283 as Counterclaim-Plaintiff has no adequate remedy at law.

120.    The circumstances surrounding Counterclaim-Defendants' infringement are exceptional and, therefore, Counterclaim-Plaintiff is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

{05308024 / 7}

**THIRD CLAIM FOR RELIEF**

**(Federal Trade Dress Infringement and Unfair Competition – 15 U.S.C. §1125(a))**

121.    Counterclaim-Plaintiff hereby incorporates and realleges paragraphs 1 through 120 as if fully set forth herein.

122.    Counterclaim-Defendants make, import, distribute, market, use, offer to sell and sell in the U.S. products that directly infringe Counterclaim-Plaintiff's Trade Dress in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Counterclaim-Plaintiff has actively marketed, promoted, and sold continuously THE COMFY Trade Dress such that it has acquired secondary meaning within the relevant market and among the U.S. public.  Counterclaim-Defendants have used THE COMFY Trade Dress without the authorization of Counterclaim-Plaintiff and continue to trade off the goodwill created and maintained by Counterclaim-Plaintiff in THE COMFY Trade Dress.

123.    Counterclaim-Defendants' unauthorized use of Counterclaim-Plaintiff's Trade Dress is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Counterclaim-Defendants' goods and is likely to cause consumers to believe, contrary to fact, that Counterclaim-Defendants' goods are sold, authorized, endorsed, or sponsored by Counterclaim-Plaintiff, or that Counterclaim-Defendants are in some way affiliated with or sponsored by Counterclaim-Plaintiff.

124.    Counterclaim-Defendants' unauthorized use in commerce of Counterclaim-Plaintiff's Trade Dress as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

125.    The foregoing use in commerce by Counterclaim-Defendants of Counterclaim-Plaintiff's Trade Dress has caused and/or is likely to cause confusion, or mistake, or to deceive consumers as to the affiliation, connection, or association of Counterclaim-Defendants with Counterclaim-Plaintiff, or as to the origin, sponsorship, or approval of Counterclaim-Defendants' goods, or commercial activities by Counterclaim-Plaintiff.

{05308024 / 7}

1    126.    Counterclaim-Defendants' acts are willful and are intended to cause

2 confusion, mistake, or deception as to the affiliation, connection, or association of

3 Counterclaim-Defendants with Counterclaim-Plaintiff.

4    127.    Counterclaim-Defendants' infringement of Counterclaim-Plaintiff's Trade

5 Dress as aforesaid has caused and is likely to continue to cause substantial injury to the

6 public and to Counterclaim-Plaintiff, and Counterclaim-Plaintiff is entitled to injunctive

7 relief and its attorneys' fees and costs under §§ 32, 34, 35 and 36 of the United States

8 Trademark Act, 15 U.S.C. §§ 1114, 1116, 1117 and 1118.

9    128.    Counterclaim-Defendants' conduct as alleged herein constitutes unfair

10 competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

11    129.    Counterclaim-Defendants' conduct as alleged herein is causing immediate

12 and irreparable harm and injury to Counterclaim-Plaintiff and to their goodwill and

13 reputation and will continue to both damage Counterclaim-Plaintiff and confuse the

14 public unless enjoined by this court as Counterclaim-Plaintiff has no adequate remedy at

15 law.

16    130.    Counterclaim-Defendants have unlawfully and wrongfully derived income

17 and profits and have been unjustly enriched by the foregoing acts. Counterclaim-

18 Defendants' acts have caused and unless enjoined will continue to cause, irreparable

19 harm to Counterclaim-Plaintiff for which there is no adequate remedy at law.

20    131.    Counterclaim-Plaintiff is entitled to, among other relief, injunctive relief

21 and an award of actual damages, Counterclaim-Defendants' profits, enhanced damages

22 and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of

23 the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment

24 interest.

25                         **FOURTH CLAIM FOR RELIEF**

26            **(Common Law Trade Dress Infringement and Unfair Competition)**

27    132.    Counterclaim-Plaintiff hereby incorporates and realleges paragraphs 1

28 through 131 as if fully set forth herein.

67

{05308024 / 7}

133.     Counterclaim-Defendants make, import, distribute, use, offer to sell and sell in the U.S. products that directly infringe Counterclaim-Plaintiff's Trade Dress in violation of A.R.S. §§ 44-1451 & 1452, et. seq. Counterclaim-Plaintiff has actively marketed, promoted, and sold continuously THE COMFY Trade Dress such that it has acquired secondary meaning within the relevant market and among the U.S. public. Counterclaim-Defendants have used THE COMFY Trade Dress without the authorization of Counterclaim-Plaintiff and continue to trade off the goodwill created and maintained by Counterclaim-Plaintiff in THE COMFY Trade Dress.

134.     By virtue of Counterclaim-Defendants' foregoing acts Counterclaim-Defendants have intentionally caused a likelihood of confusion among the public and has unfairly competed with Plaintiffs in violation of the common law of the State of Arizona and A.R.S. §44-1451 and §44-1452.

135.     This claim for common law unfair competition arises under the common law of the State of Arizona.

136.     The foregoing use in commerce by Counterclaim-Defendants of Counterclaim-Plaintiff's Trade Dress has caused and/or is likely to cause confusion, or mistake, or to deceive consumers as to the affiliation, connection, or association of Counterclaim-Defendants with Counterclaim-Plaintiff, or as to the origin, sponsorship, or approval of Counterclaim-Defendants' goods, or commercial activities by Plaintiff.

137.     Counterclaim-Defendants' acts are willful.

138.     By reason of the foregoing, Counterclaim-Plaintiff has sustained and unless Counterclaim-Defendants are enjoined, will continue to sustain, injury and damage.

139.     Counterclaim-Defendants have unlawfully and wrongfully derived income and profits and has been unjustly enriched by the foregoing acts. Counterclaim-Defendants' acts have caused and unless enjoined will continue to cause, irreparable harm to Counterclaim-Plaintiff for which there is no adequate remedy at law.

140.     Counterclaim-Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Counterclaim-Defendants' profits, enhanced damages

{05308024 / 7}

1  and profits, reasonable attorneys' fees, and costs of the action, together with prejudgment

2  and post-judgment interest.

3      141.   Because Counterclaim-Defendants engaged in knowing, willful and

4  conscious disregard for the rights of Counterclaim-Plaintiff, Counterclaim-Defendants

5  are guilty of oppression, fraud, and malice, entitling Counterclaim-Plaintiff to an award

6  of punitive damages.

7                              **FIFTH CLAIM FOR RELIEF**

8                                  **(Unjust Enrichment)**

9      142.   Counterclaim-Plaintiff hereby incorporates and realleges paragraphs 1

10  through 141 as if fully set forth herein.

11     143.   As a result of the conduct alleged herein, Counterclaim-Defendants have

12  been unjustly enriched to Counterclaim-Plaintiff's detriment. Counterclaim-Plaintiff

13  therefore seeks an accounting, constructive trust and disgorgement of all ill-gotten gains

14  and profits resulting from Counterclaim-Defendants' inequitable activities.

15                             **SIXTH CLAIM FOR RELIEF**

16     **(Declaratory Judgment of Non-Infringement of the '900 Patent)**

17     144.   Counterclaim-Plaintiff hereby incorporates and realleges paragraphs 1

18  through 143 as if fully set forth herein.

19     145.   As stated herein, upon information and belief, Counterclaim-Defendants

20  accused Counterclaim-Plaintiff's products of infringing the '900 Patent through cease and

21  desist letters submitted to Costco and Bed, Bath and Beyond in 2019.

22     146.    Counterclaim-Plaintiff has affirmatively indemnified Costco and Bed, Bath

23  and Beyond in response to Counterclaim-Defendant's cease and desist demands

24  regarding the '900 Patent.

25     147.   A judicial declaration is necessary and appropriate so that Counterclaim-

26  Plaintiff may definitively establish its rights with respect to the sale of its products in

27  view of the '900 Patent.

28     148.   Such a determination is further necessary to bar Counterclaim-Defendants

{05308024 / 7}

from using the '900 Patent to assert infringement by Counterclaim-Plaintiff to third party retailers such as Costco and Bed, Bath and Beyond, and inducing such third-party retailers to remove Counterclaim-Plaintiff's products.

149.   Counterclaim-Plaintiff is entitled to a declaratory judgment that it has not infringed and does not infringe, directly, indirectly, or contributorily the claim of the '900 Patent.

## SEVENTH CLAIM FOR RELIEF
### (Tortious Interference with Contract)

150.   Counterclaim-Plaintiff hereby incorporates and realleges paragraphs 1 through 149 as if fully set forth herein.

151.   Upon information and belief, one or more Counterclaim-Defendant engaged in a targeted patent search for a patent that resulted in locating the '900 patent.

152.   One or more Counterclaim-Defendant acquired the '900 patent.

153.   One or more Counterclaim-Defendant acquired the '900 patent for, at least in part, the purpose of asserting the '900 patent against one or more Defendant.

154.   Upon information and belief, on November 21, 2019, about a week before Black Friday, one or more of Counterclaim-Defendants sent cease and desist letters, alleging Bed Bath & Beyond and Costco's sales of THE COMFY products infringed upon the '900 patent, in an attempt to interfere with Cozy Comfort's sales, as a retaliatory action to Amazon taking down Counterclaim-Defendants products.

155.   Upon information and belief, on November 25, 2019, less than 4 days before Black Friday, one or more of Counterclaim-Defendants sent cease and desist letters, alleging Bed Bath & Beyond and Costco' sales of THE COMFY products infringed upon the '900 patent, in an attempt to interfere with Cozy Comfort's sales, as a retaliatory action to Amazon taking down Counterclaim-Defendants products.

156.   Upon information and belief, the timing of the cease and desist letters and their proximity to the Thanksgiving holiday was not coincidental.

{05308024 / 7}

157.   Upon information and belief, the timing of the cease and desist letters and their proximity to the Thanksgiving holiday was calculated to have maximum economic impact on Cozy Comfort.

158.   Prior to November 2019, Cozy Comfort had a contractual relationship with retailers including Bed Bath & Beyond and Costco.

159.   One or more Counterclaim-Defendants were aware of that relationship.

160.   One or more Counterclaim-Defendants willfully and intentionally sought to induce retailers including Bed Bath & Beyond and Costco, to breach said contractual relationship.

161.   The assertion of infringement against Cozy Comfort's product(s) was done in bad faith.

162.   The assertion of infringement against Cozy Comfort's product(s) was done in on order to retaliate against Cozy Comfort for Cozy Comfort's assertion of its patents against one or more Counterclaim-Defendants.

163.   One or more Counterclaim-Defendants knew or should have known that its actions were improper and that the '900 patent did not cover Cozy Comfort's product(s).

164.   The assertion by one or more Counterclaim-Defendants of the '900 patent against Cozy Comfort's product(s) was intentional and improper.

165.   Cozy Comfort has been damaged by Counterclaim-Defendants' actions including, but not limited to, incurring attorneys' fees related to this bad faith assertion of infringement to third-party retailers.

166.   Upon information and belief, Counterclaim-Defendants knew Cozy Comfort's product(s) did not infringe the '900 patent.

167.   Upon information and belief, one or more Counterclaim-Defendants were driven by focused desire to harm Cozy Comfort and actual malice—seeking to do whatever it took to retaliate against Cozy Comforts' own patent assertions,

168.   Upon information and belief, in pursuing its narrow goal of seeking revenge, one or more Counterclaim-Defendants acted egregiously, with malice, and with

a conscious disregard for the rights of Cozy Comfort—choosing to send completely baseless cease and desist letters to third parties during the week of Thanksgiving with the sole intention of maximizing the damage caused by the baseless assertions.

169.   Due to Counterclaim-Defendants' egregious, reckless, and malicious actions, Cozy Comfort is entitled to punitive damages.

**EIGHTH CLAIM FOR RELIEF**

**(Federal Trademark Infringement)**

170.   Counterclaim-Plaintiff hereby incorporates and realleges paragraphs 1 through 169 as if fully set forth herein.

171.   Upon information and belief, Counterclaim-Defendants' use one or more of The Comfy Word Mark and/or The Comfy Service Mark (collectively the "Marks") in their advertisements, descriptions, promotions, displays, shipments, offerings for sale, sales, and/or distribution of the Accused Products which is likely to cause confusion, to cause mistake, or to deceive, in violation of § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

172.   Counterclaim-Defendants' infringement of THE COMFY's federally registered Marks as aforesaid has caused and is likely to continue to cause substantial injury to the public and to Cozy Comfort, and Cozy Comfort is entitled to injunctive relief and its attorneys' fees and costs under §§ 32, 34, 25 and 36 of the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1117 and 1118.

173.   Counterclaim-Defendants' infringement of Cozy Comfort's federally registered Marks as aforesaid has caused and is likely to continue to cause irreparable harm to Cozy Comfort.  Unless restrained and enjoined by this Court, Counterclaim-Defendants' will persist in their infringement, thereby causing Cozy Comfort further irreparable harm.

174.   Counterclaim-Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Counterclaim-Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35

72

{05308024 / 7}

of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

175.    Cozy Comfort has no adequate remedy at law.

**NINTH CLAIM FOR RELIEF**

**(Trademark Infringement in Violation of Arizona Law)**

176.    Counterclaim-Plaintiff hereby incorporates and realleges paragraphs 1 through 175 as if fully set forth herein.

177.    Upon information and belief, Counterclaim-Defendants' use one or more of The Comfy Word Mark and/or The Comfy Service Mark in their advertisements, descriptions, promotions, displays, shipments, offerings for sale, sales, and/or distribution of the Accused Products which is likely to cause confusion, to cause mistake, or to deceive, in violation A.R.S. §§ 44-1451, *et seq.*

178.    Counterclaim-Defendants' infringement of Cozy Comfort's Marks as aforesaid has caused and is likely to continue to cause irreparable harm to Cozy Comfort. Unless restrained and enjoined by this Court, Counterclaim-Defendants' will persist in their infringement, thereby causing Cozy Comfort further irreparable harm.

179.    Counterclaim-Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Counterclaim-Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action as well as prejudgment and post-judgment interest, and any other relief available.

180.    Cozy Comfort has no adequate remedy at law.

**TENTH CLAIM FOR RELIEF**

**(Common Law Trademark Infringement and Unfair Competition)**

181.    Counterclaim-Plaintiff hereby incorporates and realleges paragraphs 1 through 179 as if fully set forth herein.

182.    Upon information and belief, Counterclaim-Defendants' use one or more of The Comfy Word Mark and/or The Comfy Service Mark in their advertisements, descriptions, promotions, displays, shipments, offerings for sale, sales, and/or distribution

{05308024 / 7}

of the Accused Products constitutes infringement of Cozy Comforts Marks and unfair competition at common law.

183.   Counterclaim-Defendants' infringement of Cozy Comfort's Marks as aforesaid has caused and is likely to continue to cause irreparable harm to Cozy Comfort. Unless restrained and enjoined by this Court, Counterclaim-Defendants' will persist in their infringement, thereby causing Cozy Comfort further irreparable harm.

184.   Counterclaim-Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Counterclaim-Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action as well as prejudgment and post-judgment interest, and any other relief available.

185.   Cozy Comfort has no adequate remedy at law.

## DEMAND FOR JURY TRIAL

186.   Pursuant to Federal Rule of Civil Procedure 38(b), Counterclaim-Plaintiff respectfully demands a jury trial of all issues triable to a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiff prays for judgment against Counterclaim-Defendants as follows:

A.   A judgment and order adjudicating and declaring that Counterclaim-Defendants have infringed the '788 Patent;

B.   A judgment and order adjudicating and declaring that Counterclaim-Defendants have infringed the '380 Patent;

C.   A judgment and order adjudicating and declaring that Counterclaim-Defendants have engaged in trade dress infringement and unfair competition;

D.   A judgment and order adjudicating and declaring that Counterclaim-Defendants have engaged in trademark infringement and unfair competition;

E.   A judgment and order permanently enjoining Counterclaim-Defendants, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing

{05308024 / 7}

persons or entities from further infringement of the '788 Patent, the '380 Patent and Counterclaim-Plaintiff's Marks, Trade Dress and from further unfair competition;

E.     A judgment and order that Counterclaim-Defendants must account and pay actual damages (but no less than a reasonable royalty), to Counterclaim-Plaintiff for Counterclaim-Defendants' infringement of the ''788 Patent, the '380 Patent and/or Counterclaim-Plaintiff's Marks, Trade Dress and for the unfair competition;

F.     A judgment and order awarding Counterclaim-Plaintiff the total profits realized by Counterclaim-Defendants from their infringement of the '788 Patent and/or the '380 Patent pursuant to 35 U.S.C. § 289 and/or profits due to Counterclaim-Plaintiffs trademark infringement and unfair competition;

G.     A judgment and order declaring Counterclaim-Defendants have willfully infringed the '788 Patent, the '380 Patent and/or Plaintiffs' Marks, and/or Trade Dress;

H.     A judgment and order awarding Counterclaim-Plaintiff enhanced damages up to three times any amount ordered under 35 U.S.C. § 284 and the amount found as actual damages for Counterclaim-Defendants' trademark and/or trade dress infringement and unfair competition under 15 U.S.C. § 1117(a);

I.     A judgment ordering an accounting for any infringing sales not presented at trial and an award by the court of additional damages for any such infringing sales;

J.     A determination that this case is exceptional under 35 U.S.C. § 285;

K.     A determination that this case is exceptional under 15 U.S.C. § 1117;

L.     A judgment and order awarding Counterclaim-Plaintiff its reasonable attorneys' fees;

M.     A judgment and order awarding Counterclaim-Plaintiff its costs, expenses, and interest, including pre-judgment and post-judgment, as provided for by 35 U.S.C. § 284 and 15 U.S.C. § 1117;

N.     A judgment and order awarding pre-judgment and post-judgment interest on each and every monetary award;

O.     A declaration that Counterclaim-Plaintiff's products do not infringe, either

{05308024 / 7}

directly, indirectly, or contributorily the claim of the '900 Patent;

P.      A judgment and order awarding Counterclaim-Plaintiffs damages, including punitive damages, associated with Counterclaim-Defendants' tortious interference with contract; and

P.      Granting Counterclaim-Plaintiff any such other and further relief as this Court deems just and proper, or that Counterclaim-Plaintiff may be entitled to as a matter of law or equity.

Dated this 2nd day of July 2021.

Respectfully submitted,


/s/ Gregory P. Sitrick
Gregory P. Sitrick, AZ Bar No. 028756
GSitrick@Messner.com
**Messner Reeves LLP**
1440 E. Missouri Ave., Suite C100
Phoenix, AZ 85014
(602) 457.5060

*Attorneys for Defendants, Cozy Comfort Company LLC, Brian Speciale and Michael Speciale and Counterclaim-Plaintiff Comfort Company LLC.*

76

1

**<u>CERTIFICATE OF SERVICE</u>**

2

3        I hereby certify that on the 2nd day of July 2021, I caused the foregoing **Second**

4   **Amended Answer to First Amended Complaint for Declaratory Judgment and**

5   **Counterclaims** to be electronically filed with the Clerk of Court using the CM/ECF

6
    system, which will send notification of such filing to all counsel of record at their e-mail
7
    addresses on file with the Court.
8

9
                                                    */s/ Gregory P. Sitrick*
10                                                  Gregory P. Sitrick, AZ Bar No. 028756
                                                    GSitrick@Messner.com
11                                                  **Messner Reeves LLP**
                                                    1440 E. Missouri Ave., Suite C100
12                                                  Phoenix, AZ 85014
                                                    (602) 457.5060
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28