1

2    **WO**

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8    Top Brand LLC, et al.,                )    No.  CV-21-00597-PHX-SPL
                                           )
9                      Plaintiffs,         )
                                           )
10   vs.                                   )    **ORDER**
                                           )
11                                         )
     Cozy Comfort Company LLC, et al.,     )
12                                         )
                                           )
13                     Defendants.         )
                                           )
14   _____)

15          Before the Court is Defendants' partial Motion to Dismiss filed pursuant to Fed. R.

16   Civ. P. ("Rule") 12(b)(1). (Doc. 67) The Motion is ripe and ready for review. (Docs. 79,

17   86) Defendants seek to dismiss Claims Seven through Twelve for lack of jurisdiction. (Doc.

18   67 at 2) Defendants contend these claims "present no justiciable controversy. (Doc. 67 at

19   2) For the following reasons, the Motion will be denied.

20   **I.      BACKGROUND**

21          This case arises out of a series of alleged patent infringements. Plaintiffs Top Brands

22   LLC, E-Star LLC and Flying Star LLC are companies who produce and sell clothing,

23   "including hooded sweatshirts and wearable blankets." (Doc. 62 at ¶¶23, 25, 27) Plaintiff

24   Sky Creations LLC owns U.S. Design Patent No. D728,900 ("the '900 patent") and

25   licensed its intellectual property, which includes the patent, to Top Brands LLC and Flying

26   Star LLC. (Doc. 62 at ¶¶29,31) Defendant Cozy Comfort Company LLC is an Arizona

27   company selling products similar to Plaintiffs' products in online stores and department

28   store retailers. (Doc. 62 at ¶49) Brian and Michael Speciale are the sole members of Cozy

Comfort LLC. (Doc. 62 at ¶34) The patents at issue are (1) U.S. Design Patent No. D859,788 ("the '788 patent"), (2) U.S. Design Patent No. D905,380 ("the '380 patent"), (3) U.S. Design Patent No. D886,416 ("the '416 patent"), (4) U.S. Design Patent No. D903,237 ("the '237 patent"), and (5) U.S. Patent No. 10,420,431 ("the '431 patent"), which are all held by Cozy Comfort LLC. (Doc. 62 at ¶¶12,14,17,18,20)

Plaintiffs allege Defendants contacted e-retailer Amazon.com, where both parties sell or sold their products, to accuse Plaintiffs of patent infringement and to attempt to stop them from selling their products on Amazon.com.[1] (Doc. 62 at ¶¶44–46) Plaintiffs maintain their products do not infringe on Defendants' patents. (Doc. 62 at ¶46)

Plaintiffs initially filed their Complaint in the Northern District of Illinois on February 20, 2020. (Docs. 1, 67 at 2) They filed an Amended Complaint on June 18, 2020. (Doc. 26) The case was transferred to this district on April 8, 2021. (Doc. 67 at 3) Defendants filed their Answer, Affirmative Defenses, and Counterclaims the same day. (Doc. 43) Plaintiffs filed their Second Amended Complaint on May 21, 2021. (Doc. 62) They asserted the following claims: (I) A request for declaratory judgment of non-infringement of the '788 patent, (II) a request for declaratory judgment of invalidity of the '788 patent, (III) a request for declaratory judgment of unenforceability of the '788 patent, (IV) declaratory judgment of non-infringement of the '380 patent, (V) declaratory judgment of invalidity of the '380 patent, (VI) declaratory judgment of unenforceability of the '380 patent, (VII) declaratory judgment of non-infringement of the '416 patent, (VIII) declaratory judgment of invalidity of the '416 patent; (IX) declaratory judgment of unenforceability of the '416 patent, (X) declaratory judgment of non-infringement of the '237 patent, (XI) declaratory judgment of invalidity of the '237 patent, (XII) declaratory judgment of unenforceability of the '237 patent, (XIII) false marketing under 35 U.S.C §

---

[1] These allegations in the Second Amended Complaint seem to contain typographical errors; the Court believes Plaintiffs accidentally refer to themselves as "Defendants" in paragraphs 45 and 46. (Doc. 62 at 6) The response to the Motion to Dismiss contained a similar error. (Doc. 79 at 5) The Court advises Plaintiffs' counsel to spend more time checking their party designations and less time coming up with gun powder metaphors.

292, (XIV) unfair competition under Illinois state law, (XV) tortious interference with contract, and (XVI) tortious interference with prospective economic advantage. (Doc. 62 at ¶¶123–390) Now, Defendants seek to dismiss claims seven through twelve for lack of jurisdiction. (Doc. 67 at 2) Defendants claim there is no actual controversy as to the '416 and '237 patents and thus the Court lacks jurisdiction over the five claims pertaining to those patents (Claims VII–XII). (Doc. 67 at 6–7)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) "allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction." *Kinlichee v. United States*, 929 F. Supp. 2d 951, 954 (D. Ariz. 2013) (quotation omitted). "A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006); *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). "When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Renteria*, 452 F. Supp. 2d at 919. The Court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack on subject matter jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

"To state a case or controversy under Article III, a plaintiff must establish standing." *Arizona Att'ys for Crim. Just. v. Ducey*, 373 F. Supp. 3d 1242, 1245 (D. Ariz. 2019) (quoting *Arizona Christian School Tuition Organization v. Winn*, 563 U.S. 125, 133 (2011)). "The doctrine of standing encompasses both constitutional requirements and prudential considerations." *Arizona Att'ys*, 373 F. Supp. 3d at 1245 (citing *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982)).

3

"The requirement that a case or controversy exist under the Declaratory Judgment Act is identical to Article III's constitutional case or controversy requirement." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005) (internal quotation omitted). "If a case is not ripe for review, then there is no case or controversy, and the court lacks subject-matter jurisdiction." *Id.*

To determine whether there is an actual controversy under the Declaratory Judgment Act (22 U.S.C. § 2201(a)), "[b]asically, the question in each case is whether the facts alleged, under all of the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Williams & Lake LLC v. Genesis Sys. LLC*, No. CV-17-00117-TUC-CKJ, 2017 WL 6418937, at *3 (D. Ariz. Sept. 13, 2017) (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). "The controversy must be 'definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Williams & Lake*, 2017 WL 6418937 at *3 (citing *MedImmune*, 549 U.S. at 127). "The burden is on the party seeking declaratory judgment to show there is a case or controversy." *Williams & Lake*, 2017 WL 6418937 at *3 (citing *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993)).

## III.   **DISCUSSION**

Defendants argue there are no allegations in the Second Amended Complaint that would demonstrate an actual controversy based on the '416 or '237 patent. (Doc. 67 at 6) Specifically, Defendants argue Plaintiffs never alleged Defendants threatened suit, demanded royalty payments, asserted patent infringement, or "took *any* action which has found [sic] to constitute an affirmative act warranting declaratory judgment." (Doc. 67 at 2) (emphasis in original).

Plaintiffs argue that Defendants refused to stipulate to non-infringement of the '416 and '237 patents after Plaintiffs' counsel asked them to, to allay fears of an impending suit.

4

(Doc. 79 at 5) Plaintiffs further argue the claims regarding related patents (or those in the "same patent family") show a pattern that will lead to litigation over the '416 and '237 patents. (Doc. 79 at 6) All the patents at issue in the case are relating to an "over-garment with a marsupial pocket" or "wearable blankets." (Docs. 62-1 at 3, 119, 266; 62-2 at 154; 79 at 8) Plaintiffs assert they do not need to be accused of infringement to create a justiciable controversy. (Doc. 79 at 7)

Importantly, a plaintiff may file for declaratory judgment even if no claim of patent infringement has been filed. *Williams & Lake*, 2017 WL 6418937 at *3. In *Williams & Lake*, this court engaged in a totality of the circumstances analysis to determine whether it should exercise jurisdiction over patent declaratory judgment claims. 2017 WL 6418937 at *4–5. After it determined the parties met the threshold of having adverse legal interests, it looked at six factors it developed based on precedent. 2017 WL 6418937 at *4–5 (first citing *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003); and *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, 457 U.S. 800; then citing *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1341 (Fed. Cir. 2008); then citing *Arris Group, Inc. v. British Telecommunications PLC*, 639 F.3d 1368, 1381 (Fed. Cir. 2011); and then citing *Cardinal Chem. Co.*, 508 U.S. at 95–96). First, whether plaintiff had taken steps in developing its own version of the product at issue; second, whether the circumstances were such that plaintiff had an "immediate, objective concern" that any move will trigger patent litigation; third, whether defendant made threats of patent infringement allegations; fourth, whether there was previous litigious conduct between the parties; fifth, whether defendant refused to covenant not to sue for patent infringement; and sixth, injury in fact. *Id.*

Using these factors as guideposts, the Court finds under the totality of the circumstances there is an actual controversy between the parties regarding the '416 and '327 patents and it may exercise jurisdiction over declaratory judgment Claims VII through XII. As an initial matter, the parties obviously have adverse legal interests because they are in court litigating multiple patent claims. The Court's jurisdiction over the claims

concerning the two other patents in this case is not disputed. The *Williams & Lake* factors weigh as follows:

>   1.  *Whether Plaintiffs took steps to develop its own version of the product at issue*

The four patents at issue are held by Defendants and all refer to types of wearable blankets. (Docs.  62-1 at 3, 119, 266; 62-2 at 154; 79 at 8) Defendants sell those blankets online and at brick-and-mortar stores. (Doc. 62 at ¶49) Plaintiffs also manufacture and sell wearable blankets. (Doc. 62 at ¶¶23,25,27) Plaintiff Sky Creations LLC holds U.S. the '900 patent for a product similar to those patented by Defendants. (Doc. 62 at ¶29) Plaintiffs Top Brand LLC and Flying Star LLC are the sole licensees of the '900 patent. (Doc. 62 at ¶31) Defendants have made complaints to Amazon.com regarding Plaintiffs' products, reporting that Plaintiffs' products infringe on their '788 and '431 patents. (Doc. 62 at ¶44–45, 328) The '416 and '237 patents are for similar products. (Docs.  62-1 at 3, 266; 62-2 at 154) These circumstances go beyond "steps" toward developing; Plaintiffs have developed, patented, and are currently selling their own version of the product at issue. This factor supports jurisdiction over the claims at issue.

>   2.  *Whether Plaintiffs had an "immediate, objective concern" that any move would trigger patent litigation* and *3. Whether Defendant made threats of patent infringement allegations*

In considering whether there is a "controversy of sufficient immediacy," the Federal Circuit considers whether plaintiffs allege an "affirmative act" by the patentee, which may either relate to the patents in suit or be "directed at any plaintiff." *Ass'n for Molecular Pathology v. U.S. Pat. & Trademark Off.*, 689 F.3d 1303, 1318–19 (Fed. Cir. 2012), aff'd in part, rev'd on other grounds in part sub nom. *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576 (2013). The act must have happened recently enough that it gives rise to an objective concern of imminent action. *Id.* at 1319. The affirmative act evaluation encompasses the second and third factors set forth in *Williams & Lake*. Thus, the Court will address them together.

In the Second Amended Complaint Plaintiffs pled "Due to Defendants' history of

making unsubstantiated claims of infringement both directly to Plaintiffs and to 3rd Parties contracting with Plaintiffs, Plaintiffs have a present apprehension of being interfered with, sued, or both by Defendants with respect to each of U.S. Patent Nos. 10,420,431, D859,788, D886,416, D903,237, and D905,380." (Doc. 62 at ¶122) Defendants have made claims of infringement against Plaintiffs with Amazon.com regarding the '431 and '788 patents but have not made any regarding '416 and '237. (Doc. 79 at 4) They also have never filed an infringement action in federal court prior to this case. (Doc. 79 at 4) They did however, file counterclaims against Plaintiffs regarding the '788 and '380 patents and alleged trade dress infringement. (Doc. 43 at 65–71) Plaintiffs argue the counterclaims are part of the pattern of threats from Defendants. (Doc. 79 at 5)

There have clearly been multiple "affirmative acts" taken by Defendants and directed at Plaintiffs, regarding patents involving similar technology. The Court thus finds Plaintiffs' concern regarding the patents at issue was objective. *See id.* at 1318–19. Factor two goes toward jurisdiction.[2]

In *Williams & Lake*, the plaintiff alleged the defendants stole their design for the product at issue and applied for the patent. 2017 WL 6418937 at *4. The plaintiff feared trying to patent the product at issue because of defendants' actions. *Id.* The *Williams & Lake* plaintiff further alleged defendants' agent threatened plaintiff and plaintiff's customers by telling them buying plaintiff's product infringed on defendants' patent. *Id.* There have been no such allegations made in the instant case. However, "a specific threat of infringement litigation by the patentee is not required to establish jurisdiction…" *ABB Inc. v. Cooper Indus., LLC*, 635 F.3d 1345, 1348 (Fed. Cir. 2011) (citing *Hewlett–Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1362 (Fed. Cir. 2009)). This rule is copacetic with

---

[2] Defendants argue the Court should follow *Restoration Industry Assoc. Inc. v. ThermaPure, Inc.*, in which a Central District of California judge found it lacked jurisdiction over claims regarding five of the six patents at issue because they were unasserted and the fear of future litigation could not serve as a basis for jurisdiction. No. CV1203169JVSRZX, 2013 WL 12144111, at *2–3 (C.D. Cal. July 11, 2013). (Doc. 86 at 5) However, that case is distinguishable because there the defendants had only filed claims against the plaintiff's industry peers and made no affirmative acts toward the <u>plaintiff</u>. *Id.* (emphasis added).

the requirement that there must at least be some affirmative act or acts by the patentee directed at the plaintiff or the patents. Here, Defendants did not make specific threats of litigation regarding the '416 and '237 patents but directed plenty of affirmative acts toward plaintiffs. Because there was not a specific threat, but because a specific threat is also not required, the Court finds the third factor weighs neither toward nor against jurisdiction.

### 4. Whether there was previous litigious conduct between the parties

As stated above, Defendants have never initiated litigation against Plaintiff. (Doc. 79 at 4) There are also no allegations that Defendants threatened to sue in this instance. (Docs. 62, 67 at 7) This case is the first time Plaintiffs have sued Defendants. This factor weighs against exercising jurisdiction because there has been no prior litigious conduct alleged. *See Prasco*, LLC, 537 F.3d at 1341.

### 5. Whether Defendant refused to covenant not to sue for patent infringement

It is well settled that a defendant's refusal to submit a covenant not to sue for patent infringement on the patents at issue weighs in favor of jurisdiction. *See Williams & Lake*, 2017 WL 6418937 at *5; *Arris Group, Inc. v. British Telecommunications PLC*, 639 F.3d 1368, 1381 (Fed. Cir. 2011); *Prasco LLC*, 537 F.3d at 1341. Here, Defendant did exactly that. (Doc. 79 at 5) Therefore, this factor weighs in favor of jurisdiction.

### 6. Injury in fact

The court in *Williams & Lake* found the plaintiff's inability to pursue its own patent or receive income from sales of a patented product due to the defendant's patent to be an injury in fact. 2017 WL 6418937 at *5. The court also considered costs tied to future infringement litigation. *Id.* The alleged injury here is interference with Plaintiffs' sales of the products similar to Defendants'. (Doc. 62 at ¶¶88) Plaintiffs have already had products removed from Amazon.com because of Defendants' actions and allege Defendants continue to interfere with their business. (Doc. 62 at ¶¶72–73, 88, 116) Plaintiffs believe there will be further interference with their products based on the patents at issue, and further future litigation. (Doc. 79 at 7–8) Plaintiffs argue they face a dilemma of halting sales or continuing sales and risking infringement suits. (Doc. 79 at 7) The Court finds the

interference with sales and the costs of future litigation to be sufficient injuries in fact. This factor weights toward exercising jurisdiction.

Finally, outside the *Williams & Lake* factors, Plaintiffs state that the issues with the '788 and '380 patents cannot be resolved without also resolving the issues with the '416 and '237 patents and that resolving the potential infringement issues within a single litigation is the most "expeditious, efficient, and economical" means of resolution. (Doc. 79 at 8–9)

Weighing all the factors together, as well as considering judicial economy, the Court finds under the totality of the circumstances there is an actual controversy between the parties as to the '416 and '237 patents and it may exercise jurisdiction over the claims regarding those patents.

Having found jurisdiction over Claims VII through XII, the Court need not address Plaintiffs' arguments in the alternative to bring them as counterclaims. (Doc. 79 at 9–11)

Accordingly,

**IT IS ORDERED** that Defendant's Partial Motion to Dismiss (Doc. 14) filed pursuant to Rule 12(b)(1) is **denied**.

Dated this 9th day of August, 2021.

Honorable Steven P. Logan
United States District Judge

9