**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Top Brand LLC, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>Cozy Comforts Company LLC, et al.,<br><br>    Defendants. | No. CV-21-00597-PHX-SPL<br><br>**ORDER** |

  Before the Court is Plaintiffs' and Counter-Defendant John Ngan's Motion to Dismiss Counterclaims and Strike Affirmative Defenses (Doc. 87) filed pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) and 12(f). The Motion is ripe and ready for review. (Docs. 88, 90) Plaintiffs seek to dismiss Counterclaims Five and Seven and to strike all five of Defendants' affirmative defenses. (Doc. 87 at 2) Plaintiffs state Defendants inadequately pled both the counterclaims at issue and the affirmative defenses. (Doc. 87 at 2) For the following reasons, the Motion will be granted in part and denied in part as follows.

**I. BACKGROUND**

  This case arises out of a series of alleged patent infringements. Plaintiffs Top Brands LLC, E-Star LLC and Flying Star LLC are companies who produce and sell clothing, "including hooded sweatshirts and wearable blankets." (Doc. 62 at ¶¶23, 25, 27) Plaintiff Sky Creations LLC owns U.S. Design Patent No. D728,900 ("the '900 patent") and licensed its intellectual property, which includes the patent, to Top Brands LLC and Flying Star LLC. (Doc. 62 at ¶¶29,31) Defendant Cozy Comfort Company LLC is an Arizona

company selling products similar to Plaintiffs' products in online stores and department store retailers. (Doc. 62 at ¶49) Brian and Michael Speciale are the sole members of Cozy Comfort LLC. (Doc. 62 at ¶34) The patents at issue are (1) U.S. Design Patent No. D859,788 ("the '788 patent"), (2) U.S. Design Patent No. D905,380 ("the '380 patent"), (3) U.S. Design Patent No. D886,416 ("the '416 patent"), (4) U.S. Design Patent No. D903,237 ("the '237 patent"), and (5) U.S. Patent No. 10,420,431 ("the '431 patent"), which are all held by Cozy Comfort LLC. (Doc. 62 at ¶¶12,14,17,18,20)

Plaintiffs initially filed their Complaint in the Northern District of Illinois on February 20, 2020. (Docs. 1, 67 at 2) They filed an Amended Complaint on June 18, 2020. (Doc. 26) The case was transferred to this district on April 8, 2021. (Doc. 67 at 3) Defendants filed their Answer, Affirmative Defenses, and Counterclaims the same day. (Doc. 43) Plaintiffs filed their Second Amended Complaint on May 21, 2021. (Doc. 62) They asserted various claims regarding the validity and enforceability of the patents at issue. Defendants filed a new Answer in response to the Second Amended Complaint on July 2, 2021, asserting the following counterclaims: (I) infringement of the '788 patent, (II) infringement of the '380 patent, (III) federal trade dress infringement and unfair competition, (IV) common law trade dress infringement and unfair competition, (V) unjust enrichment, (VI) declaratory judgment of non-infringement of the '900 patent, (VII) tortious interference with contract, (VIII) federal trademark infringement, (IX) Arizona trademark infringement, and (X) common law trademark infringement and unfair competition. (Doc. 77 at 64–74) They also assert the following affirmative defenses: failure to state a claim, unclean hands doctrine, lack of standing, unjust enrichment, and preemption. (Doc. 77 at 30–32) Now, Plaintiffs seek to dismiss Counterclaims Five and Seven for failure to state a claim. (Doc. 87 at 2) They also seek to strike all five of Defendants' affirmative defenses for inadequate pleading. (Doc. 87 at 6)

**II.    LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief" so the

defendant is given fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Rule 8(a)(2)). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When deciding a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

"Rule 12(f) of the Federal Rules of Civil Procedure provides that a 'court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Ocean Garden Prod. Inc. v. Blessings Inc.*, No. CV-18-00322-TUC-RM, 2019 WL 396873, at *1 (D. Ariz. Jan. 29, 2019) (quoting Rule 12(f)).

### III. DISCUSSION

#### A. Dismissal under Rule 12(b)(6)

The Court will address Counterclaims Five and Seven Separately.

##### i. Counterclaim Five: Unjust enrichment

"Generally, '[t]o recover under a theory of unjust enrichment, a plaintiff must demonstrate five elements: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) the absence of justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law.'" *Premier Funding Grp. LLC v. Aviva Life & Annuity Co.*, No. CV-14-01633-PHX-DGC, 2015 WL 789743, at *3 (D. Ariz. Feb. 25, 2015) (citing *Freeman v. Sorchych*, 226 Ariz. 242, 245 P.3d 927, 936 (Ariz. Ct. App. 2011)).

Plaintiffs argue Defendants fail to plead an enrichment and pled other claims that show there are other legal remedies to be had, thus failing to meet the first and fifth elements of the claim. (Doc. 87 at 3–4) Defendants argue they have satisfied all the elements of an unjust enrichment claim, including an enrichment ("[Plaintiffs'] gain through the sale of products which infringe or free-ride on [Defendants'] intellectual

property."). (Doc. 88 at 4–5) They further argue that it is up to the Court whether another legal remedy exists at this stage, but they are able to plead multiple claims for relief without losing the fifth element of unjust enrichment. (Doc. 88 at 5)

To adequately state a claim for unjust enrichment, the benefit to the plaintiff must have been received at the expense of the defendant. *Joshua David Mellberg LLC v. Will*, 96 F. Supp. 3d 953, 988 (D. Ariz. 2015). "At his expense" means the plaintiff conferred a benefit on defendant and defendant received "money or benefits that in justice and equity belong to another." *Joshua David Mellberg*, 96 F. Supp. 3d at 988 (citing *Doe v. Arizona Hosp. & Healthcare Ass'n*, No. CV07-1292-PHX-SRB, 2009 WL 1423378, at *12 (D. Ariz. Mar. 19, 2009)). In *Joshua David Mellburg*, this Court dismissed Plaintiff's claim for unjust enrichment because "the allegations in the [First Amended Complaint] do not support the theory that [Plaintiff] conferred a single benefit on Defendants." 96 F. Supp. 3d at 988. Arizona courts rule that "for an award based on unjust enrichment, a plaintiff must show 'that it was not intended or expected that the services be rendered or the benefit conferred gratuitously, and that the benefit was not conferred officiously.'" *Freeman v. Sorchych*, 226 Ariz. 242, 251–52 (Ct. App. 2011) (citing *Murdock–Bryant Constr., Inc. v. Pearson*, 146 Ariz. 48, 53, 703 P.2d 1197, 1202 (1985) (internal citations omitted)). The so-called alleged benefit here is not of the kind usually contemplated by courts considering unjust enrichment claims. As in *Joshua David Mellburg*, the facts do not support a theory that Defendants conferred a benefit on Plaintiffs. 96 F. Supp. 3d at 988. Having found no benefit, the Court declines to address the parties' arguments regarding the fifth element of the unjust enrichment claim and will dismiss it without doing so.

>  *ii.    Counterclaim Seven: Tortious interference with contract*

To state a claim for tortious interference with contract, a party must plead "(1) 'the existence of a valid contractual relationship or business expectancy'; (2) 'the interferer's knowledge of the relationship or expectancy'; (3) 'intentional interference inducing or causing a breach or termination of the relationship or expectancy'; and (4) 'resultant damage to the party whose relationship or expectancy has been disrupted.'" *MD*

*Helicopters Inc. v. Boeing Co.*, No. CV-17-02598-PHX-JAT, 2018 WL 1912526, at *8 (D. Ariz. Apr. 23, 2018) (citing *Miller v. Hehlen*, 104 P.3d 193, 202 (Ariz. Ct. App. 2005)).

Plaintiffs argue Defendants failed to plead "the existence of a contract, the terms of any contract, or even any allegation that any contract was breached," as well as failing to plead any damages aside from attorneys' fees incurred. (Doc. 87 at 5) Defendants argue they pled existence of contracts with third-party retailers and that Plaintiffs "willfully and intentionally" attempted to induce the third parties to breach the contracts. (Doc. 88 at 7) Defendants also argue that attorneys' fees may serve as damages. (Doc. 88 at 7) In reviewing the Answer and Counterclaims (Doc. 77), the Court finds Defendants did in fact fail to plead a breach or termination of those contracts with the third-party retailers, as is required. See *MD Helicopters*, 2018 WL 1912526 at *8. Therefore, the tortious interference with contract claim fails.

### B. Striking under Rule 12(f)

"Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic, motions to strike under Rule 12(f) are disfavored and infrequently granted." *Ocean Garden Prod.*, 2019 WL 396873 at *1 (internal quotations omitted). "[E]ven when a motion to strike an insufficient defense is 'technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party.'" *Cabanillas v. 4716 Inc.*, No. CV-20-00894-PHX-MTL, 2021 WL 1889798, at *1 (D. Ariz. Mar. 3, 2021) (citing *BBK Tobacco & Foods LLP v. Skunk Inc.*, No. CV-18-02332-PHX-JAT, 2019 WL 6065782, at *1 (D. Ariz. Nov. 15, 2019) (internal quotations omitted)). The Ninth Circuit uses a "fair notice" standard, which requires the defendant to describe the nature of the defense "in general terms." *Cabanillas*, 2021 WL 1889798 at *1 (citing *Kohler v. Flavia Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015)).

First, Plaintiffs failed to show prejudice to themselves in their Motion. Second, "general terms" do not require detailed factual allegations — this Court recently found that a "boilerplate label" affirmative defense is sufficiently for purposes of the fair notice

standard. *See Sidi Spaces LLC v. Aluminum Trailer Co.*, No. CV-19-01476-PHX-SRB, 2020 WL 6799262, at *7 (D. Ariz. Oct. 22, 2020) (finding the statement "[Plaintiff's] breach of contract claims are also barred by the statute of frauds." was a sufficiently stated affirmative defense). Here, the affirmative defenses were all stated in general terms in the Answer. (Doc. 77 at 30–32) Therefore, the Court will not grant the motion to strike at this early stage when Plaintiffs have fair notice of the affirmative defenses. See *Cabanillas*, 2021 WL 1889798 at *1, *Sidi Spaces*, 2020 WL 6799262 at *7.

Accordingly,

**IT IS ORDERED** that Plaintiffs' and Counter-Defendant John Ngan's Motion to Dismiss Counterclaims and Strike Affirmative Defenses (Doc. 87) filed pursuant to Rule 12(b)(6) and 12(f) is **granted in part and denied in part** as follows:

I.    The Motion to Dismiss is **granted**.

II.    The Motion to Strike is **denied**.

Dated this 18th day of August, 2021.

Honorable Steven P. Logan
United States District Judge