**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Top Brand LLC, et al., | No. CV-21-00597-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| Cozy Comfort Company LLC, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion for Attorneys' Fees and to Preclude Use of Certain Evidence (the "Motion"). (Doc. 229). Defendants seek an award of attorneys' fees, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), that arose from a discovery dispute that was resolved in Defendants' favor on October 27, 2022. (*See* Doc. 197). Defendants also request preclusion of certain evidence and an award of *additional* attorneys' fees as a sanction for Plaintiffs' alleged ongoing violations of the Court's October 27, 2022 Order. In support of the Motion, Defendants attach a Sealed Declaration from Defendants' counsel Isaac Crum (the "Declaration"). (Doc. 36). Defendants' Motion is fully briefed and ready for review. (Docs. 229, 249, & 245). For the following reasons, the Court grants Defendants' Motion to the extent it seeks preclusion of certain documents, but denies the Motion in all other respects.[1]

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending Motion suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

## I.    **BACKGROUND**

On July 25, 2022, Defendants raised a discovery dispute in responding to a separate, independent discovery dispute that had been raised by Plaintiffs a few days prior. (Doc. 179 at 3–5). On August 9, 2022, the Court ordered Plaintiffs to respond to the dispute raised by Defendants. (Doc. 183 at 4). On August 10, 2022, Plaintiffs timely filed a responsive brief. (Doc. 186). The dispute related to certain financial information which Defendants alleged that Plaintiffs had only partially disclosed or withheld entirely. (Doc. 197 at 1). Specifically, Defendants requested that the Court order Plaintiffs to produce the following:

> (i) spreadsheets showing sales from all platforms;
>
> (ii) spreadsheets and QuickBooks files showing sales, costs, fees, overhead, and profit, on a company-by-company bases;
>
> (iii) financial statements for the last five years for each of the Plaintiff companies;
>
> (iv) general ledgers for the last three years for each of the Plaintiff companies;
>
> (v) federal tax returns for the last five years for each of the Plaintiff companies;
>
> (vi) bank statements for the last six months for each of the Plaintiff companies' bank accounts

(*Id.* at 2). The parties appeared before the Court for a Discovery Dispute Hearing on October 18, 2022, (*see* Doc. 195), and the Court issued an Order resolving the dispute in Defendants' favor on October 27, 2022. (Doc. 197).

Defendants now seek an award of attorneys' fees and expenses that were incurred in moving to compel the disclosure of the above discovery items. Defendants additionally assert that Plaintiffs have not fully complied with the Court's October 2022 Order and their Rule 26 discovery obligations, and that preclusion of certain evidence and an additional award of fees and expenses is necessary.

///

///

## II. DISCUSSION

### A. Request for Attorneys' Fees as Prevailing Party in Discovery Dispute

Defendants first seek an award of attorneys' fees, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), that arose from the discovery dispute that was resolved in Defendants' favor on October 27, 2022. (Doc. 229 at 2–3). "Rule 37(a)(5)(A) requires that, if a motion to compel is granted, the court *must* award the moving party its 'reasonable expenses incurred in making the motion, including attorneys fees' unless one of three exceptions applies." *Keenan v. Maricopa Cnty. Special Health Care Dist.*, No. 2:18-cv-1590-HRH, 2019 WL 5103082, at *3 (D. Ariz. Oct. 11, 2019) (emphasis added). First, an award is not required "if the movant failed to attempt to first informally resolve the discovery dispute." Fed. R. Civ. P. 37(a)(5)(A)(i). Second, an award is not required if the opposing party's non-disclosure was "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). Finally, an award is not required if circumstances exist which would make the award of expenses "unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). The burden of establishing a substantial justification or special circumstances making an award unjust is on the party who opposed the motion to compel. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994) (citing *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983)). "The district court has great latitude in imposing sanctions under" Rule 37. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985).

As an initial matter, the Court notes that an award of fees under Rule 37(a)(5)(A) may be available notwithstanding the fact that Defendants did not file a formal motion to compel. The Court treated Defendants' request as a motion to compel. (*See* Doc. 197 at 3, n.1). Moreover, the only reason Defendants did not file a motion to compel is because the parties were correctly following the Court's Case Management Order, which requires parties to present discovery disputes as a joint motion. (Doc. 85 at 4); *see Byzantine Catholic Eparchy of Phx. v. Burri Law PA*, No. CV-20-00779-PHX-ROS, 2022 WL 3597106, at *2 (D. Ariz. June 17, 2022) ("Pursuant to the Court's Discovery Dispute Order, the parties filed a Joint Notice of Discovery Dispute [], not a motion to compel. However,

the Discovery Dispute Order procedure is designed to streamline the discovery process by requiring the parties to submit their briefing regarding a motion to compel discovery in one document, rather than a motion-response-reply. Because the Discovery Dispute Order modifies the Rule 37 procedure but does not purport to eliminate it, the Court finds Rule 37(a)(5)(A) sanctions are available.").

With respect to the first exception under Rule 37(a)(5)(A), the Court found in the October 2022 Order that the parties "clearly conferred on this dispute on several occasions" prior to bringing it to the Court for resolution. (*See* Doc. 197 at 3, n.1). Thus, the Court does not find that Defendants should be precluded from an award under the first exception. *See* Fed. R. Civ. P. 37(a)(5)(A)(i) (asking whether the movant attempted to first resolve discovery dispute informally).

As to the second and third exceptions—whether the opposing party's non-disclosure was "substantially justified" and whether circumstances exist which would make the award "unjust"—Plaintiffs argue that the parties' discovery dispute amounted to "a reasonable difference of opinion on the scope of discovery." (Doc. 249 at 2). Plaintiffs argue that their objections to Defendants' discovery requests were "reasonable and substantially justified" and that an award of fees under these circumstances would be "unjust." (*Id.*). Defendants respond that the discovery dispute did not result from a reasonable difference of opinion as to the scope of discovery, but rather a "months-long intransigence" by Plaintiffs. (Doc. 245 at 2). Defendants contend that the Court "was not called upon to clarify that Plaintiffs' opinion as to the scope of discovery was wrong," but rather "to *compel* Plaintiffs to disclose information that should have already been disclosed, and which was unjustifiably withheld." (*Id.* (emphasis in original)).

"Substantial justification exists where the losing party shows that it raised an issue about which reasonable minds could genuinely differ on whether the party was bound to comply with the discovery rule." *Lopez v. Mauisun Comput. Syst., Inc.*, No. CV-12-00414-TUC-BPV, 2016 WL 524659, at *1 (D. Ariz. Feb. 10, 2016); *see also Hyde*, 24 F.3d at 1171 (recognizing that "a good faith dispute concerning a discovery question might, in the

proper case, constitute 'substantial justification'"). Plaintiffs "must 'affirmatively demonstrate' that their 'discovery conduct was substantially justified.'" *Sandoval v. Yeter*, No. CV 18-0867-CBM (JPRx), 2019 WL 7905731, at *2 (C.D. Cal. Oct. 31, 2019) (citation omitted). Courts have found an absence of substantial justification where the party opposing discovery: entirely failed to respond to the discovery request, *see Lopez*, 2016 WL 524659, at *2; advanced only "conclusory assertions" that the discovery had already been sufficiently disclosed and that additional discovery was not relevant, *see id.*; failed to meet and confer on the discovery dispute, *see Sandoval*, 2019 WL 7905731, at *2; and asserted a meritless legal argument that the party seeking discovery was not entitled to discovery, *see Trujillo v. Chefs' Warehouse W. Coast*, No. 2:19-cv-08370 DSF (MAAx), 2021 WL 3578308, at *8–10 (C.D. Cal. Apr. 26, 2021).

The Court finds that Plaintiffs' position in the discovery dispute was substantially justified. The fact that Plaintiffs continually objected to Defendants' requests throughout the parties' month-long discovery dispute does not necessarily mean that Plaintiffs' conduct was uncooperative or unreasonable. Rather than wholly ignoring Defendants' requests—or otherwise refusing to meet and confer on the issues—Plaintiffs maintained consistent communication with Defendants regarding the disputed discovery. (*See* Doc. 249 at 4–6 (Plaintiffs' detailed explanation of the back-and-forth that occurred over course of discovery dispute)). Although Defendants may not have been satisfied, Plaintiffs made numerous attempts—in October 2021, March 2022, June 2022, and July 2022, at the least—to provide Defendants with the discovery they sought. (*See* Doc. 186 at 2–3). Likewise, and in response to Defendants' Reply argument (*see* Doc. 245 at 2), the fact that Defendants ultimately had to call upon the Court to *compel* the discovery does not necessarily preclude the parties' dispute from being considered a reasonable difference of opinion as to the scope of discovery and therefore substantially justified. If this were true, Rule 37's "substantial justification" exception would be entirely meaningless, as the question of substantial justification only comes into play after a court has granted a motion to compel discovery. *See* Fed. R. Civ. P. 37(a)(5)(A).

More importantly, Plaintiffs' opposition to Defendants' discovery requests was not based on conclusory assertions or meritless legal arguments. Rather, Plaintiffs asserted and maintained reasonable, legally supportable objections to all of Defendants' requests. With respect to each of Defendants' six categories of discovery requests, Plaintiffs asserted (i) that they already made a sufficient disclosure; (ii) that the documents requested did not exist; (iii) that the documents requested were irrelevant; or (iv) some combination of these arguments. (*See generally* Doc. 186). The fact that Defendants disagreed as to the sufficiency of Plaintiffs' disclosures only demonstrates that the parties disputed the scope of discoverable documents, *not* that Plaintiffs' position was necessarily frivolous. As noted above, Plaintiffs continually supplemented their disclosures over the course of many months, demonstrating their efforts to satisfy Defendants' requests. The Court will not fault Plaintiffs for making its disclosures in measured, small steps. Plaintiffs were reasonably justified in providing Defendants with only what they asked for and nothing more, particularly where Plaintiffs believed that Defendants' requests were approaching the outer bounds of the scope of discovery. As to Plaintiffs' argument that some of the requested discovery did not exist in the first place, the Court found "no reason to doubt" that contention and instead simply ordered Defendants to create such documents if necessary. (Doc. 197 at 5). Finally, Plaintiff's relevancy arguments were not meritless, but rather common and reasonable assertions for a party to make when that party believes that discovery requests are approaching the outer bounds of discovery. Although the Court ultimately ruled in Defendants' favor with respect to all six categories of discovery sought, the Court never found that Plaintiffs' opposition was frivolous or unreasonable.

If Plaintiffs' objections had been substantially unjustified, the Court would likely not have needed to hold a Discovery Dispute Hearing, as it could have ruled on the dispute on the parties' briefing alone. Instead, the Court found that both parties were asserting reasonable and supportable positions and that a Hearing would provide them with the opportunity to make additional argument to aid this Court's efforts to resolve the dispute. All told, the Court finds that Plaintiffs have met their burden of demonstrating that their

opposition to Defendants' discovery requests was substantially justified, and this Court declines to exercise its discretion to award fees under Rule 37(a)(5)(A) to Defendants.

## B. Request for Preclusion and Additional Attorneys' Fees

Defendants take issue with two documents offered as exhibits to support Plaintiffs' Response to Defendants' Motion for Summary Judgment: (i) a 2021 partnership tax return summary prepared for Plaintiff Flying Star LLC and another entity, "Flying Star West LLC" (Doc. 235-1 at 55–59); and (ii) Amazon Seller Agreements (Doc. 235-4 at 266–306).[2] (*See* Doc. 229 at 6–7). Defendants allege that Plaintiffs withheld the tax return summary in contravention of this Court's October 2022 Order and the Amazon Seller Agreements in contravention of Plaintiffs' general discovery obligations under Rule 26. (*Id.*). Therefore, Defendants request that, pursuant to Rules 37(b)(2)(A) and 37(c)(1), the documents be precluded from consideration as evidence at trial or on summary judgment *and* that, pursuant to Rule 37(b)(2)(C), Defendants be awarded attorneys' fees and expenses incurred as a result of Defendants being "forced to address" the documents in their Summary Judgment Reply. (*Id.* at 2, 4–7).

Defendants' request for evidentiary preclusion and additional attorneys' fees is based on an application of Rule 37. Rule 37(b)(2)(A) permits the exclusion of evidence as a sanction for a party's failure to "obey an order to provide or permit discovery." *See* Fed. R. Civ. P. 37(b)(2)(A)(i)–(iii).[3] Rule 37(b)(2)(C) provides that "the court *must* order the

---

[2] Throughout Defendants' Motion, Defendants imply that there are *other* documents—aside from the tax return summary and the Amazon Seller Agreements—that Plaintiffs produced for the first time at the summary judgment stage, in contravention of Defendants' discovery requests and/or this Court's Order. However, Defendants fail to identify such documents. (*See generally* Docs. 229 & 245; *see also* (Doc. 236 at 5 (Declaration identifying only tax return summary and Amazon Seller Agreements as documents that Plaintiffs failed to disclose)). The Court therefore only addresses the tax return summary and the Amazon Seller Agreements in this Order.

[3] "If a party . . . fails to obey an order to provide or permit discovery . . . the court . . . may issue further just orders [including] (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing

disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). Likewise, Rule 37(c)(1) provides for exclusion of evidence that was discoverable under Rule 26 but withheld anyway, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to [the discovery] requirements [of Rule 26] by forbidding the use at trial of any information required to be disclosed by Rule 26(a) [and (e)] that is not properly disclosed."). Rule 37(c)(1) also provides the Court with discretion to "order payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1)(A).

With respect to the tax return summary (Exhibit B to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment), the Court finds that preclusion is entirely unnecessary. As Plaintiffs point out, the tax return summary is nothing more than a summary of the figures stated on Flying Star, LLC's 2021 federal tax return that was produced to Defendants on November 23, 2022, a few weeks after this Court's October 2022 Order.[4] (*Compare* Doc. 235-1 at 56–59 *with* Doc. 235-1 at 43, 47–48). Having carefully reviewed the tax return summary and the actual 2021 federal tax return, the Court is unable to identify even a single piece of information included in the tax return summary that cannot also be found in the actual tax return. (*See id.*). Therefore, any substantive information that could possibly be gleaned from the tax return summary *was* disclosed to

---

designated claims or defenses, or from introducing designated matters into evidence; [and] (iii) striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(i)–(iii).

[4] Plaintiffs attach a chart listing all financial disclosures they have made to date, (*see* Doc. 249-1 at 12–16), and specifically point the Court to their November 23, 2022 disclosure of "Federal tax returns for the last five years for each of the separate Plaintiff companies." (Doc. 249 at 6 (citing Doc. 249-1 at 15)). Defendants' Reply does not meaningfully dispute that Flying Star, LLC's 2021 federal tax return was properly disclosed on November 23, 2022. (*See generally* Doc. 245).

Defendants—in accordance with this Court's October 2022 Order—when Plaintiffs produced the actual tax return on November 23, 2022.

This dispute was unnecessary and wasteful of the Court's time and resources. Defendants had no reason to raise issue with the tax return summary in the first place, as a simple review of the document reveals that the information contained therein was pulled *directly* from Flying Star, LLC's 2021 federal tax return. Thus, even if the Court were to exclude the tax return summary, Defendants would not gain any benefit because the information excluded would still be subject to consideration as evidence by virtue of it being contained in the properly disclosed and fully admissible federal tax return. To be sure, Plaintiffs also contributed to this dispute being unnecessarily presented to the Court. Other than arguing for the principle of the matter, Plaintiffs had no reason to strongly oppose Defendants' request. Plaintiffs would not have been harmed at all by exclusion of the tax return summary because, as Plaintiffs themselves point out, the document contains only information taken directly from the independently admissible 2021 federal tax return. Going forward, the Court expects the parties to resolve issues like this on their own, without the Court's intervention.

All told, the Court finds that Plaintiffs obeyed the October 2022 Order by disclosing Flying Star, LLC's 2021 federal tax return to Defendants, that Plaintiffs' failure to disclose the tax return summary until the summary judgment stage did not amount to a disregard of this Court's orders, and that preclusion of the tax return summary under Rule 37(b)(2)(A) is unnecessary. Accordingly, the Court will not grant Defendants' request for preclusion of the tax return summary (Exhibit B to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment), *nor* Defendants' request for related attorneys' fees and expenses under Rule 37(b)(2)(C).

Defendants also argue that Plaintiffs withheld the Amazon Seller Agreements (Exhibit PP to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment; Doc. 235-4 at 266–306) during discovery and failed to produce them until the summary judgment stage, "despite [Plaintiffs'] affirmative claim alleging tortious interference with

Amazon contracts and despite the requirement to produce such documents under [Rule] 26(a)(3)(iii)." (Doc. 229 at 6–7). Defendants request that this Court preclude the Amazon Seller Agreements from introduction on summary judgment and/or at trial. (*Id.* at 7). Plaintiffs make no mention of the Amazon Seller Agreements in their Response brief and therefore concede the issue. (*See generally* Doc. 249). The Court grants Defendants' request for preclusion of the Amazon Seller Agreements (Exhibit PP to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment). However, the Court will not grant Defendants' request for attorneys' fees and expenses on this issue. Although Defendants were forced to address the Amazon Seller Agreements in their Reply brief, the documents gave rise to just three, short paragraphs of argument in the brief. (*See* Doc. 228 at 9–10). Perhaps more detrimental to Defendants' fee request, it is impossible for the Court to identify—from the billing records provided by Defendants—just how much drafting time was spent addressing this single issue.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Attorneys' Fees and to Preclude Use of Certain Evidence (Doc. 229) is **partially granted**, but only to the extent that Plaintiffs are precluded from relying on—and this Court will not consider—the Amazon Seller Agreements (Exhibit PP to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment; Doc. 235-4 at 266–306) on summary judgment and/or at trial. Defendants' other requests—including their requests for an award of any attorneys' fees or expenses—are **denied**.

Dated this 13th day of July, 2023.

Honorable Steven P. Logan
United States District Judge