IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Top Brand LLC, et al.,                          )        No.  CV-21-00597-PHX-SPL
                                                )
                    Plaintiffs,                 )        **ORDER**
                                                )
vs.                                             )
                                                )
Cozy Comfort Company LLC, et al.,               )
                                                )
                    Defendants.                 )
                                                )
                                                )

Before the Court is Defendants' Motion for Sanctions and Attorneys' Fees (Doc. 251). Defendants move for sanctions based on Plaintiffs' "egregious pattern of violating this Court's Orders, the latest example of which is the unauthorized and unsealed filing of [Defendant Cozy Comfort Company LLC]'s sensitive and confidential financial information." (*Id.* at 1). Defendants' Motion is fully briefed and ready for this Court's review. (Docs. 251, 256, & 257). The Court's ruling is as follows.[1]

On February 28, 2022, Defendants filed a motion for entry of a stipulated protective order, requesting the Court's approval and entry of a protective order covering "five confidential documents reflecting agreements which exist between Defendants and Third Parties." (Doc. 148 at 2). The confidential agreements each contained provisions stating that the "parties hereto agree to keep this Agreement confidential, and shall not reveal or

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending Motion suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

disseminate, directly or indirectly, any terms or conditions hereof." (*Id.* at 3). The Court granted Defendants' unopposed motion and entered a "Protective Order" aimed at protecting as confidential "any agreement between Defendant and a Third Party, where such agreement includes a provision designating the agreement as confidential, or requiring the agreement to remain confidential." (*See* Doc. 149).

On March 8, 2023 Plaintiffs lodged a Response to Defendants' Motion for Summary Judgment. (Doc. 221). Plaintiffs also filed a Motion to Seal, seeking to file under seal two confidential exhibits (Exhibits A and B) attached to the lodged Summary Judgment Response. (Doc. 219). On March 22, 2023—before the Court had ruled on Plaintiffs' Motion to Seal—Plaintiffs filed a *Supplemental* Motion to Seal, this time requesting permission to also file under seal Exhibits C and H to Plaintiffs' still-lodged Summary Judgment Response. (Doc. 225 at 2). Plaintiffs explained that Exhibit C was a Declaration from John Ngan and that it contained "two financial numbers" that were "derived directly from Exhibits A and B that contain the confidential financial and business information of Flying Star LLC." (*Id.*). Exhibit H, on the other hand, contained excerpts from the August 4, 2022 deposition of Michael Special. (*Id.*). The parties agreed that Exhibit H contained *Defendants*' confidential financial and business information. (*Id.* at 2–3).

On April 4, 2023, the Court entered an Order granting Plaintiffs' Motion to Seal and Supplemental Motion to Seal. (Doc. 233). The Court directed the Clerk's Office to file the Summary Judgment Response that was lodged at Docket No. 221 under seal. (*Id.* at 1). The Court also directed Plaintiffs to file a *redacted* version of the Summary Judgment Response. (*Id.*). On April 5, 2023, Plaintiffs attempted to file a redacted version of the Summary Judgment Response, but instead filed a version that still contained an *unredacted* copy of Exhibit H. (Doc. 238). As a result, Defendants' sensitive and confidential information became publicly available. Within three hours of the filing, Defendants' counsel contacted Plaintiffs' counsel to inform Plaintiffs of the issue. (Doc. 256 at 2 (explaining course of events)). Plaintiffs' counsel responded that they would "take immediate action tomorrow morning to have a redacted copy of Exhibit H substituted in

place." (*Id.* at 2–3). The following morning, Plaintiffs' counsel contacted the Clerk's Office. (*Id.* at 3). A temporary seal was put in place and Exhibit H was no longer available on the public docket. (*Id.*). Plaintiffs also filed a motion to permanently seal the unredacted version of Exhibit H, as well as a *redacted* version of Exhibit H that could be left available on the public docket. (*See* Docs. 240 & 241). On April 12, 2023, the Court granted Plaintiffs' motion and Docket No. 238 was placed under permanent seal.

On May 26, 2023, Defendants filed the Motion for Sanctions and Attorneys' Fees (Doc. 251) that is presently before the Court. Defendants argue that Plaintiffs' public filing of an unredacted Exhibit H was merely "the latest in a series of actions by Plaintiffs that violated various Court Orders and 'abused the judicial process.'" (Doc. 251 at 4). In addition to Plaintiffs' counsel's public filing of Defendants' confidential information, Defendants allege that Plaintiffs' counsel separately violated the Protective Order by attempting to present information that was subject to the Protective Order during the August 2022 deposition of Barbara Corcoran. (*Id.* at 4–5). Defendants also refer the Court to Plaintiffs' alleged failure to produce certain financial information during discovery which resulted in this Court's October 2022 Order compelling Plaintiffs to provide Defendants with the disputed discovery. (*Id.* at 6). Defendants further allege that Plaintiffs failed to comply with the October 2022 Order by not providing all the requisite discovery, that Plaintiffs failed to comply with the one-attorney rule at deposition and at summary judgment, and that Plaintiffs "submitted a sham affidavit [] in an attempt to defeat summary judgment." (*Id.*). Taking all this together, Defendants allege that Plaintiffs have engaged in a pattern of abusive litigation tactics and general disregard for court orders and rules, and that sanctions are necessary to address Plaintiffs' behavior. (*Id.* at 6–7).

The Court is unpersuaded by Defendants' "pattern" theory. In its July 13, 2023 Order (Doc. 259), the Court fully addressed Defendants' allegations that Plaintiffs refused to produce certain financial documents during discovery and then failed to comply with the Court's October 2022 Order. The Court rejected Defendants' position and found that Plaintiffs were substantially justified in objecting to Defendants' discovery requests—even

if they did not ultimately win the discovery dispute—and that Plaintiffs did not disobey the October 2022 Order. (Doc. 259 at 4–7, 9). As to Plaintiffs' compliance with the "one-attorney rule" and alleged submission of a sham affidavit, Defendants do not provide sufficient context or explanation for a finding by this Court that such conduct actually occurred, let alone that it should be considered as part of a pattern of sanctionable misconduct. The Court does not find a pattern of general litigation misconduct by Plaintiffs and Plaintiffs' counsel.

Instead, the Court focuses attention on Defendants' allegations related to the February 28, 2022 Protective Order (Doc. 149) and Plaintiffs' handling of Defendants' confidential information. As an initial matter, the Court would not be inclined to award sanctions if the only examples of Plaintiffs violating the Protective Order were the parties' dispute at the Corcoran Deposition and Plaintiffs' public filing of Exhibit H. The former appears a routine dispute over the scope of a protective order that was resolved at the Deposition or immediately thereafter, as the parties did not bring the dispute to this Court's attention for over nine months. The latter could be chalked up to a simple, inadvertent filing error that was resolved by Plaintiffs' counsel in a matter of hours and that caused little, if any, actual harm to Defendants.

However, the Court cannot overlook Plaintiffs' *latest* mishap with Defendants' confidential information. On June 9, 2023, Plaintiffs filed their Response to the instant Motion for Sanctions. (Doc. 252). Inexplicably, Plaintiffs again violated the Protective Order by including *the same confidential information* and filing it on the public record. Plaintiffs' disregard for Defendants' confidential information was even more egregious this time, as the confidential information was not "inadvertently" disclosed as an attached exhibit but rather expressly included *in the body of Plaintiffs' Response brief*. (*See* Doc. 252 at 4). Moreover, the public disclosure of Defendants' confidential information was not resolved in a matter of hours, as with the first instance. Rather, the Response brief—containing Defendants' confidential information—remained publicly available for nearly a week, as it was not until June 15, 2023, that the original Response was sealed and the

Clerk of Court filed the *corrected* Response (Doc. 256) on the public docket. (*See* Doc. 255). Plaintiffs' inclusion of the confidential information in the original Response served no purpose either; as Defendants note, the information "was not even relevant to the underl[y]ing motion or to Plaintiffs' response and there was no need for Plaintiffs to include [it in] their response." (Doc. 257 at 2).

The Court finds that Plaintiffs have demonstrated a clear pattern of disregard for— and overt violations of—this Court's February 28, 2022 Protective Order. To address such violations—and to deter future violations—the Court will grant Defendants' request for sanctions. "Rule 37(b)(2) provides for a range of sanctions based on a party's failure to comply with a court order, *including protective orders.*" *Lawson v. Grubhub, Inc.*, No. 15-cv-05128-JSC, 2017 WL 3670720, at *2 (N.D. Cal. Aug. 25, 2017) (emphasis added) (citing *United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 910 (9th Cir. 1986)).[2] "Further, under Rule 37(b)(2)(C) 'unless the failure was substantially justified or other circumstances make an award of expenses unjust,' the Court 'must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure.'" *Id.* "The district court has great latitude in imposing sanctions under [Rule] 37." *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425–26 (9th Cir. 1985).

---

[2] In a footnote, Plaintiffs argue that Rule 37(b)(2) does not create a basis for Defendants' sanction request because the orders identified by Defendants' Motion are not "order[s] to provide or permit discovery," as required by the language of the Rule. (Doc. 256 at 5, n.1). Therefore, Plaintiffs argue that the Court should interpret Defendants' Motion "as solely seeking to invoke the Court's inherent authority to issue sanctions." (*Id.*).

To be sure, some courts have interpreted Rule 37(b)(2) in this manner. *See, e.g.*, *Lipscher v. LRP Publ'ns, Inc.*, 266 F.3d 1305, 1323 (11th Cir. 2001) (finding protective order violation not sanctionable under Rule 37(b)(2) because protective order is not "an order to provide or permit discovery"). However, courts in the Ninth Circuit have interpreted Rule 37(b)(2) more broadly to encompass sanctions for violations of protective orders. *See Lambright v. Ryan*, No. CV-87-235-TUC-JMR, 2010 WL 1780878, at *5 (D. Ariz. May 4, 2010) (comparing *Lipscher* with Ninth Circuit case and finding that "Rule 37(b) . . . authorizes a district court to impose a wide range of sanctions if a party fails to comply with a discovery order, including a protective order"). In accord with Ninth Circuit caselaw, Court rejects Plaintiffs' argument.

Here, Defendants request monetary sanctions and an award of attorneys' fees and expenses incurred in preparing this Motion and Reply. (Doc. 257 at 5–6). Additionally, Defendants ask this Court to issue "a warning of automatic monetary sanctions in the amount of $10,000 for each future violation" of court orders or of the Federal or Local Rules. (*Id.* at 5). The Court grants these requests. As to a monetary sanction, the Court finds that a $2,500 sanction is sufficient to deter future violations of the Protective Order. To further deter such future misconduct, the Court issues a warning to Plaintiffs that any future violation of the February 28, 2022 Protective Order will result in automatic monetary sanctions in the amount of $10,000 for each violation. The Court strongly encourages Plaintiffs to exercise greater care in handling Defendants' confidential information going forward to ensure that the Protective Order is not violated again. This should not be difficult, as Plaintiffs should—by this point—be *well aware* of what information is protected under the Protective Order. To the extent Plaintiffs have any questions, Plaintiffs can always meet and confer with Defendants.

As to Defendants' request for attorneys' fees and expenses, the Court will order Defendants to file a separate application for the exact amount of costs and fees incurred in drafting the instant Motion and Reply. Defendants are advised that such application must fully comply with Federal Rule of Civil Procedure 54(d) and Local Rules of Civil Procedure 54.1 and 54.2. This includes compliance with LRCiv 54.2(d)(1), which requires the parties to meet and confer with the intent of resolving disputed issues related to the amount Defendants seeks and otherwise narrowing any potential disputes before raising them with the Court.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Sanctions and Attorneys' Fees (Doc. 251) is **granted**. Plaintiffs are sanctioned **$2,500.00** for violations of the February 28, 2022 Protective Order (Doc. 149). This amount shall be paid to Defendants by **no later than August 15, 2023**.

///

6

**IT IS FURTHER ORDERED** that **any future violation** of the February 28, 2022 Protective Order (Doc. 149) by Plaintiffs shall result in a monetary sanction of **$10,000.00 for each violation**. Plaintiffs are strongly encouraged to exercise greater care in handling Defendants' confidential information, particularly as it relates to future filings.

**IT IS FURTHER ORDERED** that Defendants shall have until **no later than August 8, 2023** to file an application for attorneys' fees and expenses incurred in preparing and drafting the instant Motion and Reply. Defendants are advised that any application it files **must fully comply** with Federal Rule of Civil Procedure 54(d) and Local Rules of Civil Procedure 54.1 and 54.2. This includes compliance with LRCiv 54.2(d)(1), which requires the parties to meet and confer with the intent of resolving disputed issues related to the amount Defendant seeks and otherwise narrowing any potential disputes before raising them with the Court.

Dated this 17th day of July, 2023.

Honorable Steven P. Logan
United States District Judge