IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Top Brand, LLC, et al., | No. CV-21-00597-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| Cozy Comfort Company, LLC, et al., | |
| Defendants. | |

Before the Court are Cozy Comfort Company, LLC, et al.'s ("Defendants") Motion for Permanent Injunction (Doc. 395), Top Brand, LLC, et al.'s ("Plaintiffs") Response (Doc. 411), and Defendants' Reply (Doc. 418). The Court rules as follows.[1]

**I.    BACKGROUND**

On October 11, 2021, Plaintiffs filed a Third Amended Complaint against Defendants Cozy Comfort Company, LLC, et al., alleging patent and trademark infringement, along with Illinois state law unfair competition claims. (Doc. 122). Defendants Answered on October 25, 2021, filing multiple counterclaims regarding the same intellectual property in dispute. (Doc. 128). On April 26, 2024, following a three-week jury trial, judgment was entered in favor of Defendants. (Doc. 378). The jury found that Plaintiffs infringed on Defendants' exclusive possession of the '788 and '416 patents,

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motions are suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

awarding $15,394,978.00 and $1.00 respectively. (*Id*.). The jury similarly found for Defendants regarding the '347 and '456 trademarks, awarding $1,539,497.80 for each. (*Id*.). Finally, the jury found that Defendants engaged in unlawful unfair competition under Illinois State Law and awarded $596,520.00 to Plaintiffs, but the Court later vacated that award post-trial on Motion by Defendants. (Doc. 414).

On May 13, 2024, Defendants filed the instant Motion seeking the following permanent injunctive relief:

> "2. Mr. John Ngan, on his own or through his companies, is hereby permanently enjoined from advertising, marketing, and using the word 'Comfy' in connection with the infringing product lines HD100, HD100S1, HD110, HD120, HD200, HD201, HD210 and HD250.
> 3. Mr. John Ngan, on his own or through his companies, is hereby permanently enjoined from importing, advertising, offering for sale, or selling the infringing product lines HD100, HD100S1, HD110, HD120, HD200, HD201, HD210 and HD250.
> 4. The permanent injunction shall apply to Mr. John Ngan, and to: (1) any and all entities for which Mr. Ngan is an owner, shareholder, director, beneficiary, trustee or officer, whether in whole or part, that manufactures, imports, or sells the product lines found to be infringing; and (2) any and all entities that are provided notice of the injunction that are importing, advertising, offering for sale, or selling the HD100, HD100S1, HD110, HD120, HD200, HD201, HD210 and HD250 product lines found to be infringing."

(Doc. 395-2 at 1–2). Plaintiffs Responded by arguing that the requested injunction is premature, unwarranted, and overly broad. (*See* Doc. 411). Defendants Replied by tailoring the scope of their requested relief by (1) removing from the proposed injunction any products related to the "animal garments" reference among the HD200 and 201 product lines, (2) excluding "large third-party companies which Mr. Ngan owns but over which Plaintiffs and Mr. Ngan have no control, such as where Mr. Ngan is a shareholder in a large publicly-traded company," (3) limiting the territorial application of the injunction to the

United States, and (4) limiting the application of the injunction on the patent claims to the terms of the '788 and '416 patent. (Doc. 418 at 7).

## II. DISCUSSION

To obtain a permanent injunction in patent and trademark cases, a party must demonstrate "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) ("eBay" or "eBay factors"). The Court's "decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court." *Id*.

A successful trademark plaintiff "is entitled to effective relief; and any doubt in respect of the extent thereof must be resolved in its favor as the innocent producer and against the [infringer], which has shown by its conduct that it is not to be trusted." *William R. Warner & Co. v. Eli Lilly & Co.*, 265 U.S. 526, 532 (1924); *accord Levi Strauss & Co. v. Shilon*, 121 F.3d 1309, 1314 (9th Cir. 1997).

### A. Irreparable Injury

In the case of trademark infringement, courts may grant injunctions "to prevent the violation of any right of the registrant of a mark registered in the Patent or Trademark Office." 15 U.S.C. § 1116(a). A party seeking injunctive relief "shall be entitled to a rebuttable presumption of irreparable harm upon a finding" of infringement. *Id*.

In the case of patent infringement, courts routinely find irreparable harm, and therefore grant permanent injunctions where, the infringer and the patentee are direct competitors. *See O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 2007 WL 869576 at *2 (E.D. Tex. 2007) (granting permanent injunction based on the "high value of intellectual property when it is asserted against a direct competitor in the plaintiff's market"); *Novozymes A/S v. Genencor Int'l, Inc.*, 474 F.Supp.2d 592, 613 (D. Del. 2007) (granting permanent injunction and noting the parties "are head-to-head competitors, and [the

patentee] has a right, granted by Congress, not to assist its rival with the use of proprietary technology").

Here, the jury's verdict reflects a finding of trademark infringement under the Lanham Act, and thus the presumption of irreparable harm applies. *See* 15 U.S.C. § 1116(a); *Y.Y.G.M. SA v. Redbubble, Inc.*, 75 F.4th 995 (9th Cir. 2023). Plaintiffs make no argument attempting to rebut this presumption, but instead argue that the injunction should be denied as moot following this Court's ruling on their Motion for New Trial (Doc. 407). As the Court has already denied that motion (Doc. 426), Plaintiffs have failed to overcome the statutory presumption of irreparable harm for the trademark infringement claims. Similarly, with regard to the patent claims, Plaintiffs only argue that recent Federal Circuit Precedent warrants a new trial. (Doc. 411 at 2–5). This was also addressed by the Court in denying the Motion for a New Trial. (Doc. 426). Finally, the Court finds that Defendants have independently established a likelihood of irreparable reputational damage for both claims, given their provided evidence that Plaintiffs have continued to sell the disputed product lines post-trial. (Doc. 395 at 6). This satisfies the irreparable harm requirement. *See Adidas Am., Inc. v. Skechers USA, Inc.*, 890 F.3d 747, 757 (9th Cir. 2018) ("Evidence of loss of control over business reputation and damage to goodwill [can] constitute irreparable harm, so long as there is concrete evidence in the record of those things." (internal quotation and citation omitted) (alterations in original)).

### B. Inadequate Remedies at Law

In cases of trademark infringement, "[i]njury to the trademark owner's reputation and good will as well as to consumer expectations is difficult, if not impossible, to adequately compensate for after the fact." *Daimler AG v. A-Z Wheels LLC*, 498 F. Supp. 3d 1282, 1292 (quoting 5 McCarthy on Trademarks and Unfair Competition § 30:2 (5th ed. 2020)); *see also Century 21 Real Est. Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988) ("Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement.").

In cases of patent infringement, courts have frequently found that "monetary damages are not an adequate remedy against future infringement because 'the principal value of a patent is its statutory right to exclude.'" *Telequip Corp. v. The Change Exchange*, 2006 WL 2385425 at *4-5 (N.D.N.Y. Aug. 15, 2006) (citing *Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.*, 397 F.Supp.2d 537, 546 (D. Del. 2005)); *see also Boehringer Ingelheim Vetmedica v. Schering-Plough*, 106 F.Supp.2d 696, 703 (D. N.J. 2000) ("Where there is no question of future infringement and infringement and validity have already been determined, monetary damages are generally considered inadequate in patent cases.") (emphasis added). As one court recently explained: "[i]f plaintiff cannot prevent its only competitor's continued infringement of its patent, the patent is of little value." *Muniauction, Inc. v. Thomson Corp.*, 502 F.Supp.2d 477, 482 (W.D. Pa. 2007).

Here, Defendants have demonstrated that Plaintiffs have continued to sell the disputed products which were the subject of the three-week trial. (Doc. 395 at 6). Plaintiff's actions make it nearly impossible for Defendants to control its trademark reputation and exercise exclusive use of their patents. The loss of goodwill, reputation for innovation, and legal right to exclude are all forms of irreparable injury that cannot be easily and readily quantified through a simple monetary award. These applies equally in force to the patent and trademark claims. Accordingly, legal remedies are insufficient to compensate for the injuries that Plaintiffs have caused and continue to cause.

**C. Balance of Hardships**

To prevail on the third factor, the harm to a party in the absence of an injunction must outweigh the harm to Defendant as the result of one. *See Anhing Corp. v. Thuan Phong Co. Ltd.*, No. CV1305167BROMANX, 2015 WL 4517846 at *24 (C.D. Cal. July 24, 2015). "There is no indication that [a party] will suffer hardship if a permanent injunction is entered. Rather, an injunction will merely assure [that party's] compliance with the Lanham Act and other laws governing trademarks." *Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc.*, No. 2-17-CV-06650-ODW-FFMX, 2018 WL 1989518, at *8 (C.D. Cal. Apr. 24, 2018); *see also Cadence Design Sys. v. Avant! Corp.,* 125 F.3d 824, 829 (9th

Cir. 1997) ("a defendant who knowingly infringes another's copyright cannot complain of the harm that will befall it when properly forced to desist from its infringing activities.").

In the patent context, the balance of hardships assesses the "relative effect of granting or denying an injunction" by considering factors such as the "parties' sizes, products, and revenue sources." *i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 862 (Fed. Cir. 2010). "[N]either commercial success, nor sunk development costs, shield an infringer from injunctive relief." *Id.* (internal citation and quotations omitted). A party "is not entitled to continue infringing simply because it successfully exploited its infringement." *Id.* (citing *Windsurfing Int'l v. AMF, Inc.*, 782 F.2d 995, 1003 n. 12 (Fed. Cir. 1986)).

Here, Defendants' hardships result from loss of control of their trademark, harm to their reputation, and loss of business their recognition which was built over the years. Conversely, any harm to Plaintiffs is of their own making by knowingly and continually infringing on these rights following the jury verdict. *See Cadence Design Sys.*, 125 F.3d at 829. Similarly in the patent infringement claims, the injunction only applies to the product offerings relate to patents which the jury has already ruled on. Plaintiffs can hardly argue that it would be inequitable to enjoin them from infringing on Defendants' legal rights. Plaintiffs also provide no evidence that an injunction will otherwise cripple their business model. Therefore, the balance of hardships tips strongly in Defendants' favor.

### D. Public Interest

In "trademark infringement cases, the public interest is the right of the public not to be deceived or confused." *Kinsley Tech. Co. v. Ya Ya Creations, Inc.*, 2022 WL 3908831, at *6 (C.D. Cal. Aug. 30, 2022). Where a party's use of a "trademark without authorization is likely to cause confusion, the public interest is damaged by the [ ] use." *Chalon Adventures, Inc. v. Fullerton Lounge, Inc.*, 2019 WL 2896131, at *5 (C.D. Cal. Mar. 7, 2019) (internal citations and quotations omitted).

In general, protecting the rights of patentees and enforcing the patent system serves the public interest. *See ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d

1312, 1341 (Fed. Cir. 2012). The exclusive rights protected by patents "represent the public's willingness to sacrifice access to an invention or method . . . to allow the inventor the opportunity to recoup her investment." *Edwards Lifesciences AG v. Core Valve, Inc.*, 699 F.3d 1305, 1314 (Fed. Cir. 2012).

As discussed above, Plaintiffs have continually used names and designs similar to Defendants trademark and patents without authorization, concurrently with their own use. Continued allowance of this infringement would increase the likelihood of confusion among the public and would degrade Congress' scheme for the use of awarded patents. Therefore, the public's interest is served by imposing a permanent injunction to avoid further confusion.

### III.    CONCLUSION

Having reviewed Plaintiff's motion and supporting documents, and having considered the *eBay* factors for issuance of an injunction, the Court concludes that Defendants' request for a permanent injunction is appropriate. Having reviewed Plaintiffs' argument for overbreadth, the Court finds that Defendants' concessions appropriately tailor the proposed injunction to adequately address these concerns.

Accordingly,

**IT IS ORDERED** that Cozy Comfort Company, LLC, et al.'s ("Defendants") Motion for Permanent Injunction (Doc. 395) is **granted.**

**IT IS FURTHER ORDERED** that Mr. John Ngan, on his own or through his companies, including his agents, servants, employees, and attorneys, and any other person or entity, acting in active concert with him or under his direction, with notice of this Order are hereby permanently enjoined:

1. from advertising, marketing, and using the word 'Comfy' in connection with the infringing product lines HD100, HD100S1, HD110, HD120, HD200, HD201, HD210, and HD250; and
2. from importing, advertising, offering for sale, or selling the infringing product lines HD100, HD100S1, HD110, HD120, HD200, HD201, HD210, and HD250.

**IT IS FURTHER ORDERED** that this injunction does not apply to the "animal garments" products among the HD200 and HD 201 product lines which were not accused of infringement. These are encompassed by the following HD products: 200PAN, 200CAT-BK, 200BEA, 200CATDG, 200UNZI, 201UNI, 201PAN, 201CAT-BK, 201CAT-DG, 201BEA.

**IT IS FURTHER ORDERED** that this injunction shall only apply to

1. Mr. John Ngan;
2. any and all entities for which Mr. Ngan is an owner, director, or officer in which he possess control of the entity that manufactures, imports, or sells the product lines found to be infringing; and
3. any and all entities that are provided notice of the injunction that are importing, advertising, offering for sale, or selling the HD100, HD100S1, HD110, HD120, HD200, HD201, HD210 and HD250 product lines found to be infringing.

**IT IS FURTHER ORDERED** that this injunction does not apply to any third-party companies which Mr. Ngan owns but over which Plaintiffs and Mr. Ngan have no control, such as where Mr. Ngan is a shareholder in a large publicly-traded company.

**IT IS FURTHER ORDERED** that this injunction is limited in its territorial application to the United States.

**IT IS FURTHER ORDERED** that for the patent claims only this injunction is limited in length to the terms of the '788 and '416 patent.

Dated this 1st day of July, 2024.

Honorable Steven P. Logan
United States District Judge