1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8    Top Brand, LLC, et al.,                    )    No.  CV-21-00597-PHX-SPL
                                                 )
9                                                )
                        Plaintiffs,              )    **ORDER**
10   vs.                                         )
                                                 )
11                                               )
12   Cozy Comfort Company, LLC, et al.,          )
                                                 )
13                      Defendants.              )
                                                 )
14   _____         )

15        Before the Court is Plaintiffs' Motion to Stay Enforcement of Judgment (Doc. 442),

16   Defendants' Response in Opposition (Doc. 444), and Plaintiffs' Reply (Doc. 447), as well

17   as Defendants' related Motion to Certify Judgment for Registration in Central District of

18   California (Doc. 441) and Motion for Discovery (Doc. 443), Plaintiffs' Response (Doc.

19   448), and Defendants' Reply (Doc. 450). The Court now rules as follows.

20        **I.    BACKGROUND**

21        On October 11, 2021, Plaintiffs filed a Third Amended Complaint against

22   Defendants Cozy Comfort Company, LLC, et al., alleging patent and trademark

23   infringement, along with Illinois state law unfair competition claims. (Doc. 122).

24   Defendants Answered on October 25, 2021, filing multiple counterclaims regarding the

25   same intellectual property in dispute. (Doc. 128). On April 26, 2024, following a three-

26   week jury trial, judgment was entered in favor of Defendants. (Doc. 378). The jury found

27   that Plaintiffs infringed on Defendants' exclusive possession of the '788 and '416 patents,

28   awarding $15,394,978.00 and $1.00 respectively. (*Id*.). The jury similarly found for

Defendants regarding the '347 and '456 trademarks, awarding $1,539,497.80 for each. (*Id.*). Finally, the jury found that Defendants engaged in unlawful unfair competition under Illinois State Law and awarded $596,520.00 to Plaintiffs, but the Court later vacated that award post-trial on motion by Defendants. (Doc. 414). A Second Amended Judgment was entered in the case on July 30, 2024, after Defendants were awarded pre-judgment and post-judgment interest. (Docs. 436, 437). Defendants were ultimately awarded damages in an amount totaling $21,440,390.10. (Doc. 437).

On July 31, 2024, Plaintiffs filed their Notice of Appeal to the Federal Circuit. (Doc. 438). On September 30, 2024, Defendants filed their Motion to Certify Judgment for Registration in the Central District of California (Doc. 441), in which they requested this Court certify the judgment for registration in that district to allow Defendants to seek satisfaction of their judgment against Plaintiffs' California assets. Subsequently, on October 16, 2024, Plaintiffs filed the instant Motion to Stay Enforcement of Judgment under Federal Rule of Civil Procedure ("Rule") 62(b), which would stay execution of the Court's monetary judgment pending the resolution of Plaintiffs' appeal provided that Plaintiffs post a supersedeas bond. (Doc. 442). On October 30, 2024, Defendants moved for post-judgment discovery to assess Plaintiffs' "financial conditions, their assets, and their ability to secure bonds or pay the amounts awarded in the final judgment." (Doc. 443 at 2).

In short, Defendants are seeking to enforce their $21 million monetary judgment against Plaintiffs, while Plaintiffs are seeking to put off execution of that judgment—which they claim to lack the financial capacity to fulfill—in hopes that they will prevail on appeal.

## II.   <u>LEGAL STANDARD</u>

"Filing a notice of appeal typically divests district courts of jurisdiction over the matter appealed." *FTC v. Qyk Brands, LLC*, 2022 U.S. Dist. LEXIS 129205, at *4 (C.D. Cal. June 21, 2022) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). However, under Federal Rule of Appellate Procedure 8, parties "must ordinarily move *first* in the district court" for "a stay of the judgment or order of a district court

pending appeal" or "approval of a bond or other security provided to obtain a stay of judgment." Fed. R. App. P. 8(a)(1) (emphasis added). Rule 62(b) outlines the procedure for a party to obtain a stay "[a]t any time after judgment is entered" by posting a supersedeas bond. Fed. R. Civ. P. 62(b). The bond protects the prevailing party "from the risk of a later uncollectible judgment and compensates [them] for delay in the entry of final judgment." *N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). "District courts have inherent discretionary authority in setting supersedeas bonds." *Rachel v. Banana Republic*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). Where posting a supersedeas bond in the full amount of judgment would impose an undue financial burden on an appellant, the Court may require the appellant to post a supersedeas bond of a lesser amount. *See, e.g.*, *Lowery v. Rhapsody Int'l, Inc.*, 2022 WL 267442, at *2 (N.D. Cal. Jan. 28, 2022). However, the "defendant bears the burden for why it should not have to post a full security bond." *Nat'l Grange of the Order of Patrons of Husbandry v. Cal. Guild*, 2019 U.S. Dist. LEXIS 77185, at *6 (E.D. Cal. May 7, 2019) (citing *Poplar Grove Planting & Refining Company v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)).

As other district courts in this Circuit have observed, the Ninth Circuit has applied two different factor tests in considering unbonded stays of judgment pending appeal. *Ivanov v. Fitness Elite Training Ctr., Inc.*, 2023 U.S. Dist. LEXIS 227079, at *4 (D. Idaho Dec. 19, 2023); *Burris v. JPMorgan Chase & Co.*, 2022 WL 3285441, at *3 (D. Ariz. Aug. 11, 2022). Some courts have recognized that the four-factor *Hilton* test is applicable to appeals involving injunctive relief under Rule 62(d), whereas the five-factor *Dillon* test is better suited to staying a monetary judgment under Rule 62(b). *See Ivanov*, 2023 U.S. Dist. LEXIS 227079, at *5; *Pac. Rim Land Dev. v. Imperial Pac. Int'l Cnmi*, 2020 U.S. Dist. LEXIS 138935, at *5–6 (D. N. Mar. I. June 4, 2020) (collecting cases); *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (setting forth *Hilton* factors); *Dillon v. Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988) (setting forth *Dillon* factors).

The five *Dillon* factors, which courts apply when determining whether to waive the supersedeas bond requirement, are as follows: "(1) the complexity of the collection

process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether 'the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money'; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." *Dillon*, 866 F.2d at 904–05 (citations omitted).

### III.    ANALYSIS

#### A. Proposed Supersedeas Bond

Here, Plaintiffs seek to post a bond of no greater than $1 million, which they contend represents the maximum amount they are able to secure against the nearly $22 million judgment without seeking bankruptcy relief. (Doc. 442 at 1–2). Although their initial Motion (Doc. 442) applies the *Hilton*, rather than the *Dillon*, factors, their Reply brief (Doc. 447) cursorily argues that even under the *Dillon* factors, the Court should find for Plaintiffs. (Doc. 447 at 7–8). As to the first two factors, Plaintiffs simply state that "the complexity of the collection process and amount of time required to collect depends on whether the Court will allow Top Brand to post a reduced appeal bond. If not, Top Brand will likely be forced to declare bankruptcy . . . ." (*Id.*). As to the third and fourth factors, Plaintiffs state that "Top Brand does *not* have the availability of funds to pay the full amount of judgment, nor is its ability to pay the judgment so plain that the cost of a bond would be a waste of money." (*Id.* at 8 (emphasis in original)). However, they argue that these factors "are trumped by factor (5), which weighs in favor of parties facing serious financial hurdles like insolvency and bankruptcy." (*Id.*). In essence, Plaintiffs' *only* argument that they should be allowed to post a bond for less than the full amount of judgment is that they lack the requisite assets to do so, and the only evidence they provide to support that contention is an affidavit from John Ngan stating that "[a] bond higher than [$1 million] will require the Top Brand Companies, and myself personally, to file for bankruptcy." (Doc. 442-1 at 4).

In *Ivanov*, the defendants sought a stay on a monetary judgment of nearly $2.3 million by posting a cash security deposit of $300,000 with the court. *Ivanov*, 2023 U.S.

4

Dist. LEXIS 227079, at *5. The court evaluated the *Dillon* factors and found that (1) the defendants offered little evidentiary support that the five *Dillon* factors had been satisfied, and (2) "the proposed cash amount of $300,000.00 falls woefully short of an amount that would indemnify Plaintiff against the risk of being unable to collect the judgment, particularly in light of the size of the judgment amount and the post-judgment interest that will continue to accrue." *Id.* at *7–8. So too here.

Given that the primary purpose of the supersedeas bond is to protect a prevailing party's right to collect on a judgment, *see N.L.R.B.*, 859 F.2d at 819, numerous courts have found that a defendant's financial instability actually weighs in favor of a bond requirement. *SEC v. Beasley*, 2024 U.S. Dist. LEXIS 49217, at *11–12 (D. Nev. Mar. 19, 2024) (collecting cases). "This is especially true where, as it is in this case, the amount due is large." *Id.* at *12; *see also, e.g.*, *Burris*, 2022 WL 3285441, at *3 (finding that a plaintiff's inability to pay the existing award "undermines, rather than supports, his stay request"). Additionally, where a party has failed to state that it has any other creditors the Court should consider and has failed to explain how a supersedeas bond requirement would affect those creditors, this also weighs against allowing a party to post a reduced bond. *Clark v. Hidden Valley Lake Ass'n*, 2018 U.S. Dist. LEXIS 89404, at *8–9 (N.D. Cal. May 29, 2018); *cf. Clark v. Hidden Valley Lake Ass'n*, 2018 U.S. Dist. LEXIS 89404, at *8–9 (N.D. Cal. May 29, 2018) (waiver of the bond requirement may be appropriate where it would put other creditors in jeopardy). Plaintiffs argue that if they were forced to declare bankruptcy, Defendants "would be relegated to the role of an unsecured creditor, with the lowest of priority as the bankruptcy estates' debts are settled." (Doc. 442-2 at 3). However, Plaintiffs fail to provide any information regarding existing debts or creditors who would supersede Defendants in priority.

Accordingly, this Court finds that Plaintiffs have failed to meet their burden to show why a supersedeas bond representing less than 5% of the total judgment should be allowed, and it agrees with Defendants that such a bond would not adequately protect their rights pending appeal. *See Pac. Rim Land Dev.*, 2020 U.S. Dist. LEXIS 138935, at *8–9. At this

5

time, the Court will not grant Plaintiffs a stay of execution at the requested $1 million bond amount.

### B. Post-Judgment Discovery

Under Rule 69(a)(2), "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). "The scope of post-judgment discovery under Rule 69(a)(2) is very broad," but such discovery "must be relevant to the existence or transfer of a judgment debtor's assets." *United States v. Dillon*, 2023 U.S. Dist. LEXIS 178538, at *4–5 (D. Idaho Oct. 2, 2023); *see also, e.g.*, *Crews v. Sun Sols. AZ LLC*, 2024 U.S. Dist. LEXIS 161328, at *5 (D. Ariz. Sep. 9, 2024).

Defendants' Motion for Discovery (Doc. 443) seeks various responsive documents as well as an authorized representative available for deposition regarding those documents. (Doc. 443 at 6). Plaintiffs argue that the requested discovery regarding the assets of non-parties, such as John Ngan's wife, are inappropriate. (Doc. 448 at 4). However, the case law in this Circuit is clear that post-judgment discovery is permitted against third parties, including third-party spouses, "so long as it is aimed at uncovering information about the judgment debtor's financial affairs." *Dillon*, 2023 U.S. Dist. LEXIS 178538, at *5. Plaintiffs also argue that Defendants' Motion for Discovery fails to satisfy Local Rule 7.2's meet-and-confer requirements, even though "Top Brand would have agreed to some post-judgment discovery without the need for motion practice." (Doc. 448 at 3).

The Court will strike Defendants' Motion for Discovery (Doc. 443) for failure to comply with Local Rule 7.2(j). However, the Court is confident that the parties, all of whom are represented by experienced counsel, are capable of meeting and conferring to agree on some post-judgment discovery before requesting this Court's further intervention, as Top Brand has already represented it is willing to do.

///

///

6

### C.  Registration in the Central District of California

Finally, this Court will address Defendants' Motion to Certify Judgment for Registration in Central District of California (Doc. 441), in which they request that this Court order the issuance of a certified judgment in this case to allow Defendants to enforce the judgment against Plaintiffs' California assets, some of which were shown to exist at trial. (Doc. 441 at 2–4) (citing trial exhibits including bank statements and tax returns). Under 28 U.S.C. § 1963, "A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." "Good cause" is generally found where there is "an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham*, *Inc.*, 259 F.3d 1186, 1197–98 (9th Cir. 2001) (citation omitted). Defendants contend—and Plaintiffs do not dispute—that "Plaintiffs do not own property in Arizona." (Doc. 441 at 3). However, the trial exhibits indicate that Plaintiffs do own various assets within the Central District of California, which may be further supported by the post-judgment discovery Top Brand has indicated it will provide (Doc. 448 at 3). This constitutes good cause for the Court to certify its judgment for registration in the Central District.

Ultimately, Plaintiffs' ongoing appeal in the Federal Circuit does not, and cannot, divest Defendants of their right to seek enforcement of the judgment, and that judgment is appropriately stayed only where Plaintiffs can post a supersedeas bond in amount that protects Defendants' right to relief. Because Plaintiffs have not made the requisite showing that a $1 million bond, representing only a fraction of the $21 million judgment, is warranted under these circumstances, Defendants must be allowed to proceed with discovery, certification, and enforcement of the judgment in accordance with the Federal Rules of Civil Procedure.

///

1  Accordingly,

2  **IT IS ORDERED** that Plaintiffs' Motion to Stay Enforcement of Judgment (Doc.

3  442) is **denied**.

4  **IT IS FURTHER ORDERED** that Defendants' Motion for Discovery (Doc. 443)

5  is **stricken** for failure to comply with the local rules.

6  **IT IS FURTHER ORDERED** that Defendants' Motion to Certify Judgment for

7  Registration in Central District of California (Doc. 441) is **granted**. The Clerk of Court

8  shall issue a certification of the Second Amended Judgment entered by this Court on July

9  30, 2024 (Doc. 437) in a format acceptable for registration in the United States District

10  Court for the Central District of California.

11  Dated this 3rd day of December, 2024.

12

13

14  Honorable Steven P. Logan

15  United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28