**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Top Brand, LLC, et al.,

              Plaintiffs,

vs.

Cozy Comfort Company, LLC, et al.,

              Defendants.

No.  CV-21-00597-PHX-SPL

**ORDER**

Before the Court is Defendant Cozy Comfort Company LLC's ("Cozy Comfort's") Motion for Contempt and Sanctions for Violating Permanent Injunction (Doc. 446), Plaintiffs Top Brand Companies and Mr. John Ngan's ("Top Brand's") Response in Opposition (Doc. 449), and Cozy Comfort's Reply (Doc. 451).

## I.    BACKGROUND

On April 26, 2024, after a three-week jury trial, this Court entered judgment in favor of Cozy Comfort as to various claims related to patent infringement. (Docs. 378, 384, 415). The Court later granted Cozy Comfort's Motion for Permanent Injunction (Doc. 395), permanently enjoining Plaintiff Mr. John Ngan "on his own or through his companies, including his agents, servants, employees, and attorneys, and any other person or entity, acting in active concert with him or under his direction" from "advertising, marketing, and using the word 'Comfy' in connection with the infringing product lines HD100, HD100S1, HD110, HD120, HD200, HD201, HD210, and HD250; and . . . importing, advertising, offering for sale, or selling the infringing product lines HD100, HD100S1, HD110, HD120,

HD200, HD201, HD210, and HD250." (Doc. 428 at 7).

On October 31, 2024, Cozy Comfort brought the instant Motion, alleging that Mr. Ngan is "willfully violating the permanent injunction" by continuing to sell "at least the HD100S1 and HD200 product lines found to be infringing by the Court." (Doc. 446 at 3). In Response, Top Brand argues that it "took immediate, decisive, and appropriate steps to comply with the Court's injunction," that Cozy Comfort lacks clear and convincing evidence to support a finding of contempt, and that the Motion should therefore be denied. (Doc. 449 at 2–3).

## II.    LEGAL STANDARD

"It is a fundamental principle that federal district courts have the inherent power to enforce compliance with their orders through civil contempt." *Paige, LLC v. Shop Paige LLC*, 2024 WL 4436887, at *2 (C.D. Cal. Sept. 16, 2024) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). Parties may be held in contempt when they fail to take "all reasonable steps within their power to insure compliance" with a court's order. *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 404 (9th Cir. 1976). To prevail on a motion for civil contempt, a movant must show "(1) that [the alleged contemnor] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).

Civil contempt may be punished by sanctions. "[T]he purpose of civil sanctions is to 'coerce' compliance with a court order or to 'compensate' the aggrieved party for sustained losses." *Oracle USA, Inc. v. Rimini St., Inc.*, 81 F.4th 843, 858 (9th Cir. 2023). "[T]here is no good faith exception to the requirement of obedience to a court order," but "'substantial compliance' with the court order is a defense to civil contempt, and is not vitiated by 'a few technical violations' where every reasonable effort has been made to comply." *In re Dual-Deck*, 10 F.3d at 695 (quoting *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 892 (9th Cir. 1982)).

///

### III.    DISCUSSION

Cozy Comfort brought the instant Motion after ordering two products through one of Top Brand's Amazon.com E-stores, "EStarPlus," on August 2, 2024. (Doc. 446 at 5–7). It alleges that the first product "was advertised as being a slightly modified, (through the addition of a flap of fabric at the top of the pocket) but substantially similar version [of] the HD200 product which was found to infringe," and the second product "did not even pretend to have been modified" from the HD100S1 product that was found to infringe. (*Id.*). When the physical products arrived, Cozy Comfort found that the products shipped were an HD200 and an HD100S1 with no modifications. (*Id.* at 6, 8). This was purportedly confirmed by the internal tags of the products, which listed the infringing stock keeping unit ("SKU") product lines. (*Id.* at 6–9). Cozy Comfort argues that "[t]he sale of HD200 and HD100S1 products through this EStarPlus directly violates the Court's Permanent Injunction which prohibits the sale of those products," and it therefore seeks a contempt order and sanctions.

In response, Top Brand argues that it has taken all reasonable steps to comply with the Court's injunction. (Doc. 449 at 2). It explains that Top Brand uses Amazon's "Fulfillment by Amazon" ("FBA") platform to facilitate sales to Amazon customers. (*Id.* at 4–5). The FBA program allows companies to send their products to Amazon's fulfillment centers, at which point the items are available for customers to buy through a company's Amazon storefront. (*Id.* at 5). Amazon handles packing, shipping, and order returns. (*Id.*). Top Brand states that on July 2, 2024, the day after the Court entered the permanent injunction, Mr. Ngan sent an email instructing Yen-Hung (Nick) Lin, a manager who is "responsible for coordinating with Amazon regarding Amazon's FBA inventory," to "immediately stop any and all importation." (*Id.*; Doc. 449-1 at 24). That same day, "Mr. Lin used the Amazon Seller Central website to close the Amazon listings for the HD product lines, and instructed Amazon to return all remaining FBA inventory of the HD product lines." (Doc. 449 at 6). The last day that Top Brand sent any infringing HD

products to Amazon was July 1, 2024, the same day the injunction issued.[1]

To explain how Cozy Comfort could have ended up with the infringing products, Top Brand notes that it "does not have full control over non-party Amazon," and that returns of the remaining HD product line inventory "have come back to Top Brand at different times from Amazon's different FBA locations." (Doc. 449 at 6). However, to ensure compliance with the injunction, Top Brand has continuously initiated "Manual Removal" orders, and "whenever Amazon shows any product in the HD product lines in Amazon's FBA inventory (such as from a customer return), Top Brand immediately issues another 'Seller-initiated Manual Removal' order to Amazon." (*Id.* at 6–7). Between July 2 and November 1, 2024, Top Brand initiated 133 Manual Removal orders. (*Id.* at 7). Top Brand attests that it "has not imported, advertised, offered for sale, or sold any of the returned HD products," and that when it receives returns of such products, "it places and maintains the units in locked containers in a secure warehouse." (*Id.* at 7). Finally, it states that "the only products that are currently available for sale on Amazon are Top Brand's OSH product lines, which are not listed in this Court's permanent injunction order and have never been even accused of infringement." (*Id.* at 8).

Ultimately, Top Brand contends that "Cozy Comfort's allegations at most—*at most*—suggest that non-party Amazon—not Top Brand—mistakenly sent two HD units to Cozy Comfort's lawyers, when Cozy Comfort ordered two of Top Brand's new OSH products, about a month after Top Brand asked Amazon to return all FBA inventory of the HD product lines and modified the Amazon product listings." (*Id.* at 10 (emphasis in

---

[1] Cozy Comfort argues that among Top Brand's alleged failures to comply with the injunction, it ought to have "contact[ed] the shipping company that had only just picked up these products, and have the company **turn around** back to Plaintiffs' warehouse." (Doc. 451 at 3 (emphasis in original)). However, Cozy Comfort fails to provide this Court with clear and convincing evidence that such a step would be reasonable. Given that it is unclear (1) what time the shipping company picked up the products on July 1 in relation to the time this Court dropped its Order (Doc. 428), (2) how long it may have taken Mr. Ngan's lawyers to communicate the substance of that Order to him, and (3) the degree of control Mr. Ngan and the Top Brand companies would have had over a third-party shipping company's movements, Cozy Comfort's contention that Top Brand could have and should have had the shipping company simply "turn around" is baseless and irrelevant.

original)). In its Reply, Cozy Comfort more broadly accuses Plaintiffs of a "long-held practice of intentionally circumventing Amazon takedowns whenever they get caught selling infringing goods" by using the same listing numbers under different storefronts. (Doc. 451 at 2). These allegations, while concerning, are not supported by the clear and convincing evidence required to find Top Brand in contempt of this Court's July 1 injunction (Doc. 428). Based on the parties' briefings, it is plausible that Cozy Comfort receiving products from the enjoined 'HD' product lines was simply the mistake of a non-party, Amazon; furthermore, Top Brand has made a showing that it has taken efforts to substantially comply with this Court's injunction by removing its HD product listings and continuously monitoring the status of HD product returns. At this juncture, therefore, contempt and sanctions against Top Brand and Mr. Ngan are not warranted.

Accordingly,

**IT IS ORDERED** that Defendant Cozy Comfort Company LLC's Motion for Contempt and Sanctions for Violating Permanent Injunction (Doc. 446) is **denied**.

Dated this 28th day of January, 2025.

Honorable Steven P. Logan
United States District Judge

5