IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Top Brand, LLC, et al., | No. CV-21-00597-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| Cozy Comfort Company, LLC, et al., | |
| Defendants. | |

Before the Court are Top Brand, LLC, et al.'s ("Plaintiffs") Motion for Attorneys' Fees (Doc. 462), Cozy Comfort Company, LLC, et al.'s ("Defendants") Response (Doc. 464) and Objection (Doc. 465), and Plaintiffs' Reply (Doc. 466). The Court rules as follows.[1]

**I.   BACKGROUND**

On October 11, 2021, Plaintiffs filed a Third Amended Complaint against Defendants Cozy Comfort Company, LLC, et al., alleging patent and trademark infringement, along with Illinois state law unfair competition claims. (Doc. 122.) Defendants Answered on October 25, 2021, filing multiple counterclaims regarding the same intellectual property in dispute. (Doc. 128.) On April 26, 2024, following a three-week jury trial, judgment was entered in favor of Defendants. (Doc. 378.) The jury found

---
[1]   Because it would not assist in resolution of the instant issues, the Court finds the pending motions are suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

that Plaintiffs infringed on Defendants' exclusive possession of the '788 and '416 patents, awarding $15,394,978.00 and $1.00 respectively. (*Id*.) The jury similarly found for Defendants regarding the '347 and '456 trademarks, awarding $1,539,497.80 for each. (*Id*.) Finally, the jury found that Defendants engaged in unlawful unfair competition under Illinois State Law and awarded $596,520.00 to Plaintiffs, but the Court later vacated that award post-trial on Motion by Defendants. (Doc. 414.)

After trial, Plaintiffs filed a Renewed Motion for Judgment as a Matter of Law ("JMOL"), asking the Court to grant JMOL on noninfringement of the '788 design patent and the trademarks. (Doc. 406.) The Court denied the Motion, explaining that "reasonable minds could differ" about the evidence supporting the infringement verdicts. (Doc. 426 at 3.) On July 31, 2024, Plaintiffs filed a notice of appeal to the Federal Circuit. (Doc. 438.) In a decision dated July 17, 2025, the Federal Circuit reversed, finding that Plaintiffs were entitled to JMOL on noninfringement of the '788 patent and the trademarks. (Doc. 460 at 28.) The Federal Circuit determined that "principles of prosecution history disclaimer apply to design patents" and, "[u]nder the correct construction of the D788 patent," a reasonable jury could not find infringement. (*Id.* at 2, 19.) The appellate court also held that there was not substantial evidence supporting trademark infringement. (*Id.* at 23–28.) It reasoned that Defendants' marks for "THE COMFY" were only entitled to weak protection, Plaintiffs did not use a similar mark as a source identifier, and there was not substantial evidence of actual confusion. (*Id.* at 23–28.) After the Federal Circuit Mandate issued, Plaintiffs filed the instant Motion for Attorneys' Fees, asking the Court to award $3,367,130.55 in fees. (Doc. 462 at 14.)

## II.     LEGAL STANDARD

In patent and trademark infringement actions, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285; *see also* 15 U.S.C. § 1117(a). "A case is not exceptional solely because one party did not prevail." *FireBlok IP Holdings, LLC v. Hilti, Inc.*, 855 F. App'x 735, 739 (Fed. Cir. 2021). The legislative purpose of the fee-shifting provision in § 285 of the Patent Act is to prevent "gross

2

injustice," not punish a party for losing or penalize a party for failing to win a patent infringement lawsuit. *Munchkin, Inc. v. Luv n' Care, Ltd.*, 960 F.3d 1373, 1378 (Fed. Cir. 2020) (citations omitted). As the Supreme Court has explained:

> An "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014) ("*Octane*"). The Supreme Court noted that in making this determination, district courts may consider several non-exclusive factors, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id*. at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). "[A] district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id*. at 555. "[A] case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id*. Parties seeking attorney fees have the burden of establishing the case is exceptional by a preponderance of the evidence. *Id*. at 557–58. "[T]here is no precise rule or formula" for determining whether to award attorney's fees, "but instead equitable discretion should be exercised in light of the [above] considerations." *Id*. at 554 (citing *Fogerty*, 510 U.S. at 534).

**III.   DISCUSSION**

Plaintiffs ask the Court to deem this case exceptional "based solely on the substantive weakness of Cozy Comfort's litigating position, considering the absence of supporting law *and* supporting facts, as the Federal Circuit's decision has now forcefully

demonstrated." (Doc. 462 at 11.) Plaintiffs also argue that Defendants' conduct throughout the litigation as well as post-judgment and bankruptcy proceedings further shows that the case is exceptional. (*Id.* at 3.) To this end, Plaintiffs highlight several equitable considerations, including that Defendants accused Mr. Ngan of lying under oath, and through collection efforts, "forc[ed] the Top Brand companies—and Mr. John Ngan personally—to invoke the protections of the Bankruptcy Code." (*Id.*) Though Plaintiffs ask the Court to account for the harms they suffered because of the now-reversed judgment, the crux of the argument is that Defendants' patent and trademark infringement claims were exceptionally weak. (*Id.* at 14.)

**A. Substantive Strength of the Claims**

Defendants' litigation position does not make this case exceptional. "[E]xceptionally meritless claims" may warrant fee awards. *Octane*, 572 U.S. at 555. Moreover, "fee awards are not to be used 'as a penalty for failure to win a patent infringement suit.'" *Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prods., Inc.*, 790 F.3d 1369, 1373 (Fed. Cir. 2015) (quoting *Octane*, 572 U.S. at 548). "[T]he mere fact that the losing party made a losing argument is not a relevant consideration; rather, the focus must be on arguments that were frivolous or made in bad faith." *Pac. Coast Bldg. Prods., Inc. v. CertainTeed Gypsum, Inc.*, No. 18-CV-00346-LHK, 2021 WL 75755, at *3 (N.D. Cal. Jan. 7, 2021) (internal quotations and citation omitted); *see also Gametek LLC v. Zynga, Inc.*, No. CV 13-2546 RS, 2014 WL 4351414, at *3 (N.D. Cal. Sept. 2, 2014) (denying a motion for attorneys' fees when the patent infringement claims did not "descend to the level of frivolousness or objective unreasonableness").

Plaintiffs argue the Federal Circuit's decision shows that Defendants' claims "never had any factual or legal strength." (Doc. 462 at 14.) But the Federal Circuit's decision that JMOL should have been awarded to Plaintiffs does not mean that Defendants' litigation position stands out as exceptionally meritless with respect to either the patent infringement or trademark infringement claims.

First, Defendants' patent infringement claim was ultimately unsuccessful—but it

4

was not frivolous or unreasonable. The Federal Circuit determined that this Court erred by declining to construe the design patent based on the prosecution history disclaimer. (Doc. 460 at 11.) Throughout the litigation, Plaintiffs argued "that the prosecution history of the design patents—in particular, the '788 patent—narrows the scope of Defendants' design claims" and asked for a verbal limiting construction of the claim. (Doc. 265 at 17.) This Court rejected Plaintiffs' claim construction in its *Markman* order (Doc. 182 at 24–33) and at summary judgment. (Doc. 265 at 17–19.) In the *Markman* order, the Court noted that precedent cautioned against verbal constructions of design patent claims. (Doc. 182 at 24, 32–33.) Ultimately the Court declined to adopt Plaintiffs' verbal construction based on the prosecution history and instructed the jury to "compar[e] the accused products to the design defined in the '788 patent." (Doc. 379 at 16.)

The Federal Circuit reversed the denial of JMOL on as to noninfringement of the '788 patent in favor of Plaintiffs. In doing so, the Federal Circuit established "that a patentee may surrender claim scope of a design patent by its representations to the Patent Office during prosecution." (Doc. 460 at 10.) The appellate court then assessed infringement in light of the correct claim construction and determined that, without reliance on the features that were disclaimed during prosecution, an ordinary observer could not find infringement. (*Id.* at 14–19.) But this principal was not settled when Defendants brought their counterclaims. The Federal Circuit's determination that the claim construction should have accounted for the prosecution history disclaimer does not mean that Defendants' litigation position was unreasonable. As the Federal Circuit noted in its decision, "claim scope is a legal question." (*Id.* at 19.) The fact that Defendants' legal arguments as to claim scope, and therefore infringement, were ultimately losing ones does not mean that they were meritless. Defendants' claims regarding patent infringement do not warrant the exceptional award of attorneys' fees.

Neither were Defendants' trademark infringement claims so meritless as to warrant fees. Defendants alleged that Plaintiffs infringed on the mark "THE COMFY," "primarily pointing to the use of the word 'Comfy' on a Top Brand-run website." (Doc. 460 at 20.)

After trial, the jury found that Plaintiffs infringed the trademarks. (Doc. 378 at 11, 13.) On appeal, the Federal Circuit reversed, finding that the infringement verdict was not supported by substantial evidence. (Doc. 460 at 20.) The Federal Circuit assessed infringement in light of the *Sleekcraft*[2] factors, noting that the parties' arguments focused on the strength of the protected mark, the similarity of the marks, and actual consumer confusion. (*Id.* at 23.) The Federal Circuit determined that Defendants' "THE COMFY" marks were only entitled to weak protection because the "dominant part of the mark, 'comfy,'" is highly descriptive of the blanket throws. (*Id.* at 23–24.) The appellate court also found that there was not enough evidence to support a finding of similarity between the marks because Plaintiffs used the word "comfy" to describe the product, rather than as a source identifier. (*Id.* at 25–26.) Finally, the Federal Circuit and found that there was not substantial evidence of likelihood of confusion. (*Id.* at 27.) To show confusion, Defendants presented evidence of a comment on one of Plaintiffs' Amazon listings questioning whether product was "the real brand 'comfy,'" along with four answers provided by third parties. (*Id.* at 26–27.) The Federal Circuit found that two of the comments arguably show consumer confusion, but Defendants did not show that Plaintiffs caused the confusion. (*Id.*) The Federal Circuit emphasized that the question and two answers on the Amazon webpage were not enough to show substantial, rather than *de minimus*, confusion. (*Id.*)

Considering the governing law and facts, Defendants' claims of trademark infringement were not objectively unreasonable. *Octane*, 572 U.S. at 554. In assessing the likelihood of consumer confusion, there was evidence weighing on both sides of the factors test. Though the Federal Circuit's weighing of the factors led it to determine that a reasonable jury could not have found trademark infringement, the Court does not find that Defendants' claim was so exceptionally baseless or frivolous as to warrant attorneys' fees. *See Sophia & Chloe, Inc. v. Brighton Collectibles, Inc.*, 12-CV-2472-AJB-KSC, 2019 WL 1429588, at *8 (S.D. Cal. Mar. 29, 2019) ("Even in cases where a plaintiff failed to produce

---

[2]   *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979).

any evidence, the Ninth Circuit has upheld a finding the case was not exceptional and denying attorney's fees because it found the case was not frivolous and raised debatable issues.") (citing *Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 973 (9th Cir. 2007)). Although the Federal Circuit awarded JMOL to Plaintiffs on patent and trademark noninfringement, this case does not stand out from others with respect to Defendants' litigation position.

### B. Manner of Litigation

Having found that Defendants' litigation position was not exceptionally weak, the Court will turn to Defendants' litigation conduct. Plaintiffs do not ask the Court to award attorneys fees based on Defendants' manner of litigation alone. (Doc. 462 at 12 ("Top Brand does not here principally rely on Cozy Comfort's litigation conduct to show that this is an 'exceptional case' under 35 U.S.C. § 285 and 15 U.S.C. § 1117(a)").) Instead, Plaintiffs argue that Defendants' conduct, and the fact that Plaintiffs endured years of litigation, allegations of misconduct, and "an unnecessary bankruptcy," all underscore the exceptional nature of this case. (*Id.*) As the Court highlighted in its July 2, 2024 Order denying Defendants' Motion for Attorneys' Fees, this case has been highly contentious. (Doc. 430 at 3.) The Court further noted that the parties engaged in hard-ball tactics from the start, and those tactics certainly continued through the post-judgment proceedings. The Court must evaluate the parties' litigation conduct under the totality of the circumstances. *Octane*, 572 U.S. at 554.

Plaintiffs describe the difficulties imposed on the companies and Mr. Ngan due to the jury verdict and the hardships of declaring bankruptcy. (Doc. 462 at 7–9.) But the fact that Plaintiffs "had to seek the protections of the federal bankruptcy laws" (*id.* at 8) does not mean that Defendants' manner of litigation was unreasonable.[3] Plaintiffs also highlight an additional Complaint that Defendants filed against Mr. Ngan and his companies, as well

---

[3] In their Response, Defendants counter that "Plaintiffs chose to file bankruptcy on their own volition for the sole purpose of stalling the collection activity." (Doc. 464 at 8.) The Court does not find bad faith on either side.

as against his wife, his sister, and his sister's husband. (*Id.* at 8.) Defendants explain they sued Mr. Ngan's sister because she also runs the company Star Marketing International, which Defendants allege sells similarly infringing products, and sued the spouses to access community property as required by Arizona law. (Doc. 464 at 9, n.3.) Finally, Plaintiffs suggest that Defendant's Motion for Sanctions and Contempt shows that Defendants' manner of litigating was unreasonable. (*Id.*) In its Order denying Defendant Cozy Comfort's Motion for Contempt and Sanctions for Violating the Permanent Injunction, the Court noted that the allegations were "concerning" but were not supported by clear and convincing evidence allowing a finding of contempt. (Doc. 453.) These instances do not show one side's exceptional misconduct; rather, they reflect the parties' litigation styles and tactics in this case.

Though Mr. Ngan and his companies certainly suffered hardships after the verdict was entered against them, those difficulties do not render this case exceptional. All in all, "[t]he case was hard fought and contentious" and "heavily litigated," but neither side engaged in conduct that is so unreasonable as to make this case exceptional. *See Taction Tech., Inc. v. Apple Inc.*, 21-CV-812 TWR (JLB), 2023 WL 6988420, at *4 (S.D. Cal. Oct. 17, 2023) (determining that a case was not exceptional under § 285 even though it was heavily litigated, hard fought, and contentious). Under the totality of the circumstances, Defendants' manner of litigation and the equitable considerations raised by Plaintiffs do not show that this case is exceptional.

**IV.    CONCLUSION**

Upon review of the entire record, the Court does not find this case to be so exceptional as to warrant attorneys' fees under 35 U.S.C. § 285. First, Defendants' litigation position was not so substantively weak as to allow Plaintiffs to recover over $3 million in fees. Though Plaintiffs' arguments regarding claim construction prevailed on appeal, Defendants' claims were not unreasonable. Indeed, the Federal Circuit's decision in this case articulated new law. In addition, though the Federal Circuit also held that JMOL should have been awarded on noninfringement of the trademarks, Defendants' claims were

not so objectively unreasonable that they stand out from others. *See Octane*, 572 U.S. at 554. Finally, the entire course of litigation and post-judgment proceedings was contentious, and Defendants' manner of litigating was not exceptional. Therefore, the Court will deny Plaintiffs' Motion for Attorneys' Fees.

Accordingly,

**IT IS ORDERED** Plaintiffs' Motion for Attorneys' Fees Under 35 U.S.C. § 285 and 15 U.S.C. § 1117(a) (Doc. 462) is **denied**.

Dated this 17th day of December, 2025.

Honorable Steven P. Logan
United States District Judge